DORSEY & WHITNEY LLP
Jeremy T. Elman (SBN 223696)
elman.jeremy@dorsey.com
305 Lytton Avenue
Palo Alto, CA 94301
Telephone: (650) 857-1717
Facsimile: (650) 857-1288

Jessica L. Linehan (SBN 223569)
linehan.jessica@dorsey.com
600 Anton Boulevard, Suite 2000
Costa Mesa, CA 92626
Telephone: (714) 800-1400
Facsimile: (714) 800-1499

Attorneys for Plaintiff
CARL ZEISS MEDITEC, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL ZEISS MEDITEC, INC.,<br><br>Plaintiff,<br><br>v.<br><br>TOPCON MEDICAL SYSTEMS, INC., TOPCON HEALTHCARE SOLUTIONS, INC., TOBIAS KURZKE, GREG HOFFMEYER, GENEVIEVE FAY, KATALIN SPENCER, KEITH BROCK, CHARLES GUIBORD, JR., JOSEPH CICCANESI, MELISSA GOEKE, AND DOES 1-50,<br><br>Defendants. | **Case No. 3:19-cv-04162**<br><br>**CARL ZEISS MEDITEC, INC.'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL PURSUANT TO CIVIL LOCAL RULE 7-11**<br><br>**Hearing:**<br>**Date:**      August 30, 2019<br>**Time:**      9:30 a.m.<br>**Location:**  San Francisco Courthouse<br>            Courtroom G - 15th Floor<br>            450 Golden Gate Avenue<br>            San Francisco, CA 94102 |

Plaintiff Carl Zeiss Meditec, Inc. ("CZMI"), pursuant to Civil Local Rule 7-11 hereby moves for an Order directing that portions of Exhibits A-H and the entirety of Exhibit I to the Declaration of Anita Burton be filed under seal, to be filed concurrently. Those portions (the "Confidential Material") have been redacted from the exhibits pending the Court's ruling on this motion.

For competitive and other reasons, CZMI has maintained the confidentiality of the information sought to be filed under seal in support of CZMI's Motion for Preliminary Injunction,

-1-
ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL

Exhibits A-I to the Declaration of Anita Burton.  Exhibits A-H consist of certain employment and confidentiality agreements between CZMI and former employees who are defendants in this matter.  These agreements protect CZMI from the misappropriation of trade secrets and confidential information, and therefore reveal, in part, how CZMI protects its trade secrets, and accordingly reference material that is protectable as a trade secret or otherwise entitled to protection under the law ("sealable") in various portions of these documents for purposes of Rule 79-5.  Exhibit I is a document that describes and references CZMI's trade secrets and confidential information, and forms a portion of the trade secrets that are the subject of this motion, and therefore is protectable as a trade secret or otherwise entitled to protection for purposes of Rule 79-5.  *See* Declaration of Jeremy T. Elman ("Elman Decl."), ¶ 3.

Public disclosure of the information would cause competitive harm to CZMI, as these documents describe trade secret and confidential information regarding CZMI's business, including but not limited to Exhibits A-H, which describe CZMI's relationships with its employees and ways in which trade secret and confidential information is protected by CZMI.  CZMI's competitive standing, and its ability to recruit and retain employees, would be harmed if these documents were disclosed publicly, and CZMI may be unable to prevent public disclosure of materials shared with its employees in strict confidence.  Disclosure of Exhibit I specifically would risk disclosure of the trade secrets that are at the heart of this entire dispute.  Elman Decl., ¶ 4.

A party has "compelling reasons" to seal information in a filing when disclosure of that information would "release trade secrets," *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006), or when the material would disclose "sources of business information that might harm a litigant's competitive standing," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).  CZMI meets this standard for Exhibits A-I, and is therefore requesting to file under seal portions of Exhibits A-H and the entirety of Exhibit I under seal.  Elman Decl., ¶ 5.

The proposed order specifically reflecting the proposed redactions of the Confidential Material is narrowly tailored and described pursuant to Local Rule 79-5(d)(1)(b).  It addresses only information which, if disclosed, would be commercially harmful to CZMI.

DATED:  July 24, 2019                    DORSEY & WHITNEY LLP

By: */s/ Jeremy T. Elman*
JEREMY T. ELMAN

Attorneys for Plaintiff
CARL ZEISS MEDITEC, INC.