JASON A. GELLER (SBN 168149)
E-Mail: jgeller@fisherphillips.com
JUAN C. ARANEDA (SBN 213041)
E-Mail: jaraneda@fisherphillips.com
BAILEY K. BIFOSS (SBN 278392)
E-Mail: bbifoss@fisherphillips.com
BRANDON K. KAHOUSH (SBN 311560)
E-Mail: bkahoush@fisherphillips.com
**FISHER & PHILLIPS LLP**
One Embarcadero Center, Suite 2050
San Francisco, California 94111
Telephone: (415) 490-9000
Facsimile: (415) 490-9001

Attorneys for Defendants
TOPCON MEDICAL SYSTEMS, INC. and
TOPCON HEALTHCARE SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – OAKLAND COURTHOUSE

| | |
|---|---|
| CARL ZEISS MEDITEC, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>TOPCON MEDICAL SYSTEMS, INC., TOPCON HEALTHCARE SOLUTIONS, INC., TOBIAS KURZKE, GREG HOFFMEYER, GENEVIEVE FAY, KATALIN SPENCER, KEITH BROCK, CHARLES GUIBORD, JR., JOSEPH CICCANESI, MELISSA GOEKE, AND DOES 1-50,<br><br>Defendants. | Case No. 4:19-cv-04162 SBA<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PURSUANT TO CIVIL LOCAL RULE 7-11**<br><br>Date: September 11, 2019<br>Time: 2:00 p.m.<br>Place: Oakland Courthouse<br>Before: Hon. Saundra Brown Armstrong<br><br>Action Filed: July 19, 2019<br>Trial Date: None Set |

Pursuant to Northern District of California Local Rule 7-11(b), Defendants Topcon Medical Systems, Inc. and Topcon Healthcare Solutions, Inc. (collectively referred to as "Topcon") hereby oppose the Motion to Seal with respect to Exhibit I to the Declaration of Anita

1
MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO  CASE NO. 4:19-CV-04162 SBA
PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL

FPDOCS 35872821.8

Burton of Plaintiff Carl Zeiss Meditec, Inc. ("Plaintiff").[1] Plaintiff has not shown a compelling reason to support its Motion to Seal, and therefore the Court should deny it.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

This action arises from Plaintiff's allegation that its former employees misappropriated its trade secrets by working for its competitor, Topcon. In support of its Motion for Preliminary Injunction, Plaintiff filed Exhibit I to the declaration of its Vice President of Human Resources, Anita Burton, under seal. Exhibit I is a February 2019 email thread among Topcon employees, and discusses a presentation given by Plaintiff's Head of Global Diagnostics, Angelo Rago, at an industry symposium. Said another way, the information discussed in Exhibit I is based on information Topcon employees learned of in an open forum during Mr. Rago's public presentation.

Plaintiff's Motion to Seal fails to identify how the content of this email thread is a trade secret. Indeed, the email thread does not include any software, source code, data, formula, specifications, drawings, workflows, screenshots, mockups, product road maps, application notes, or any other information that would traditionally qualify for trade secret protection. Further, absent a showing that the email thread contains a trade secret, Plaintiff also fails to provide any compelling reason to support sealing it. No harm would flow from disclosing the contents of the email thread because there is no confidential information or trade secrets in it that would undermine Plaintiff's competitive advantage. Therefore, Topcon respectfully requests that this Court deny Plaintiff's Motion to Seal.

## II. LEGAL ARGUMENT

A party must show a compelling reason supporting a motion to seal. (*See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).) Under this stringent standard, a

---

[1] While Topcon's opposition does not address Exhibits A-H of Plaintiff's Motion to Seal, Topcon does not support sealing the redacted portions of those Exhibits. Exhibits A-H contain form Employment Agreements, and Plaintiff does not provide any compelling reason for sealing the redacted portions of those Employment Agreements.

2
MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO       CASE NO. 4:19-CV-04162 SBA
PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL

FPDOCS 35872821.8

court may seal records only when it finds "a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." (*Id*. at 1178-79.) The court must then "conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain records secret." (*Id*. (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).) That which constitutes a "compelling reason" is "best left to the sound discretion of the trial court." (*Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016) (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 599 (1978)).) Examples of "compelling reasons" to seal a document include those instances when a court record might otherwise be used to "gratify private spite or promote public scandal" or "as sources of business information that might harm a litigant's competitive standing." (*Id.*)

Here, there is no compelling reason to seal Exhibit I. In conclusory fashion, Plaintiff vaguely describes Exhibit I as purportedly containing Plaintiff's "trade secrets" and "confidential information." However, Exhibit I is an email thread among Topcon employees discussing public information that was presented by Plaintiff's Head of Global Diagnostics, Angelo Rago, at an industry symposium on February 21, 2019. The email does not discuss any trade secrets or confidential information of Plaintiff's but, rather, simply provides an opinion about the contents of Mr. Rago's public presentation. This email does not contain protected information and should not be sealed.

An email thread discussing publicly known information presented *by Plaintiff* at an industry symposium cannot possibly be used as a vehicle for improper purposes. If made public, the contents of Exhibit I would not harm Plaintiff's competitive standing, because Plaintiff already voluntarily disclosed it to the public, and, in any case, the email does not contain any proprietary processes or techniques developed by Plaintiff. If the Court seals Exhibit I, Topcon would be prejudiced in opposing Plaintiff's Motion for Preliminary Injunction, which is based on the alleged "trade secrets" discussed in the e-mail.

///

///

///

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO        CASE NO. 4:19-CV-04162 SBA
PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL

FPDOCS 35872821.8

## III. CONCLUSION

For the reasons explained above, Topcon respectfully requests that the Court deny Plaintiff's Motion to Seal. A Proposed Order granting the requested relief is submitted herewith.

Dated: August 1, 2019

Respectfully submitted,

FISHER & PHILLIPS LLP

By: */s/ Jason A. Geller*
JASON A. GELLER
BAILEY K. BIFOSS
BRANDON K. KAHOUSH
Attorneys for Defendants
TOPCON MEDICAL SYSTEMS, INC.; and
TOPCON HEALTHCARE SOLUTIONS, INC.

4
MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO  CASE NO. 4:19-CV-04162 SBA
PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL

FPDOCS 35872821.8