JASON A. GELLER, SBN 168149
E-Mail: jgeller@fisherphillips.com
JUAN C. ARANEDA, SBN 213041
E-Mail: jaraneda@fisherphillips.com
BAILEY K. BIFOSS, SBN 278392
E-Mail: bbifoss@fisherphillips.com
BRANDON K. KAHOUSH, SBN 311560
E-Mail: bkahoush@fisherphillips.com
FISHER & PHILLIPS LLP
One Embarcadero Center, Suite 2050
San Francisco, California 94111
Telephone: (415) 490-9000
Facsimile: (415) 490-9001

Attorneys for Defendants
TOPCON MEDICAL SYSTEMS, INC.;
TOPCON HEALTHCARE SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – OAKLAND COURTHOUSE

| | |
|---|---|
| CARL ZEISS MEDITEC, INC., <br><br> Plaintiff, <br><br> vs. <br><br> TOPCON MEDICAL SYSTEMS, INC., TOPCON HEALTHCARE SOLUTIONS, INC., TOBIAS KURZKE, GREG HOFFMEYER, GENEVIEVE FAY, KATALIN SPENCER, KEITH BROCK, CHARLES GUIBORD, JR., JOSEPH CICCANESI, MELISSA GOEKE, AND DOES 1-50, <br><br> Defendants. | Case No. 4:19-cv-04162-SBA <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS TOPCON HEALTHCARE SOLUTIONS, INC. AND TOPCON MEDICAL SYSTEMS, INC.'S MOTION TO DISMISS** <br><br><br> Date: October 9, 2019 <br> Time: 2:00 p.m. <br> Location: 1301 Clay Street <br> Oakland, CA 94612 |

## NOTICE OF MOTION AND MOTION

NOTICE IS HEREBY GIVEN that on October 9, 2019, at 2:00 p.m., or as soon thereafter as counsel may be heard in the above-entitled Court located at 1301 Clay Street, Oakland, CA 94612, Defendants Topcon Medical Systems, Inc. and Topcon Healthcare Systems, Inc. ("Topcon") will and hereby do move this Court to dismiss Plaintiff Carl Zeiss Meditec Inc.'s ("CZMI") Complaint for failure to state a cause of action pursuant to Federal Rule of Civil Procedure 12(b)(6) as follows:

1. CZMI's First, Second, and Third Causes of Action for trade secret misappropriation should be dismissed because CZMI's Complaint fails to sufficiently identify its alleged trade secrets under the Defend Trade Secrets Act ("DTSA") and the California Uniform Trade Secrets Act ("CUTSA");

2. CZMI's First, Second, and Third Causes of Action for trade secret misappropriation should be dismissed because CZMI's Complaint fails to plead sufficient facts demonstrating Topcon's alleged misappropriation of CZMI's purported trade secrets under the DTSA and CUTSA;

3. CZMI's Fifth Cause of Action for tortious interference should be dismissed for failure to state sufficient facts in support thereof;

4. CZMI's Fifth Cause of Action for tortious interference should be dismissed because it is preempted by the CUTSA;

5. CZMI's Sixth Cause of Action for unfair competition should be dismissed for failure to state sufficient facts in support thereof; and

6. CZMI's Sixth Cause of Action for unfair competition should be dismissed because it is preempted by the CUTSA.

///
///
///
///
///

1

This motion is based upon this notice, the accompanying memorandum of points and authorities, the Declaration of Bailey K. Bifoss, and all papers and pleadings on file herein, and upon such matters as may be properly before the Court at the time of hearing.

Dated:  August 16, 2019

Respectfully submitted,

FISHER & PHILLIPS LLP

By:     /s/
JASON A. GELLER
BAILEY K. BIFOSS
BRANDON K. KAHOUSH
Attorneys for Defendants
TOPCON MEDICAL SYSTEMS, INC.;
TOPCON HEALTHCARE SOLUTIONS, INC.

2

# TABLE OF CONTENTS

I. INTRODUCTION & STATEMENT OF ISSUES ...........................................................1

II. STATEMENT OF RELEVANT ALLEGED FACTS ....................................................2

    A. Procedural Background ...................................................................................2

    B. CZMI Does Not Allege Facts Showing the Existence of a Trade Secret ..............3

    C. CZMI Does Not Allege Facts Showing that Topcon or the Topcon Employees Possess or Have Used CZMI Trade Secrets ........................................4

    D. CZMI's Circumstantial Allegations that Topcon Recruited Its Employees and Improperly Accessed CZMI's Trade Secrets Through Them Are Based on Mere Assumptions ...................................................................................5

    E. CZMI Has Refused to Voluntarily Amend Its Complaint to Plead More Specific Allegations ........................................................................................5

III. ARGUMENT .......................................................................................................6

    A. THIS COURT IS EMPOWERED TO DISMISS CLAIMS THAT ARE SUPPORTED BY ONLY CONCLUSORY ALLEGATIONS ...........................6

    B. THE COURT SHOULD DISMISS CZMI'S TRADE SECRET MISAPPROPRIATION CLAIMS BECAUSE CZMI DOES NOT PLEAD FACTS SHOWING THE EXISTENCE OR MISAPPROPRIATION OF A TRADE SECRET .................................................................................7

        1. CZMI Has Failed to Identify a Trade Secret with Sufficient Particularity ........................................................................................7

        2. CZMI Has Failed to Allege That Topcon Used Any of CZMI's Confidential Information or Trade Secrets..............................................9

    C. THE COURT SHOULD DISMISS CZMI'S TORTIOUS INTERFERENCE AND UNFAIR COMPETITION CLAIMS AS BEING PREEMPTED BY THE CUTSA ...................................................................12

    D. CZMI'S TORTIOUS INTERFERENCE AND UNFAIR COMPETITION CLAIMS ALSO FAIL FOR CZMI'S FAILURE TO PLEAD FACTS ............13

        1. CZMI Fails to Identify the Nature, Circumstances, or Consequences of the Alleged Economic Interference ...........................13

        2. CZMI Fails to Plead the Necessary Elements of its Unfair Competition Claim..................................................................................14

    E. THE COURT SHOULD DISMISS THE COMPLAINT *WITH PREJUDICE* BECAUSE CZMI'S FAILURE TO VOLUNTARILY AMEND THE COMPLAINT DEMONSTRATES ITS INABILITY TO STATE SUFFICIENT FACTS .......................................................................15

IV. CONCLUSION ...................................................................................................15

i

**Cases**

*AirDefense, Inc. v. AirTight Networks, Inc.*,
  2006 WL 2092053 (N.D. Cal. July 26, 2006)............................................................12

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................6, 14, 15

*Bayer Corp. v. Roche Molecular Sys., Inc.*,
  72 F.Supp.2d 1111 (N.D. Cal. 1999) ..............................................................10

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................6, 14, 15

*Brocade Communications Systems, Inc. v. A10 Networks, Inc.*,
  873 F.Supp.2d 1192 (N.D. Cal. 2012) ..............................................................10

*Burroughs Payment Sys., Inc. v. Symco Grp., Inc.*,
  2012 WL 1670163 (N.D. Cal. May 14, 2012) ....................................................7

*Buxton v. Eagle Test Sys., Inc.*,
  2010 WL 12400749 (N.D. Cal. Mar. 26, 2010) ................................................14

Citcon USA v. RiverPay,
  2018 WL 6813211 (N.D. Cal. Dec. 27, 2018) ..................................................9

*Cytodyn, Inc. v. Amerimmune Pharms., Inc.*,
  160 Cal.App.4th 288 (2008) ................................................................................7

*Daniels-Hall v. National Educ. Ass'n*,
  629 F.3d 992 (9th Cir. 2010) ..............................................................................6

*Digital Envoy, Inc. v. Google, Inc.*,
  370 F.Supp.2d 1025, 1035 (N.D. Cal. 2005) ....................................................1, 12

*Diodes, Inc. v. Franzen*,
  260 Cal.App.2d 244 (1968) ..............................................................................1, 7, 9

*Farhang v. Indian Inst. of Tech., Kharagpur*,
  2010 WL 2228936 (N.D. Cal. June 1, 2010) ....................................................7, 8

*Gabriel Techs. Corp. v. Qualcomm, Inc.*,
  2009 WL 3326631 (S.D. Cal. Sept. 3, 2009) ..................................................13

*GlobeSpan Inc. v. O'Neill*,
  151 F.Supp.2d 1229 (C.D. Cal. 2001) ..............................................................7

*In re Yahoo Mail Litig.*,
  7 F.Supp.3d 1016 (N.D. Cal. 2014)..................................................................3

*K.C. Mulitmedia, Inc. v. Bank of Am. Tech. & Operations, Inc.*,
  171 Cal.App.4th 939 (2009) ............................................................................12

*Knievel v. ESPN,*
   393 F.3d 1068 (9th Cir. 2005) ................................................................. 6

*Korea Supply Co. v. Lockheed Martin Corp.,*
   29 Cal.4th 1134 (2003) ........................................................................ 14

*Lippitt v. Raymond James Fin. Servs. Inc.,*
   340 F.3d 1033 (9th Cir. 2003) ............................................................... 14

*Pellerin v. Honeywell Intern., Inc,*
   877 F.Supp.2d 983 (S.D. Cal. 2012) ........................................... 7, 11, 12

Synopsys v. ATopTech,
   2013 WL 5770542 (N.D. Cal. Oct. 24, 2013) ........................................... 8

Top Agent Network v. Zillow,
   2015 WL 10435931 (N.D. Cal. Aug. 6, 2015) .......................................... 9

*TPS Utilicom Serv., Inc. v. AT&T Corp.,*
   223 F.Supp.2d 1089 (C.D. Cal. 2002) .................................................... 14

Vendavo v. Pricef(x) AG,
   2018 WL 1456697 (N.D. Cal. March 23, 2018) ....................................... 8

*WeRide Corp. v. Huang,*
   379 F.Supp.3d 834 (N.D. Cal. 2019) ...................................................... 13

**Rules**

Federal Rules of Civil Procedure, Rule 12(b)(6) ................................. passim

Federal Rules of Civil Procedure, Rule 8(a) ............................................... 6

Local Rule 7-4(a)(3) ................................................................................... 2

**Codes**

18 U.S.C. § 1836 ................................................................................ 1, 2, 7

Business and Professions Code § 17200 ..................................... 1, 2, 12, 14

Civil Code §§ 3426-3426.11 ............................................................... passim

iii

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION & STATEMENT OF ISSUES

On July 19, 2019, Plaintiff CARL ZEISS MEDITEC, INC. ("CZMI") filed suit against TOPCON MEDICAL SYSTEMS, INC. and TOPCON HEALTHCARE SYSTEMS ("Topcon"), as well as several of Topcon's employees, TOBIAS KURZKE, GREG HOFFMEYER, GENEVIEVE FAY, KATALIN SPENCER, TERRY KEITH BROCK, CHARLES GUIBORD, JR., JOSEPH CICCANESI, and MELISSA GOEKE (the "Topcon Employees"). CZMI's Complaint alleges claims for: (1) Trade Secret Misappropriation in Violation of the Federal Defend Trade Secrets Act ("DTSA"); (2) Aiding and Abetting Trade Secret Misappropriation in Violation of the DTSA; (3) Trade Secret Misappropriation in Violation of the California Uniform Trade Secrets Act ("CUTSA"); (4) Breach of Contract; (5) Tortious Interference with Prospective Economic Advantage; and (6) Unfair Competition in Violation of California Business and Professions Code § 17200.

However, this Court should dismiss CZMI's Complaint under Federal Rule of Civil Procedure 12(b)(6) because the Complaint does not set forth facts specifically identifying a single trade secret that has been wrongfully taken or used by Topcon or any of the Topcon Employees. Rather, CZMI asserts in broad, vague terms that its trade secrets are comprised of "***all of the documents*** that are used by CZMI's team that are not generally known that contribute to the commercialization of CZMI's ODx Products." Complaint, ¶ 49. This description is insufficient to put this Court and Topcon on notice of the alleged trade secrets giving rise to this litigation. *See Diodes, Inc. v. Franzen*, 260 Cal.App.2d 244, 253 (1968). CZMI's Complaint is similarly silent concerning the manner in which Topcon improperly acquired access to CZMI's alleged trade secrets and has used or is allegedly "poised" to use the alleged secrets. Complaint, ¶ 9. These deficiencies warrant the dismissal of CZMI's trade secret misappropriation claims.

CZMI's claims for tortious interference and unfair competition are similarly devoid of factual support and, in any event, are preempted by the California Uniform Trade Secrets Act. *See Digital Envoy, Inc. v. Google, Inc.*, 370 F.Supp.2d 1025, 1035 (N.D. Cal. 2005). Accordingly, those

claims must be dismissed as a matter of law.

Pursuant to Local Rule 7-4(a)(3), Topcon respectfully requests that the Court decide the following issues: (1) Whether CZMI's Complaint sufficiently identifies the trade secrets at issue in this litigation under the DTSA and CUTSA; (2) Whether CZMI's Complaint pleads sufficient facts demonstrating Topcon's alleged misappropriation of CZMI's purported trade secrets under the DTSA and CUTSA; (3) Whether CZMI's Complaint pleads sufficient facts in support of its tortious interference and unfair competition claims; (4) Whether CZMI's tortious interference claim is preempted by the CUTSA; and (5) Whether CZMI's unfair competition claim is preempted by the CUTSA. Topcon respectfully requests that this Court find in its favor with respect to the foregoing issues and GRANT this Motion to Dismiss in its entirety without leave to amend.

## II. STATEMENT OF RELEVANT ALLEGED FACTS

### A. Procedural Background

On July 19, 2019, CZMI filed suit against Topcon and the Topcon Employees, alleging claims for (1) Trade Secret Misappropriation in Violation of the DTSA (against all Defendants); (2) Aiding and Abetting Trade Secret Misappropriation in Violation of the DTSA (against all Defendants); (3) Trade Secret Misappropriation in Violation of the CUTSA (against all Defendants); (4) Breach of Contract (against the Topcon Employees[1]); (5) Tortious Interference with Prospective Economic Advantage (against all Defendants except Ms. Goeke); and (6) Unfair Competition in Violation of California Business and Professions Code § 17200 (against all Defendants). ECF No. 1. CZMI served Topcon with its Complaint on July 26, 2019. ECF Nos. 14-15.

Concurrently with its Complaint, CZMI filed a Motion for Preliminary Injunction against Defendants and an Administrative Motion to Seal portions of its Motion for Preliminary Injunction. ECF Nos. 8-9. Topcon opposed CZMI's Administrative Motion to Seal on August 1, 2019 and opposed CZMI's Motion for Preliminary Injunction on August 7, 2019. ECF Nos. 21, 27-28. The Topcon Employees joined Topcon's opposition to CZMI's Motion for Preliminary Injunction on

---

[1] CZMI alleges its Fourth Cause of Action for Breach of Contract against the Topcon Employees only. Therefore, that claim is not addressed by this motion.

August 8, 2019. ECF No. 29. CZMI's requests for relief are set to be heard on September 11, 2019.

## B.    CZMI Does Not Allege Facts Showing the Existence of a Trade Secret[2]

Despite its length, CZMI's Complaint fails to plead critical plausible facts in support of its trade secret misappropriation claims. Specifically, CZMI fails to plead precisely what trade secret(s) it alleges Topcon and/or Topcon's Employees have taken and used to their advantage. Instead, CZMI vaguely alleges that its "trade secrets include *various types of information* related to the development and commercialization of CZMI's ODx Products, including but not limited to, software, source code, data, formulas, specifications, drawings, workflows, screen shots, mockups, product road maps, requirements documents, application notes, and other information used for software development. *In general*, they consist of **all the documents** that are used by CZMI's team that are not generally known that contribute to the commercialization of CZMI's ODx Products." Complaint, ¶ 49 (emphasis added). Additionally, CZMI alleges that its "trade secrets also include *various types of information* related to the sales and marketing-related aspects of CZMI's ODx Products, including but not limited to business methods, marketing plans, customer lists, customer contact information, pricing guidelines (including margin data and other unique customer pricing information, such as discounts), historical purchasing information, customers' business needs, customers' preferences, and methods for attracting and retaining customers in this nice [sic] industry." Complaint, ¶ 50 (emphasis added).

Nowhere in the Complaint does CZMI specifically identify that information which comprises its "many" trade secrets, where that information appears in CZMI's various products, or even in which product that information allegedly appears. Complaint, ¶ 47. Although CZMI references FORUM, the ARI Network, Retina Workplace, Glaucoma Workplace, as well as multiple ODx devices in its Complaint, it offers neither Topcon nor the Court any insight into which combination of these products or others contain the alleged trade secrets giving rise to this

---

[2] Topcon denies the material allegations in CZMI's Complaint and only concedes their truth to the extent required for purposes of a motion under Federal Rule of Civil Procedure 12(b)(6). (*See In re Yahoo Mail Litig.*, 7 F.Supp.3d 1016, 1024 (N.D. Cal. 2014).)

3

litigation. Complaint, ¶¶ 41-50. Similarly, CZMI does not allege how the alleged information qualifies as a trade secret, whether the information is available through public sources, and what steps CZMI has taken to protect the confidentiality of the information. *Id.* at ¶ 47 (concluding without pleading facts demonstrating that reasonable measures were taken to protect the secrecy of CZMI's trade secrets). Having failed to identify which of CZMI's products contain the alleged trade secrets at issue here, CZMI similarly fails to allege where it expects those trade secrets to appear in the products that Topcon is allegedly "poised" to release. *Id.* at ¶ 9.

### C.    CZMI Does Not Allege Facts Showing that Topcon or the Topcon Employees Possess or Have Used CZMI Trade Secrets

CZMI also fails to plead plausible facts demonstrating that Topcon or Topcon's Employees have retained or used CZMI's purported trade secrets. In support of its claim that Topcon has used its trade secrets, CZMI alleges only the following facts:

- The Topcon Employees formerly worked for CZMI (Complaint, ¶ 74);
- Topcon promoted its new hires as being able to "'crack the code' of CZMI's dominance of the space for ODx products" (*Id.* at ¶ 81);
- CZMI intercepted an e-mail in which the Topcon Employees discussed CZMI products and marketing (*Id.* at ¶¶ 83-85);
- Mr. Kurzke presented an abstract which was critical of CZMI's product, Glaucoma Workplace, at the World Glaucoma Congress in March 2019 (*Id.* at ¶¶ 90-91.)

However, CZMI fails to explain how the foregoing innocuous allegations suggest that Topcon is misappropriating CZMI's trade secrets. Specifically, with respect to the e-mail, CZMI doubles down on its failure to identify its trade secrets and falls back on its boilerplate allegation that the e-mail "referred to CZMI's confidential and protected products, strategy, and marketing related to ODx products using SS-OCT data." Complaint, ¶ 82. However, CZMI does not explain the overlap that ostensibly exists between the e-mail and CZMI's allegedly confidential information. Without more, CZMI's allegation that the e-mail "refer[s] to CZMI's confidential and protected products" should be treated with skepticism by this Court, particularly considering

CZMI's acknowledgement that, in the e-mail, Ms. Fay analyzes a CZMI "*online* whitepaper *available on CZMI's website* regarding CZMI products." Complaint, ¶ 84.

**D.      CZMI's Circumstantial Allegations that Topcon Recruited Its Employees and Improperly Accessed CZMI's Trade Secrets Through Them Are Based on Mere Assumptions**

CZMI similarly pleads insufficient facts in support of its conclusion that Topcon engaged in a "significant and coordinated recruitment effort" to hire the Topcon Employees and thereby gain access to CZMI's confidential information and trade secrets. Complaint, ¶ 80. Instead, CZMI relies on speculation and assumptions, combined with the fact that seven employees resigned their employment with CZMI and moved to Topcon over the course of a year. Complaint, ¶¶ 77-79, 94. Although CZMI apparently found it "unusual for such a large group of employees involved with the same product group to leave for a single competitor in such a short span …," CZMI provides no details regarding Topcon's alleged recruitment efforts. Complaint, ¶ 72. CZMI does not allege any facts regarding the way Topcon allegedly targeted the Topcon Employees, who recruited them, when they were recruited, or what was said in the recruitment efforts.

CZMI also suggests, without outright alleging or pleading facts in support thereof, that the Topcon Employees improperly accessed CZMI's trade secrets and transferred those secrets to Topcon. *See* Complaint, ¶¶ 80-81, 95-96. However, CZMI's Complaint is silent as to the way the Topcon Employees allegedly gained or retained access to CZMI's trade secrets or shared that information with Topcon. Also absent from the Complaint are any facts regarding the way that Topcon is allegedly using or planning to use CZMI's trade secrets in the products it is "poised to release." Complaint, ¶ 9.

**E.      CZMI Has Refused to Voluntarily Amend Its Complaint to Plead More Specific Allegations**

On August 13, 2019, Topcon's counsel met and conferred with CZMI's counsel regarding the foregoing deficiencies in CZMI's Complaint. Declaration of Bailey Bifoss ("Bifoss Decl."), ¶ 2, Ex. 1. Specifically, Topcon detailed the factual allegations missing from CZMI's Complaint

and asked that CZMI confirm its willingness to voluntarily amend its Complaint by 5:00 p.m. on August 14, 2019. *Id.* at Ex. 1. As of the date of the filing of this motion, CZMI has declined to amend its Complaint. *Id.* at ¶ 3.

## III.  ARGUMENT

### A. THIS COURT IS EMPOWERED TO DISMISS CLAIMS THAT ARE SUPPORTED BY ONLY CONCLUSORY ALLEGATIONS

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), CZMI must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In the face of a Rule 12(b)(6) motion to dismiss, conclusory assertions unsupported by facts and a "formulaic recitation of the elements of a cause of action" will not shield a complaint from dismissal. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff is obligated to provide more than the "sheer possibility" that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678. To that end, Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotations omitted). The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." *Id.* at 556-57. A complaint falls short of Rule 8(a) and may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

In considering a motion to dismiss for failure to state a claim, the court accepts all material facts alleged in the complaint as true and construes them in the light most favorable to the plaintiff. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). However, the court need not accept a plaintiff's contradictory allegations, allegations contradicted by exhibits attached to the complaint, unwarranted deductions of fact, or unreasonable reference. *See Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). CZMI need not plead evidence in support of its Complaint. However, CZMI's failure to plead facts demonstrating its ability to prove the elements of its claims is fatal to those claims.

6

## B. THE COURT SHOULD DISMISS CZMI'S TRADE SECRET MISAPPROPRIATION CLAIMS BECAUSE CZMI DOES NOT PLEAD FACTS SHOWING THE EXISTENCE OR MISAPPROPRIATION OF A TRADE SECRET

To state a claim under the California Uniform Trade Secret Act ("CUTSA") and the federal Defend Trade Secret Act ("DTSA"), CZMI must demonstrate (1) the existence of a trade secret, (2) the misappropriation of a trade secret, and (3) that Topcon's actions damaged CZMI. *Cytodyn, Inc. v. Amerimmune Pharms., Inc.*, 160 Cal.App.4th 288, 297 (2008); *GlobeSpan Inc. v. O'Neill*, 151 F.Supp.2d 1229, 1235 (C.D. Cal. 2001). Here, CZMI's Complaint fails to allege the existence of a trade secret with the requisite degree of specificity and does not provide any allegations of misappropriation that rise above mere speculation. Therefore, the Court should dismiss CZMI's trade secret claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

### 1. CZMI Has Failed to Identify a Trade Secret with Sufficient Particularity

To successfully state a claim for trade secret misappropriation, a plaintiff must "describe the subject matter of the trade secret with sufficient particularity to separate it from matters of general knowledge in the trade … to permit the defendant to ascertain at least the boundaries within which the secret lies." *Farhang v. Indian Inst. of Tech., Kharagpur*, 2010 WL 2228936, at *12 (N.D. Cal. June 1, 2010), *citing Diodes, Inc. v. Franzen*, 260 Cal.App.2d 244, 253 (1968). The complaint need not "spell out the details of the trade secret." However, before Topcon can be compelled to respond to a complaint of misappropriation, CZMI must identify its trade secret with sufficient particularity to give Topcon "reasonable notice of the issues which must be met at the time of trial and to give reasonable guidance on ascertaining the scope of appropriate discovery." *Id.* In satisfying this standard, CZMI must "not only identify the end product manufactured, but also supply sufficient data concerning the process." *Diodes,* 260 Cal.App.2d at 253; *see also Imax Corp. v. Cinema Techs., Inc.*, 152 F.3d 1161, 1164-65 (9th Cir. 1998); *Pellerin v. Honeywell Intern., Inc.*, 877 F.Supp.2d 983, 998 fn. 1 (S.D. Cal. 2012); *Burroughs Payment Sys., Inc. v. Symco Grp., Inc.*, 2012 WL 1670163, at *14 &n. 7 (N.D. Cal. May 14, 2012).

California courts routinely dismiss trade secret misappropriation claims that fail to describe the purported trade secrets with sufficient particularity. For example, in *Synopsys v. ATopTech*, this Court dismissed plaintiff's trade secret claim due to the absence of facts demonstrating the existence of a trade secret. As CZMI does here, the plaintiff in *Synopsys* described its alleged trade secrets as generally "**relat[ing] to**" plaintiff's products and "**includ[ing]** … proprietary input and output format, scripts, and technical product documentation." 2013 WL 5770542, at \*6 (N.D. Cal. Oct. 24, 2013); *compare* Complaint, ¶ 49 (trade secrets "**include** various types of information **related to** … CZMI's ODx Products, **including but not limited to … data …[and] documents** …."). Based on this description, the Court concluded that plaintiff's allegations were too vague to determine "where trade secret protection begins and ends" and too vague to survive a motion to dismiss. *Id.* In *Farhang v. Indian Institute of Technology*, the Court rejected plaintiff's contention that it had sufficiently alleged that defendant misappropriated its "**business models** and implementations." 2010 WL 2228936, at \*14 (N.D. Cal. June 1, 2010); *compare* Complaint, ¶ 50 ("**business models**"). The Court in *Vendavo v. Price f(x) AG* analyzed a plaintiff's claim that its trade secrets included "**information related to the development of its price-optimization software**," and dismissed the claim on the grounds that the allegations were too broad. 2018 WL 1456697, at \*4 (N.D. Cal. March 23, 2018); *compare* Complaint, ¶ 49 ("various types of **information related to the development** and commercialization of CZMI's ODx Products").

In stark contrast, plaintiff in *Top Agent Network v. Zillow* (having had their original complaint rejected for failing to properly allege the existence of trade secrets), properly identified their trade secrets as that information shared with Zillow in slides distributed at a particular meeting, specifically including "internal metrics concerning client engagement, market penetration, members' use of information on [Top Agent Network's ("TAN")] private web pages, and the size of its homebuyer secondary market; the frequency with which members in different markets open their emails; the percentage of home sales made by TAN member agents in three geographic areas and member statistics from those markets; and market research survey results indicating how clients specifically use TAN in advancing their business. 2015 WL 10435931 at \*3

(N.D. Cal. Aug. 6, 2015). Similarly, plaintiff in *Citcon USA v. RiverPay* properly alleged its trade secrets by identifying (1) without naming them, the specific algorithms defendant was alleged to have taken; (2) the hardware and software design of specific devices; (3) client contact information as well as other identifying client information; and (4) details about every transaction plaintiff processed on behalf of its clients. 2018 WL 6813211, at *4 (N.D. Cal. Dec. 27, 2018).

CZMI's allegations are, in fact, *more* conclusory than those that have recently been rejected by this Court and stand in contrast to the level of specificity exemplified by *Top Agent Network* and *Citcon*. CZMI contends that its trade secrets include various unspecified "software, source code, data, formulas, specifications, drawings, workflows, screen shots, mockups, product road maps, requirements documents, application notes, and other information used for software development." Complaint, ¶ 49. CZMI also contends that ***all*** documents used by "CZMI's team" and that contribute to the commercialization of CZMI's products are trade secrets. Based on these nonspecific allegations, neither the Court nor Topcon can identify what "data," what "formulas," what "screenshots," what "documents," and what information CZMI potentially contends are its trade secrets. Based on these boilerplate allegations, Topcon cannot even identify the product or products that CZMI contends are at issue and is deprived of the opportunity to specifically refute any of CZMI's claims (for example by describing the way its products are different).

Besides simply being labeled a trade secret by CZMI, there are no facts suggesting how or why any of the foregoing information is proprietary. More particularity is needed to separate CZMI's alleged trade secret information from other information that is "general knowledge in the trade or of special knowledge of those persons who are skilled in the trade," *Diodes*, 260 Cal.App.2d at 253. Accordingly, because CZMI has failed to plead sufficient facts demonstrating the existence of a trade secret, CZMI's trade secrets claims should be dismissed.

### 2. CZMI Has Failed to Allege That Topcon Used Any of CZMI's Confidential Information or Trade Secrets

CZMI's trade secret claims also fail because CZMI has not alleged sufficient facts to show that Topcon actually misappropriated any of its alleged trade secrets. To have misappropriated

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

CASE NO. 4:19-CV-04162 SBA

FPDOCS 35900172.18

CZMI's trade secrets, Topcon must have acquired, disclosed, or used CZMI's trade secret through "improper means," including "theft, bribery, misrepresentation, breach or inducement of a breach of a duty to maintain secrecy, or espionage." *Brocade Communications Systems, Inc. v. A10 Networks, Inc.*, 873 F.Supp.2d 1192, 1212 (N.D. Cal. 2012) (internal citations omitted). Here, in support of its legal conclusion that Topcon misappropriated trade secrets, CZMI alleges only that the Topcon Employees formerly worked for CZMI (Complaint, ¶¶ 11, 74); that Topcon promoted its new hires as being able to "'crack the code' of CZMI's dominance of the space for ODx products" (*Id.* at ¶ 81); that CZMI intercepted an e-mail in which the Topcon Employees discussed CZMI products and marketing (*Id.* at ¶¶ 83-85); and that Mr. Kurzke presented an abstract which was critical of CZMI's product, Glaucoma Workplace, at the World Glaucoma Congress in March 2019 (*Id.* at ¶¶ 90-91). However, none of these allegations are supported by facts which allow for the plausible conclusion that Topcon has misappropriated CZMI's trade secrets.

*First*, CZMI cannot rely on the Topcon Employees' resignation from CZMI as support for its conclusion that Topcon misappropriated CZMI's trade secrets because California courts do not recognize the inevitable disclosure doctrine. Under the inevitable disclosure doctrine, "a plaintiff may prove a claim of threatened trade secret misappropriation by demonstrating that a former employee's new employment will inevitably lead him to rely on plaintiff's trade secret." *Bayer Corp. v. Roche Molecular Sys., Inc.*, 72 F.Supp.2d 1111, 1120 (N.D. Cal. 1999). Here, CZMI invokes the inevitable disclosure doctrine with the allegation that, since April 2018, Topcon has been continuously hiring CZMI's employees "to misappropriate CZMI's valuable intellectual property to develop competing ODx products." Complaint, ¶ 74. However, the inevitable disclosure doctrine is inconsistent with California's strong public policy favoring employee mobility. Therefore, "California trade-secrets law does not recognize the theory of inevitable disclosure" and CZMI cannot use the Topcon Employees' departure as a fact in support of its claim for misappropriation. *Id.*

*Second*, neither the "crack the code" comment, the e-mail, nor the abstract constitute facts demonstrating that Topcon, in fact, misappropriated CZMI's trade secrets. Indeed, CZMI does not

even suggest that either the "crack the code" comment or the abstract contained any of CMZI's trade secrets. Complaint, ¶¶ 81, 90-91. Further, CZMI does not identify the trade secret or confidential information allegedly discussed in the e-mail. To the contrary, CZMI acknowledges that the e-mail contains an analysis of a CZMI "***online*** whitepaper ***available on CZMI's website*** regarding CZMI products." *Id.* at ¶ 84.

Conspicuously absent from CZMI's Complaint are any facts plausibly demonstrating the way that Topcon allegedly misappropriated any of CZMI's trade secrets. Again, CZMI does not plead facts describing how the Topcon Employees allegedly accessed its trade secrets and transmitted those secrets to Topcon. CZMI does not plead facts demonstrating what Topcon has done with CZMI's trade secrets, or what Topcon allegedly plans to do with the trade secrets. Absent these facts, CZMI cannot plausibly demonstrate that it can prove the elements of its misappropriation claims.

CZMI's allegations with regard to Topcon's supposed misappropriation are like those that the Court declared insufficient in *Pellerin v. Honeywell International*, 877 F.Supp.2d 983 (S.D. Cal. 2012). There, plaintiff and cross-defendant, Dennis Pellerin, worked at Honeywell manufacturing earplugs for 23 years, had access to Honeywell's trade secrets and confidential information, and signed an employment agreement that prohibited him from disclosing any confidential information or trade secrets. *Id.* at 986-87. After Pellerin went to work for Honeywell's competitor, Radians, Honeywell sent a letter articulating its belief that Radians hired Pellerin to establish a competing earplug product. *Id.* at 987. Five months later, Honeywell sued Radians and Pellerin and produced "patents, patent applications, academic publications, handwritten notes, and invoices and other communications with third-party vendors," ostensibly demonstrating that Pellerin and Radians developed a product that competed with Honeywell. *Id.*

In *Pellerin*, as is the case here, the mere allegation that the former employee had access to trade secret information was insufficient to properly plead misappropriation. *Id.* at 989. There, as here, the former employee's new employment and the former employer's speculative theories regarding various documents were insufficient to properly plead misappropriation. *Id.* As was the

case in *Pellerin*, CZMI does not allege any facts in support of the legal conclusion that Topcon acquired, used, or intends to use any of CZMI's trade secrets. *Id.* at 989-90 (the standard on a motion to dismiss is "whether [the plaintiff] has pled enough facts raising a plausible claim that [the defendant] misappropriated those trade secrets."). The similarities between CZMI's allegations and those present in *Pellerin* compel the same result and this Court should dismiss CZMI's trade secret claims for failure to plead facts demonstrating misappropriation.

## C. THE COURT SHOULD DISMISS CZMI'S TORTIOUS INTERFERENCE AND UNFAIR COMPETITION CLAIMS AS BEING PREEMPTED BY THE CUTSA

CZMI's Fifth Cause of Action for Tortious Interference with Prospective Economic Advantage and Sixth Cause of Action for Unfair Competition should also be dismissed because they are preempted by the CUTSA. The Northern District of California has previously held that the CUTSA "preempts" common law claims that are "based on the same nucleus of facts as the misappropriation of trade secrets claim for relief." *Digital Envoy, Inc. v. Google, Inc.*, 370 F.Supp.2d 1025, 1035 (N.D. Cal. 2005) (unfair competition and unjust enrichment). Statutory unfair competition and tortious interference claims are also preempted by the CUTSA. *See AirDefense, Inc. v. AirTight Networks, Inc.*, 2006 WL 2092053 (N.D. Cal. July 26, 2006) (statutory and common law unfair competition, intentional interference with contractual relations, and unjust enrichment); *K.C. Mulitmedia, Inc. v. Bank of Am. Tech. & Operations, Inc.*, 171 Cal.App.4th 939, 954 (2009) (Section 17200 claim).

With respect to CZMI's tortious interference claim, there is no material distinction between the wrongdoing alleged there and the wrongdoing alleged in the CUTSA claim. The allegations CZMI makes in support of its tortious interference claim are the same allegations CZMI makes in support of its CUTSA claim. Complaint, ¶¶ 144-145, 151-153. CZMI alleges in both its CUTSA claim and its tortious interference claim that Topcon has misappropriated its trade secrets by hiring employees to "crack [CZMI's] code." *Compare* Complaint, ¶ 81 *with* ¶ 145. Also, CZMI's allegation that Topcon is intentionally interfering with CZMI's customers by disclosing CZMI's trade secrets is identical to its allegation that Topcon misappropriated CZMI's

trade secrets to develop a competing product. *Compare* Complaint, ¶ 9 *with* ¶ 146; ¶ 17 *with* ¶ 146; ¶ 74 *with* ¶ 146; ¶ 93 *with* ¶ 146. Additionally, CZMI relies on its allegation that the Topcon Employees are using their knowledge of specific customer lists, marketing plans, product information, and sales methods in support of both its CUTSA claim and its tortious interference claim. *Compare* Complaint ¶ 144 *with* ¶¶ 8, 11, 15. As such, the Court should dismiss CZMI's tortious interference claim as a repackaged version of the trade secret misappropriation allegations.

CZMI's unfair competition claim similarly fails. This claim is based on CZMI's allegation that Topcon and the Topcon Employees are involved in a scheme to poach key CZMI employees to "develop competing products." *Compare* Complaint, ¶ 81 *with* ¶ 152; ¶ 81 *with* ¶ 153. However, based on these allegations, CZMI's unfair competition claim is "no more than a restatement of the same operative facts supporting trade secret misappropriation."[3] *Gabriel Techs. Corp. v. Qualcomm, Inc.*, 2009 WL 3326631, at *35 (S.D. Cal. Sept. 3, 2009). Given the clear uniformity between the allegations on which the CUTSA, tortious interference, and unfair competition claims are based, CZMI's Fifth and Sixth Causes of Action should be dismissed, *without leave to amend*.

### D. CZMI'S TORTIOUS INTERFERENCE AND UNFAIR COMPETITION CLAIMS ALSO FAIL FOR CZMI'S FAILURE TO PLEAD FACTS

#### 1. CZMI Fails to Identify the Nature, Circumstances, or Consequences of the Alleged Economic Interference

As CZMI's causes of action for tortious interference and unfair competition are derivative of its causes of action for trade secret misappropriation, these claims also fail even apart from CUTSA preemption. In support of its tortious interference claim, CZMI is required to plead facts evidencing (1) a contract or economic relationship between it and a third party with the probability of future economic benefit to CZMI; (2) Topcon's knowledge of the relationship; (3)

---

[3] To the extent CZMI alleges that this claim is based on the Topcon Employees' violation of their agreements to not solicit any CZMI employees, that argument is unavailing because the agreements at issue are unenforceable. *See WeRide Corp. v. Huang*, 379 F.Supp.3d 834, 851-852 (N.D. Cal. 2019).

intentional acts by Topcon designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm proximately caused by Topcon. *See Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1153 (2003).

Here, CZMI concludes that it has "contracts and economic relationships with its customers," and that Topcon and the Topcon Employees interfered with those relationships by using their knowledge of CZMI's trade secrets "to communicate with CZMI's customers and potential customers." Complaint, ¶¶ 142, 145. However, CZMI fails to plead facts identifying the customers that Topcon has allegedly communicated with. *See Buxton v. Eagle Test Sys., Inc.*, 2010 WL 12400749, *1 (N.D. Cal. Mar. 26, 2010) (granting motion to dismiss where plaintiff failed to allege "specific economic relationships with identified third parties"); *TPS Utilicom Serv., Inc. v. AT&T Corp.*, 223 F.Supp.2d 1089, 1106-07 (C.D. Cal. 2002). CZMI similarly fails to allege facts regarding the way in which Topcon allegedly disrupted CMZI's business relationships or the consequences of the alleged disruption. CZMI's simplistic repetition of the elements of the claim without identifying any third-party relationships that were disrupted, the circumstances of the disruption, or the consequences of the disruption is exactly the type of conclusory pleading *Iqbal* and *Twombly* prohibit. For this reason, CZMI's claim for tortious interference should be dismissed.

> 2.     **CZMI Fails to Plead the Necessary Elements of its Unfair Competition Claim**

To properly a claim for unfair competition under Business & Professions Code section 17200, CZMI must plead facts demonstrating that Topcon engaged in either an (1) unlawful, unfair, or fraudulent business act or practice, or (2) unfair, deceptive, untrue, or misleading advertising. *Lippitt v. Raymond James Fin. Servs. Inc.*, 340 F.3d 1033, 1043 (9th Cir. 2003). Here, CZMI has not alleged any unlawful or unfair conduct by Topcon, other than alleged trade secret misappropriation, interference with prospective economic advantage, and the Topcon Employees' purported violation of the non-solicitation agreements. However, CZMI's interference with prospective economic advantage claim is preempted, CZMI has not alleged with specificity how

14

Topcon misappropriated its trade secrets, and the non-solicitation agreements are not enforceable. Therefore, CZMI's unfair competition claim should be dismissed.

**E. THE COURT SHOULD DISMISS THE COMPLAINT *WITH PREJUDICE* BECAUSE CZMI'S FAILURE TO VOLUNTARILY AMEND THE COMPLAINT DEMONSTRATES ITS INABILITY TO STATE SUFFICIENT FACTS**

CZMI's Complaint does nothing more than thinly recite the legal standard associated with its causes of action. Further, in many instances, the Complaint does not even accomplish that. Instead, CZMI sets forth conclusory statements that lack the factual content required by the United States Supreme Court decisions in both *Twombly*, 550 U.S. 544 and *Iqbal*, 556 U.S. 662. (*Iqbal*, 556 U.S. at 678 ("threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").) As such, CZMI has failed to give Topcon appropriate "fair notice" of the grounds on which its claims rest. (*Twombly*, 550 U.S. at 555.)

Topcon endeavored to avoid this motion practice and met and conferred with CZMI regarding the deficiencies in its Complaint on August 13, 2019. (Bifoss Decl., ¶ 2, Ex. 1.) However, CZMI refused to amend its Complaint. (*Id.*) CZMI's refusal to voluntarily amend the Complaint demonstrates that it is unable to state facts sufficient to assert a cause of action in accordance with the applicable pleading standard. Therefore, Topcon respectfully requests that the Court grant Topcon's Motion to Dismiss *with prejudice*.

**IV. CONCLUSION**

CZMI's Complaint does not satisfy federal pleading requirements. Therefore, for the foregoing reasons, Topcon respectfully requests that this Court dismiss all claims asserted against it in CZMI's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) *without leave* to amend.

Dated: August 16, 2019        Respectfully submitted,
FISHER & PHILLIPS LLP

By: _/s/_
JASON A. GELLER
BAILEY K. BIFOSS
BRANDON K. KAHOUSH
Attorneys for Defendants
TOPCON MEDICAL SYSTEMS, INC.; TOPCON HEALTHCARE
SOLUTIONS, INC.