1  JASON A. GELLER, SBN 168149
   E-Mail:  jgeller@fisherphillips.com
2  JUAN C. ARANEDA, SBN 213041
   E-Mail:  jaraneda@fisherphillips.com
3  BRANDON K. KAHOUSH, SBN 311560
   E-Mail:  bkahoush@fisherphillips.com
4  FISHER & PHILLIPS LLP
   One Embarcadero Center, Suite 2050
5  San Francisco, California 94111
   Telephone: (415) 490-9000
6  Facsimile: (415) 490-9001
7
8  Attorneys for Defendants
   TOPCON MEDICAL SYSTEMS, INC.;
9  TOPCON HEALTHCARE SOLUTIONS, INC.

10

11                    UNITED STATES DISTRICT COURT

12        NORTHERN DISTRICT OF CALIFORNIA – OAKLAND COURTHOUSE

13  CARL ZEISS MEDITEC, INC.,              Case No. 4:19-cv-04162-SBA

14              Plaintiff,
                                           **DEFENDANTS TOPCON**
15        vs.                              **HEALTHCARE SOLUTIONS, INC.**
                                           **AND TOPCON MEDICAL SYSTEMS,**
16                                         **INC.'S REPLY ON MOTION TO**
    TOPCON MEDICAL SYSTEMS, INC.,          **DISMISS**
17  TOPCON HEALTHCARE SOLUTIONS,
    INC., TOBIAS KURZKE, GREG
18  HOFFMEYER, GENEVIEVE FAY,
    KATALIN SPENCER, KEITH BROCK,
19  CHARLES GUIBORD, JR., JOSEPH
    CICCANESI, MELISSA GOEKE, AND          Date:       October 9, 2019
20  DOES 1-50,                             Time:       2:00 p.m.
                                           Location:   1301 Clay Street
21              Defendants.                            Oakland, CA 94612

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page(s)**

I.      INTRODUCTION ............................................................................................4

II.     BY CLAIMING THAT ALL INFORMATION RELATED TO ITS PRODUCTS
        IS A TRADE SECRET, CZMI FAILS TO PROPERLY IDENTIFY *ANY* TRADE
        SECRETS IN SUPPORT OF ITS MISAPPROPRIATION CLAIM ..............................4

III.    DESPITE AMPLE OPPORTUNITY, CZMI FAILS TO IDENTIFY FACTS
        SUFFICIENT TO STATE A PLAUSIBLE CLAIM OF MISAPPROPRIATION ..........6

IV.     CZMI'S TORTIOUS INTERFERENCE CLAIM IS PREEMPTED BECAUSE
        IT IS BASED ON THE SAME NUCLEUS OF FACTS AS CZMI'S TRADE
        SECRET MISAPPROPRIATION CLAIMS ................................................................8

V.      CZMI'S UNFAIR COMPETITION CLAIM IS PREEMPTED BECAUSE IT IS
        PREDICATED ON CZMI'S TRADE SECRET MISAPPROPRIATION CLAIM
        ...............................................................................................................................10

VI.     CZMI'S UNFAIR COMPETITION CLAIM FAILS BECAUSE CZMI HAS
        NOT ALLEGED A PREDICATE UNFAIR OR UNLAWFUL ACT BY
        TOPCON....................................................................................................................10

VII.    CZMI FAILS TO IDENTIFY FACTS SUFFICIENT TO STATE A PLAUSIBLE
        CLAIM OF TORTIOUS INTERFERENCE ................................................................11

VIII.   THIS COURT MAY GRANT TOPCON'S MOTION WITH PREJUDICE
        BECAUSE CZMI HAD AND REJECTED THE OPPORTUNITY TO CURE
        THE FOREGOING DEFICIENCIES IN ITS COMPLAINT ........................................13

IX.     CONCLUSION............................................................................................................13

1

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

C<small>ASES</small>

4

*AirDefense, Inc. v. AirTight Networks, Inc.*
5
(N.D. Cal. July 26, 2006) 2006 WL 2092053 ........................................................ 9

6
*Ashcroft v. Iqbal*
(2009) 556 U.S. 662 .............................................................................................. 8
7

8
*Autodesk, Inc. v. ZWCAD Software Co. Ltd.*
(N.D. Cal. 2015) No. 5:14-cv-01409-EJD, 2015 WL 2265479 ............................. 8

9
*Bell Atlantic Corp. v. Twombly*
10
(2007) 550 U.S. 544 .............................................................................................. 8

11
*BladeRoom Group Limited v. Emerson Electric Co.*
(N.D. Cal. Nov. 29, 2018) 2018 WL 6242090 .............................................. 10, 11
12

13
*Brocade Communications Systems, Inc. v. A10 Networks, Inc.*
(N.D. Cal. 2012) 873 F.Supp.2d 1192 .................................................................. 6

14
*Buxton v. Eagle Test Systems, Inc.*
15
(N.D. Cal. Mar. 26, 2010) 2010 WL 1240749 .................................................... 12

16
*Citcon USA, LLC v. RiverPay, Inc.*
(N.D. Cal. Dec. 27, 2018), 2018 WL 6813211 .............................................. 5, 13
17

18
*Diodes, Inc. v. Franzen*
(1968) 260 Cal.App.2d 244 .................................................................................. 5

19
*E & J Gallo Winery v. Instituut Voor Landbouw – En Visserjonderzoek*
20
(E.D. Cal. June 1, 2018), No. 1:17-cv-00808-DAD-EPG, 2018 WL 2463869 ...... 7

21
*Farhang v. Indian Inst. Of Tech., Kharagpur*
(N.D. Cal. June 1, 2010) 2010 WL 2228936 ........................................................ 5
22

23
*Henry Schein, Inc. v. Cook*
(N.D. Cal. March 1, 2017) 2017 WL 783617 .................................................. 8, 9

24
*Korea Supply Co. v. Lockheed Martin Corp.*
25
(2003) 29 Cal. 4th 1134 ...................................................................................... 11

26
*Lippitt v. Raymond James Fin. Servs. Inc.*
(9th Cir. 2003) 340 F.3d 1033 ............................................................................ 10
27

28
*Rheumatology Diagnostics Lab., Inc. v. Aetna, Inc.*
(N.D. Cal. Feb. 6, 2014) 2014 WL 524076 ........................................................ 12

2

*Schneider v. Cal. Dept. of Corrections*
  (9th Cir. 1998) 151 F.3d 1194 ...................................................................................... 6

*Smith v. State Farm Mut. Ins. Co.*
  (2001) 93 Cal.App.4th 700 ......................................................................................... 10

*SocialApps, LLC v. Zynga, Inc.*
  (N.D. Cal. Feb. 6, 2012) 2012 WL 381216 ............................................................. 8, 9

*Somers v. Apple, Inc.*
  (9th Cir. 2013) 729 F.3d 953 ...................................................................................... 8

*Synopsys v. ATopTech*
  (N.D. Cal. Oct. 24, 2013) 2013 WL 5770542 ......................................................... 5, 6

*Top Agent Network, Inc. v. Zillow, Inc.*
  (N.D. Cal. Aug. 6, 2015) 2015 WL 10445931 ........................................................... 13

*Volans-I, Inc. v. SpektreWorks, Inc.*
  (N.D. Cal. May 30, 2019) No. 19-cv-00634-PJH, 2019 WL 2300640 .......................... 7, 8

*Westside Center Assoc. v. Safeway Stores 23, Inc.*
  (1996) 42 Cal.App.4th 507 ......................................................................................... 12

**STATUTES, RULES AND REGULATIONS**

Federal Rules of Civil Procedure,
  Rule 8 ......................................................................................................................... 8
  Rule 12(b)(6) ........................................................................................................... 6, 8

Defend Trade Secrets Act of 2016
  18 U.S. Code § 1836 ..................................................................................... 8, 9, 10, 11

California Business and Professions Code
  § 17200 (Unfair Competition Law) ........................................................................... 10

Uniform Trade Secrets Act
  California Civil Code § 3426 ......................................................................... 8, 9, 10, 11

DEFENDANTS' REPLY ON MOTION TO DISMISS                    CASE NO. 4:19-CV-04162 SBA
FPDOCS 36070357.3

## I.   INTRODUCTION

Since opposing CZMI's Motion for a Preliminary Injunction on August 7, 2019, Topcon has consistently and repeatedly requested that CZMI clarify what it believes Topcon took from CZMI and how it believes Topcon is using what it took. However, CZMI has refused, instead relying on boilerplate allegations that everything related to CZMI's ODx Products is a trade secret and, though CZMI supposedly knows Topcon is using those trade secrets, it requires discovery to determine how. As a matter of law, these allegations cannot state a claim for trade secret misappropriation and thereby subject Topcon to invasive and costly discovery by one of its industry competitors. The same themes are present in CZMI's tortious interference claim and unfair competition claim, both of which rest on the same nucleus of facts supporting CZMI's trade secret misappropriation claims. Even where CZMI attempts to salvage its tortious interference claim by alleging that the Topcon Employees used CZMI's trade secrets to communicate with existing or prospective CZMI customers, the claim fails for CZMI's refusal to specifically identify the customers at issue.

CZMI has had ample opportunity to amend its Complaint to plead specific facts demonstrating the existence of a plausible right to relief. However, it has failed to do so. Now, despite the completion of briefing on CZMI's Motion for Preliminary Injunction and Topcon's Motion to Dismiss, Topcon remains unable or unwilling to identify what trade secrets CZMI contends it took and how CZMI contends Topcon used them. For this simple and straightforward reason, CZMI's Complaint should be dismissed with prejudice.

## II.   BY CLAIMING THAT ALL INFORMATION RELATED TO ITS PRODUCTS IS A TRADE SECRET, CZMI FAILS TO PROPERLY IDENTIFY *ANY* TRADE SECRETS IN SUPPORT OF ITS MISAPPROPRIATION CLAIM

The statement that CZMI's trade secrets are made up of information that enables the development, commercialization, sales, and marketing of its ODx products is akin to a statement that all information which is in any way related to CZMI's products is a trade secret. Opps.5:8-12. This is consistent with CZMI's contention that its trade secrets "consist of *all the documents* that are used by CZMI's team that are not generally known that contribute to the commercialization of CZMI's ODx Products." Complaint, ECF No. 1 ("Complaint"), ¶ 49. However, describing CZMI's

4

1    trade secrets as everything related to its products does not define those alleged trade secrets with

2    sufficient particularity to separate them from matters of general knowledge and give Topcon

3    reasonable notice of their bounds. *See Farhang v. Indian Inst. Of Tech., Kharagpur* (N.D. Cal. June

4    1, 2010) 2010 WL 2228936 at *12; *Diodes, Inc. v. Franzen* (1968) 260 Cal.App.2d 244, 253.

5         CZMI's contention that its allegations are similar to those found in *Citcon USA, LLC v.*

6    *RiverPay, Inc.* (N.D. Cal. Dec. 27, 2018), 2018 WL 6813211 is incorrect. In *Citcon*, plaintiff

7    identified its trade secrets as (1) five *identified* payment processing algorithms; (2) the hardware

8    and software design of a *specific* device; (3) a *database* of clients containing e-mail and telephone

9    numbers; and (4) transaction information including *details* about every transaction that plaintiff

10   processed on behalf of its clients, such as the service charged. *Id.* at *4-5.

11        By contrast, CZMI offers no specificity in describing that information which allegedly

12   constitutes its trade secrets. Instead, each of CZMI's 19 categories of information is a boilerplate

13   recitation of the types of information related to CZMI's products – not detailed descriptions of

14   trade secrets. By way of example, CZMI alleges that its software and source code constitute

15   protectable trade secrets without identifying which software, which source code, or even which

16   product the alleged software and source code can be found in. Nowhere in its Complaint does

17   CZMI describe, as the plaintiff in *Citcon* did, which algorithms, which product designs, which

18   customer lists, and which data is at issue. CZMI's allegations are significantly more similar to

19   those that the Court rejected as too vague in *Synopsys v. ATopTech* (N.D. Cal. Oct. 24, 2013) 2013

20   WL 5770542, *Farhang v. Indian Institute of Technology* (N.D. Cal. June 1, 2010) 2010 WL

21   2228936, and *Vendavo v. Price f(x) AG* (N.D. Cal. March 23, 2018) 2018 WL 1456697. *See*

22   Topcon's Motion to Dismiss, ECF No. 37 ("Mot.") 8:1-18. As discussed in Topcon's moving

23   papers, in *Farhang*, the Court rejected plaintiff's contention that it had sufficiently alleged that

24   defendant misappropriated its "business models and implementations." 2010 WL 2228936, at *14.

25   This is similar to CZMI's allegation that Topcon misappropriated its "business models." *See*

26   Complaint, ¶ 20. This Court in *Vendavo*, evaluated a plaintiff's claim that its trade secrets generally

27   included "information related to the development of its price-optimization software," and

28   dismissed the claim on the grounds that the allegations were too broad. 2018 WL 1456697, at *4.

1   As in *Vendavo*, here, CZMI also broadly alleges that its trade secrets are "various types of

2   information related to the development and commercialization of CZMI's ODx Products."

3   Complaint, ¶ 49. Finally, in *Synopsys*, this Court dismissed plaintiff's trade secret claim based on

4   the lack of facts demonstrating the existence of a trade secret. 2013 WL 5770542, at *6. In

5   *Synopsys*, plaintiff alleged its trade secrets were generally **"relat[ing] to"** plaintiff's products and

6   "**includ[ing]** . . . proprietary input and output formats, scripts, and technical product information."

7   Similarly here, CZMI alleges its trade secrets "**include** various types of information **related to** . . .

8   CZMI's ODx Products, **including but not limited to . . . data . . . [and] documents . . ."**

9   Complaint, ¶ 49. In stark comparison to these cases, CZMI has similarly failed to plead sufficient

10  facts demonstrating the existence of a trade secret, and therefore CZMI's trade secrets claims

11  should be dismissed.

12  **III.   DESPITE AMPLE OPPORTUNITY, CZMI FAILS TO IDENTIFY FACTS SUFFICIENT TO STATE A PLAUSIBLE CLAIM OF MISAPPROPRIATION**

13         CZMI's opposition to Topcon's Motion to Dismiss underscores the absence of facts

14  supporting its claim that Topcon misappropriated its unidentified trade secrets. CZMI admits that

15  the only facts in its Complaint which support its misappropriation claim are (1) the e-mail thread

16  that CZMI intercepted; (2) the presentation where Kurzke allegedly said that Glaucoma

17  Workplace was not the "ideal format" for Glaucoma Suspect patients; and (3) the alleged "crack

18  the code" comment. CZMI's Opposition to Topcon's Motion to Dismiss, ECF No. 41 ("Opp."),

19  8:19-28. Having recognized the inapplicability of the inevitable disclosure doctrine, CZMI

20  abandons its theory that the Topcon Employees' resignation from CZMI supports its

21  misappropriation claim. Opp. 9:27-10:4. CZMI also improperly attempts to introduce new facts

22  through its opposition papers by baldly asserting that the existence of Glaucoma Module

23  somehow supports its allegation that Topcon misappropriated CZMI's trade secrets. Opp. at 9:1-

24  4; *see Schneider v. Cal. Dept. of Corrections* (9th Cir. 1998) 151 F.3d 1194, 1197 fn. 1 (new

25  allegations in opposition papers are "irrelevant" under Rule 12(b)(6)).

26         However, none of the foregoing allegations demonstrate that Topcon took CZMI's trade

27  secrets through improper means. *See Brocade Communications Systems, Inc. v. A10 Networks,*

28  *Inc.* (N.D. Cal. 2012) 873 F.Supp.2d 1192, 1212. In fact, none of the foregoing allegations lodged

6

by CZMI against Topcon refer to CZMI's trade secrets or the taking of those trade secrets at all. CZMI does not suggest that the abstract or the "crack the code" comment reference any CZMI trade secrets. Complaint, ¶¶ 81, 90-91. The abstract simply hypothesizes that Glaucoma Workplace might not be the "ideal format" for a particular data set.[1] Complaint ¶ 91. The "crack the code" comment is presented without context or meaning. Complaint ¶ 81. Indeed, it is offered without even identifying who made the comment. Further, CZMI admits that the e-mail chain contains an analysis of an "online whitepaper available on CZMI's website regarding CZMI products." Complaint, ¶ 84. Absent reference to CZMI's trade secrets or the taking of those trade secrets, the foregoing allegations do not evidence trade secret misappropriation any more than would any other innocuous statement by Topcon about a competitor's publicly-available information. CZMI's statement that the e-mail chain, Kurzke's comment, and the alleged "crack the code" comment evidence trade secret misappropriation, without more, do not make it so.

The authority cited in CZMI's opposition illustrate the deficiencies in its Complaint. In support of its misappropriation claim, the plaintiff in *Volans-I, Inc. v. SpektreWorks, Inc.* (N.D. Cal. May 30, 2019) No. 19-cv-00634-PJH, 2019 WL 2300640 at *2 identified numerous similarities between its product and SpektreWorks' competing product, including the product's design, components, and appearance. The court relied heavily on the alleged similarities between the products in concluding that Volans-I had properly pled its claim of misappropriation. *Id.* at *4, *citing Alta Devices, Inc. v. LG Elecs., Inc.* (N.D. Cal. 2018) 343 F.Supp.3d 868, 883 (**similarities in technology plus access** through NDA held sufficient); *E & J Gallo Winery v.*

---

[1]   In its opposition to Topcon's motion, CZMI incorrectly states that Kurzke disclosed that Topcon is developing the "ideal format" for Glaucoma Module to compete with CZMI. This is factually incorrect and inconsistent with the version of events which CZMI has alleged to date. Indeed, CZMI's Complaint allegedly quotes from Kurzke's abstract and states: "But the question remains if these analysis and display algorithms [in CZMI's product, Glaucoma Workplace,] are the ideal format for patients who retain a diagnosis of a G[laucoma] S[uspect]. Could another format be optimum for the management of G[laucoma] S[uspect]?" Complaint, ¶ 91. Consistent with the foregoing, CZMI alleged in its Motion for Preliminary Injunction that Kurzke suggested that Glaucoma Workplace was not the "ideal format" for patients and that " 'another format' might be optimum.'" Motion for Preliminary Injunction and Request for Expedited Discovery, ECF No. 9, 9:14-19. In short, Kurzke did not state that Topcon is developing the "ideal format" for Glaucoma Module to compete with CZMI and CZMI's Complaint does not allege that he did. CZMI's representation to the contrary is not correct.

*Instituut Voor Landbouw – En Visserjonderzoek* (E.D. Cal. June 1, 2018), No. 1:17-cv-00808-DAD-EPG, 2018 WL 2463869, at *7 (**same**) (emphasis added). The plaintiff in *Autodesk, Inc. v. ZWCAD Software Co. Ltd.* (N.D. Cal. 2015) No. 5:14-cv-01409-EJD, 2015 WL 2265479, at *1, similarly highlighted the "identical idiosyncrasies and bugs that could have been introduced [to defendant's product] only through the wholesale copying of significant portions of misappropriated Autodesk code."

Unlike the plaintiffs in *Volans-I* and *Autodesk*, CZMI has not set forth any similarities between any of its products and Topcon's products. As discussed above, CZMI has not yet even identified the product or products at issue. Although CZMI's Complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level … on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly* (2007) 550 U.S. 544, 556-557. Further, CZMI cannot avoid or delay dismissal under Rule 12(b)(6) by asserting a need for additional discovery. Opp. 9:2-4; *Ashcroft v. Iqbal* (2009) 556 U.S. 662, 686 (if a "complaint is deficient under Rule 8, [plaintiff] is not entitled to discovered, cabined or otherwise); *see also Somers v. Apple, Inc.* (9th Cir. 2013) 729 F.3d 953, 960. In short, CZMI's Complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 556-557. Here, taking all of CZMI's allegations as true, they do not demonstrate that Topcon misappropriated any of CZMI's trade secrets. Accordingly, CZMI's trade secrets misappropriation claim should be dismissed.

**IV.   CZMI'S TORTIOUS INTERFERENCE CLAIM IS PREEMPTED BECAUSE IT IS BASED ON THE SAME NUCLEUS OF FACTS AS CZMI'S TRADE SECRET MISAPPROPRIATION CLAIMS**

Although the California Uniform Trade Secrets Act ("CUTSA") and Defend Trade Secrets Act ("DTSA") preempt any claims based on the misappropriation of trade secrets, it is of course possible for a plaintiff to recover on another theory for the taking or improper use of information which does *not* constitute a trade secret. For instance, in *SocialApps, LLC v. Zynga, Inc.* (N.D. Cal. Feb. 6, 2012) 2012 WL 381216 at *3-4, plaintiff expressly alleged that its breach of confidence claim was based on the disclosure of non-trade secret confidential information. Similarly, in *Henry Schein, Inc. v. Cook* (N.D. Cal. March 1, 2017) 2017 WL 783617 at *4, the

8

defendant allegedly diverted existing and prospective customers without relying on misappropriated trade secrets. In both *SocialApps* and *Henry Schein*, this Court concluded that plaintiffs' claims for interference with economic advantage were *not* preempted.

However, unlike the claims at issue in *SocialApps* and *Henry Schein*, CZMI's tortious interference claim is based on the same nucleus of acts as its trade secret claims. In support of its tortious interference claim, CZMI alleges that the Topcon Employees "all have knowledge of specific customer lists, marketing plans, product information, including but not limited to cost, pricing, margins, and other financial data, [and] customer-related documents, sale methods for attracting and retaining customers." Complaint, ¶ 144. Thus, for CZMI's tortious interference claim to survive, the foregoing information must *not* constitute information which is protectable under the CUTSA or the DTSA. However, the foregoing "non-trade secrets" are identical to the "trade secrets" identified in support of CZMI's misappropriation claims. Complaint, ¶ 50. Thus, there is no material distinction between the wrongdoing alleged in CZMI's trade secret claims and its tortious interference claim, and the tortious interference claim is preempted.

CZMI's citation to *AirDefense, Inc. v. AirTight Networks, Inc.* (N.D. Cal. July 26, 2006) 2006 WL 2092053 further bolsters Topcon's position. In *AirDefense*, plaintiff's claim for tortious interference was not preempted by the CUTSA because the claim rested on allegations "additional to the facts alleged with respect to the claim for misappropriation of trade secrets." *Id*. at *5. Specifically, in *AirDefense*, the defendant "made false representations to [the plaintiff's] existing and potential customers concerning [the plaintiff's] products and capabilities and . . . the capabilities of [the defendant's] current and/or future products." *Id*. at *5. CZMI falsely claims that the circumstances and allegations in *AirDefense* are "virtually identical" to those here. Opp. 11:15. CZMI does not and cannot allege that Topcon or its employees have made statements of any kind to any CZMI customer. Instead, as set forth above, CZMI's tortious interference claim rests directly on Topcon's alleged misappropriation of trade secrets. For this reason, the tortious interference claim cannot survive.

///

///

9

1

2

**V.   CZMI'S UNFAIR COMPETITION CLAIM IS PREEMPTED BECAUSE IT IS PREDICATED ON CZMI'S TRADE SECRET MISAPPROPRIATION CLAIM**

3

4

5

6

7

8

9

10

CZMI's claim that its unfair competition claim is not preempted lacks any legal or factual support. The Complaint alleges that Topcon engaged in unfair conduct by recruiting a large number of employees from CZMI in order to independently develop competitive products in the ophthalmology industry and has leveraged each of these new hires to learn more about CZMI's products. Complaint, ¶¶ 151-153. These allegations rely entirely on restated versions of the trade secret misappropriation claims, and do not have independent factual support in the Complaint. *Compare* Complaint, ¶ 81 *with* ¶¶ 152-153. Accordingly, the Court should dismiss CZMI's unfair competition claim because it is a restated version of the trade secret misappropriation allegations.

11

12

**VI.   CZMI'S UNFAIR COMPETITION CLAIM FAILS BECAUSE CZMI HAS NOT ALLEGED A PREDICATE UNFAIR OR UNLAWFUL ACT BY TOPCON**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

To the extent CZMI argues its unfair competition claim is not preempted by the CUTSA and DTSA, the claim still fails due to CZMI failing to allege the necessary elements of an unfair competition claim. To allege a claim under California *Business and Professions Code* section 17200, CZMI must plead facts demonstrating that Topcon engaged in either an unlawful, unfair, or fraudulent business practice. *Lippitt v. Raymond James Fin. Servs. Inc.* (9th Cir. 2003) 340 F.3d 1033, 1043. CZMI alleges that Topcon engaged in both an unfair and unlawful act. Complaint, ¶ 150. The "unlawful" prong borrows violations of other laws and treats them as independently actionable, and "virtually any law—federal, state, or local—can serve as a predicate for an action." *Smith v. State Farm Mut. Ins. Co.* (2001) 93 Cal.App.4th 700, 718. The "unfair" prong is met only if a business practice "threatens an incipient of an antitrust law, or violates the policy and spirit of one of those laws because it effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *BladeRoom Group Limited v. Emerson Electric Co.* (N.D. Cal. Nov. 29, 2018) 2018 WL 6242090, at *4 (quoting *Cal-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.* (1999) 20 Cal.4th 163, 187).

27

28

Here, CZMI argues that its unfair competition claim is not preempted, since its "claim specifically alleges that Topcon solicited the Former Employees to communicate to the ODx

10

industry that Topcon could now directly compete with CZMI." Opp. 11:26-12:1. However, CZMI's Complaint fails to allege how Topcon's solicitation of its employees is either "unlawful" or "unfair." Specifically, the Complaint does not allege the unlawful act on which the claim is predicated. CZMI provides no legal authority in its opposition that Topcon is precluded from recruiting its employees. Also, CZMI does not allege Topcon was a party to the employment agreements at issue. As such, CZMI fails to plead sufficient facts to state an unfair competition claim under the statute's unlawful prong.

Additionally, CZMI does not allege how Topcon's purported solicitation of its employees is unfair and violates the policy or spirit of an antitrust law. California courts recognize that injuries, which result from increased competition are not encompassed by antitrust laws. *BladeRoom Group Limited*, 2018 WL 6242090, at *4. In *BladeRoom*, for example, this Court held that injuries to a company's business interests as a result of a competitor "pass[ing] off" technology as its own was not an injury to competition and did not violate the unfair prong. *Id.* Here, CZMI fails to allege how Topcon's recruitment and hiring of its employees is harmful to the market as a whole, rather than only to itself. Without such facts, CZMI has failed to plead an unfair competition claim under the unfair prong. Thus, the Court should dismiss CZMI's unfair competition claim, for these reasons as well.

## VII.   CZMI FAILS TO IDENTIFY FACTS SUFFICIENT TO STATE A PLAUSIBLE CLAIM OF TORTIOUS INTERFERENCE

In addition to being preempted by the CUTSA and DTSA, the tortious interference claim be dismissed for failure to plead facts demonstrating a plausible right to relief. In its opposing, CZMI suggests that it is only required to show a "reasonable probability" that its prospective economic advantage would have been realized but for defendant's interference. Opp. 12:24-13:3. However, this is a misstatement of the law because the elements of tortious interference actually are "(1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm." *Korea Supply Co. v. Lockheed Martin*

*Corp.* (2003) 29 Cal. 4th 1134, 1153. CZMI's reliance on *Rheumatology Diagnostics Lab., Inc. v. Aetna, Inc.* (N.D. Cal. Feb. 6, 2014) 2014 WL 524076 is similarly misplaced, as that case stated "[a]lleged relationships with 'potential customers' are insufficient because they are nothing more than 'speculative economic relationship[s].'" *Id.* at *14. Moreover, the Court in *Rheumatology Diagnostics* dismissed the tortious interference claim for the plaintiff's failure to adequately plead an intentional interference with a prospective economic advantage. *Id.* Thus, CZMI must allege facts supporting each of the elements of its claim in order to properly state a claim for relief, which it has failed to do.

Moreover, CZMI concedes that it has not specifically identified any existing or potential customers, instead seeking to rely on an alleged "known universe of third-parties" in the ophthalmology industry – "i.e., CZMI's existing and prospective customers." Opp. 13:3-5. However, this description is insufficient to support CZMI's claim. *See Buxton v. Eagle Test Systems, Inc.* (N.D. Cal. Mar. 26, 2010) 2010 WL 1240749. As discussed in Topcon's moving papers, this Court granted a motion to dismiss in *Buxton* due to the plaintiff's failure to allege "specific economic relationships with identifiable third parties." *Id.* at *1. Like the plaintiff in *Buxton*, in this case,[2] instead of alleging a particular relationship with a known party, CZMI vaguely refers to its relationship with all of its "current and prospective customers." Complaint, ¶¶ 142-145. This is simply insufficient to plead a claim for tortious interference. *See Westside Center Assoc. v. Safeway Stores 23, Inc.* (1996) 42 Cal.App.4th 507, 527-28 (interference claim insufficient where potential market alleged as lost relationships; rejecting "interference with the market" theory). Additionally, CZMI has failed to identify any specific third-party relationships, the consequences or the circumstances of the interference. *See* Complaint, ¶¶ 1-40, 73-105, 141-147. Thus, CZMI's claim for tortious interference should be dismissed.

///

///

---

[2] CZMI's attempts to distinguish *Buxton* are unavailing. There is no basis on which to distinguish the tortious interference claim of a job-seeking plaintiff in the employment context and CZMI's tortious interference claim here. Further, CZMI cites to no authority for its proposition that identifying a "known universe of third-parties" is sufficient to support its claim.

12

**VIII.   THIS COURT MAY GRANT TOPCON'S MOTION WITH PREJUDICE BECAUSE CZMI HAD AND REJECTED THE OPPORTUNITY TO CURE THE FOREGOING DEFICIENCIES IN ITS COMPLAINT**

Leave for CZMI to amend its Complaint is unnecessary here for two reasons. First, CZMI should not be granted leave to amend because it cannot plead any set of facts which would support its Fifth and Sixth Causes of Action. For example, in *Citcon*, 2018 WL 6812211, at *10-11 the Court granted defendant's motion to dismiss without leave to amend as to several claims, including tortious interference with prospective economic advantage and unfair competition, because the allegations of intentional acts were speculative and conclusory and because there were no surviving claims stated against the defendant company to support an unfair competition claim. Similarly, in *Top Agent Network, Inc. v. Zillow, Inc.* (N.D. Cal. Aug. 6, 2015) 2015 WL 10445931, at *5, the Court dismissed the plaintiff's unfair competition claim without leave to amend since the plaintiff failed to provide a predicate upon which to base its claim. Here, as in *Citcon* and *Top Agent Network*, no basis exists for CZMI to bring its unfair competition and tortious interference claims against Topcon. Thus, there is no need to grant CZMI leave to amend.

Moreover, CZMI has been on notice of its deficient Complaint since Topcon filed its opposition to the motion for preliminary injunction on August 7, 2019. Indeed, Topcon explained in its opposition to the motion for preliminary injunction that CZMI had failed to plead the existence of a trade secret with specificity. ECF Nos. 21, 27-28. After filing its opposition to the motion for preliminary injunction on August 7, 2019, Topcon endeavored to avoid this motion practice by meeting and conferring with CZMI regarding the deficiencies in its Complaint on August 13, 2019. ECF Nos. 37-1, 37-2, 37-3. However, CZMI refused to amend its Complaint, implicitly admitting that no such amendment is possible.

**IX.   CONCLUSION**

For the foregoing reasons, Topcon respectfully requests that this Court grant its motion and dismiss CZMI's Complaint *with prejudice*.

Dated:  September 6, 2019                    FISHER & PHILLIPS LLP

                                    By:   _/s/_
                                          JASON A. GELLER
                                          BRANDON K. KAHOUSH
                                          Attorneys for Defendants, TOPCON MEDICAL SYSTEMS,
                                          INC.; TOPCON HEALTHCARE SOLUTIONS, INC.

13