George C. Miller (SBN 259905)
Katherine S. Bowles (SBN 272704)
SHUSTAK REYNOLDS & PARTNERS, P.C.
401 West A Street, Suite 2200
San Diego, CA 92101
Telephone: (619) 696-9500
Facsimile: (619) 615-5290
Email: gmiller@shufirm.com
         kbowles@shufirm.com

*Attorneys for Defendants Melissa Goeke,
Tobias Kurzke, Greg Hoffmeyer, Genevieve Fay,
Katalin Spencer, Keith Brock, Charles Guibord, Jr.,
and Joseph Ciccanesi*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA – OAKLAND COURTHOUSE

| | |
|---|---|
| CARL ZEISS MEDITEC, INC., <br><br> Plaintiff, <br><br> v. <br><br> TOPCON MEDICAL SYSTEMS, INC., TOPCON HEALTHCARE SOLUTIONS, INC., TOBIAS KURZKE, GREG HOFFMEYER, GENEVIEVE FAY, KATALIN SPENCER, KEITH BROCK, CHARLES GUIBORD, JR., JOSEPH CICCANESI, MELISSA GOEKE, AND DOES 1-50, <br><br> Defendants. | Case No. 4:19-cv-04162 SBA <br><br> **EMPLOYEE DEFENDANTS' OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR PRELIMINARY INJUNCTION** <br><br> JUDGE: Hon. Saundra B. Armstrong <br> DATE: March 11, 2020 <br> TIME: 2:00 p.m. <br> LOCATION: 1301 Clay Street <br> Oakland, CA 94612 |

## I. INTRODUCTION

The Court should deny Plaintiff Carl Zeiss Meditec, Inc.'s ("CZMI") Renewed Motion for Preliminary Injunction. CZMI fails to meet its high burden of demonstrating a likelihood of prevailing on the merits, and that equity and public interest weigh in favor of an injunction. Further, CZMI's motion is moot insofar as it relates to Defendant Tobias Kurzke ("Kurzke").

CZMI bases its entire motion on the false premise that Defendant Tobias Kurzke ("Kurzke") "stole" documents containing CZMI's confidential and trade secret information when he left the company in 2018 and provided those documents to Defendants Topcon Medical Systems, Inc. ("TMS") and Topcon Healthcare Solutions, Inc. ("THS") (collectively, "Topcon") for use in developing competing glaucoma software. Critically, CZMI fails to offer any evidence demonstrating any *actual* trade secret misappropriation.

Despite deposing Kurzke for an entire day, the sole evidence CZMI offers in purported support of its motion demonstrates only that Kurzke retained a backup of his CZMI laptop for a period of time after he left CZMI. The remainder of CZMI's argument is based on pure conjecture, insinuation, and speculation. CZMI ignores the fact that it authorized Kurzke to back up his laptop in this manner in the first place, and further ignores the fact Kurzke retained the backup solely *because it contained numerous personal documents and information he did not want to lose.*

The evidence does not, as CZMI argues by twisting and misconstruing Kurzke's testimony, demonstrate that Kurzke: (1) obtained any of the documents on the hard drive by any *improper* means (to the contrary, he backed up his laptop on an external drive *at Zeiss' suggestion* and with its knowledge); (2) accessed any of the documents on the hard drive or used them in connection with his work at Topcon; (3) ever provided any of the documents to Topcon; (4) that Topcon ever had any knowledge of those documents or the existence of the drive prior to this litigation; or (5) that anyone at Topcon has ever used any of the documents or the information therein for any purpose. That Kurzke retained the hard drive after leaving CZMI, without more, does not justify the extraordinary relief CZMI seeks.

Moreover, while Kurzke denies CZMI is entitled to any of the relief it seeks in its motion, or that Topcon should be precluded from engaging in lawful competition, the motion is also moot as to

Kurzke individually. CZMI asks that the Court enjoin Kurzke from disclosing any trade secret information to Topcon. Putting aside the fact CZMI has no evidence to support its fiery allegations that Kurzke "stole" information and insinuations that he or others at Topcon have used it—which they have not—both federal and California law already prohibit him from doing as much. CZMI also asks that the Court require Kurzke to return the external hard drive, but he has already voluntarily produced the hard drive to CZMI's forensic expert in January, in advance of his deposition and before his responses to CZMI's discovery were even due, and he is no longer in possession of it.

For the foregoing reasons and the additional reasons below, Kurzke and the Employee Defendants respectfully request the Court deny CZMI's renewed motion.

## II. FACTS

This is an action for trade secrets misappropriation between two large medical device companies. Plaintiff CZMI develops and sells, among other things, ophthalmological diagnostic ("ODx") devices. The Topcon Defendants compete with CZMI in the ODx space. In 2018 and 2019, certain individuals who then worked in product development and sales for CZMI—Defendants Kurzke, Hoffmeyer, Fay, Spencer, Brock, Guibord, and Ciccanesi (collectively, "Employee Defendants")[1]—accepted offers to work for Topcon. In mid-2019 CZMI sued Topcon and the Employee Defendants for trade secret misappropriation. In its Complaint, CZMI alleges Topcon was using CZMI trade secret information it received from the Employee Defendants to develop a glaucoma diagnosis product—"Glaucoma Module"—to compete with CZMI's own glaucoma diagnosis product, "Glaucoma Workplace."

### A. Kurzke Regularly Backs Up His Laptop While At Zeiss and CZMI

Before moving to the United States in 2015 to work for CZMI, Kurzke worked for CZMI's parent company, Carl Zeiss Meditec AG ("Zeiss"), in Germany. Decl. of Jason Geller in Support of Topcon's Opposition ("Geller Decl."), Ex. A at 79:21-23, Decl. of Tobias Kurzke at ¶ 3.

---

[1] Melissa Goeke, who did not work in product development or sales, was also originally named as a Defendant, but was dismissed when Plaintiff filed their Third Amended Complaint. Michael Chen has subsequently been added via the Third Amended Complaint as a Defendant, but has not yet appeared in this case.

During his time at Zeiss, Kurzke began a practice of regularly backing up his Zeiss laptop onto an external hard drive that Zeiss had issued him for that specific purpose. Geller Decl., Ex. A at 99:16-100:18; Kurzke Decl. at ¶ 12. The software Kurzke used to perform the back-ups created an "image" of his Zeiss laptop hard drive on the external hard drive. Geller Decl., Ex. A at 107:24-108:10. Because the external hard drive had limited space, Kurzke generally maintained only one image on it at any given time. *Id*. at 147:24-149:2; 159:8-9. That image would only reflect the current contents of the hard drive of his laptop. *Id*. at 148:22-149:2. It would not reflect any files Kurzke deleted from his hard drive before performing the backup that created it. *Id*.

In 2015, Kurzke moved from Germany to California to work for CZMI. Kurzke Decl. at ¶ 3. When Kurzke joined CZMI, he advised the company that he used his external hard drive to back up his laptop. Geller Decl., Ex. A at 106:25-107:13. CZMI had no objection to Kurzke's practice. *Id*. at 107:5-13. As a result, he continued to back up his laptop onto the external hard drive during the time he worked for CZMI. *Id*. at 101:10-16.

Until 2016, Kurzke was primarily responsible for managing the teams of individuals at CZMI that were developing Glaucoma Workplace. Geller Decl., Ex. A at 60:9-61:18; 222:20-23. In 2016, however, Kurzke transferred his Glaucoma Workplace responsibilities to another CZMI employee, Claudia Wasch, so that he could more effectively manage the development of another CZMI product, Retina Workplace. *Id*. at 61:7-18. When he transferred Glaucoma Workplace to Ms. Wash, he deleted most Glaucoma workplace-related files from his laptop. *Id*. at 146:1-149:19; 152:13-21. Kurzke did not work on Glaucoma Workplace for the remaining two years he was at CZMI. *Id*. at 62:19-24. After he assumed responsibility for Retina Workplace in 2016, Kurzke continued backing up his laptop onto his external hard drive until he left CZMI in 2018. *Id*. at 101:10-14.

**B.     Kurzke Retains His External Hard Drive After Departing CZMI**

In April 2018, Kurzke accepted a job offer from Topcon. *Id*. at 89:3-90:24. He accepted the offer because he felt Topcon offered better professional development opportunities than CZMI, and because he was excited about the direction Topcon was headed in its work. *Id*. Also influencing his decision was that certain people whom he knew and trusted worked for Topcon. *Id*.

4

EMPL. DEFS.' OPP'N TO PL.'S REN. MOT. FOR PREL. INJ.          CASE NO: 4:19-cv-04162 SBA

When Kurzke departed from CZMI, he returned his computer, his iPad, and the paper documents, but he decided to keep the external hard drive in his possession because it contained his personal documents, including his tax, financial, and citizenship-related documents, and because it belonged to Zeiss AG, not CZMI. *Id*. at 103:21-105:12; 110:6-21; 119:3-5; 120:2-3; 142:20-22. Despite that Kurzke had advised CZMI of the external hard drive's existence, CZMI never specifically requested that Kurzke return the external hard drive after he gave notice of his resignation in 2018. *Id*. at 111:25-112:16.

Likely because Kurzke deleted many of the files relating to Glaucoma Workplace from his laptop after transferring responsibility for Glaucoma Workplace to Claudia Wasch in 2016, his external hard drive contained very few Glaucoma Workplace-related documents when he left CZMI. *Id*. at 146:1-149:19; 152:13-21.

### C.   Kurzke Produces The Hard Drive To CZMI In Good Faith

Despite that he had no obligation to do so, Kurzke produced his external hard drive to CZMI's digital forensic experts for inspection in January 2020. Miller Decl., ¶ 2. When he produced the hard drive, Kurzke also provided CZMI and its experts a report prepared by his own digital forensics expert itemizing the folders and documents on the hard drive and the last dates they were accessed. *Id*.

After producing the hard drive and report, Kurzke agreed to sit for a deposition. Geller Decl., Ex. A at 12:4-8. The deposition went forward on January 30 and lasted more than seven hours. *Id.* at 1:17; 10:6; 340:24. During the deposition, CZMI's counsel questioned Kurzke extensively about the contents of the external hard drive, the software he used to back up the contents of his laptop, and his use of the files on the external hard drive after departing CZMI. While questioning Kurzke, counsel had at their disposal the report he had produced and many of the files on his external hard drive. *Id*. at 97:14-15; 150:25-151:4. In response to CZMI's counsel's questioning, Kurzke consistently and repeatedly testified that he had not used any of the contents of the hard drive in connection with any of his work at Topcon. *Id*. at 76:3-6; 200:4-11; 217:20-25; 239:7-18; 271:18-273:14; 278:24-279:4; 324:13-325:10. While counsel elicited testimony that Kurzke may have navigated the external hard drive after he resigned from CZMI, Kurzke did not testify that he ever accessed any files or documents on the hard drive that had any relevance to his work on Glaucoma Module for Topcon. *Id*. at 162:15-

164:1; 168:10-169:6. CZMI's counsel elicited no testimony that Kurzke ever provided any of CZMI's confidential or trade secret information to anyone at Topcon, used any such information in his work, or that Topcon even knew of the existence of the external hard drive or the documents on it.

## III.  LEGAL STANDARD

To obtain a preliminary injunction, the moving party must show (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in the moving party's favor; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008). "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing,* carries the burden of persuasion." *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997) (citation omitted). The moving party bears the burden of meeting all prongs of the *Winter* test. *Alliance for the Wild Rockies v. Cottrell,* 632 F.3d 1127, 1135 (9th Cir. 2011). The decision of whether to grant or deny a preliminary injunction is a matter of the district court's discretion. *See Grand Canyon Skywalk Dev., LLC v. 'Sa' Nyu Wa Inc.,* 715 F.3d 1196, 1200 n.1 (9th Cir. 2013).

## IV.  THE COURT SHOULD DENY CZMI'S RENEWED MOTION

### A.  CZMI Fails To Demonstrate That It Is Likely To Prevail On The Merits

To prevail on its claims at trial, CZMI must establish that Defendants have misappropriated—*i.e.*, knowingly acquired, learned, used, or disclosed in an improper, unlawful manner—its trade secret information—*i.e.*, information that derives independent economic value from its secrecy and is subject to reasonable efforts to maintain its secrecy. *See AccuImage Diagnostics Corp. v. Teraecon, Inc.*, 260 F. Supp. 2d 941, 950 (N.D. Cal. 2003); Cal. Civ. Code § 3246.1. Based on the evidence CZMI has presented in support of its motion, it has not met either of those requirements. Accordingly, the Court should deny CZMI's motion.

First, even assuming any of the files on Kurzke's external hard drive contain any trade secret information—which CZMI has not established—CZMI presents absolutely no evidence that any such information was *misappropriated*. It presents evidence only that Kurzke possessed the hard drive for a certain amount of time after he left CZMI. None of the evidence it has submitted demonstrates or

6
EMPL. DEFS.' OPP'N TO PL.'S REN. MOT. FOR PREL. INJ.    CASE NO: 4:19-cv-04162 SBA

even suggests that Kurzke acquired the hard drive or the documents on it by any unlawful or improper means. As he testified during his deposition, he routinely backed up the hard drive in his normal course of business with CZMI's knowledge. He further testified that he retained the hard drive after he left CZMI not for any nefarious reason or with any intent to use the information on it in his work at Topcon, but because it contained many personal files that he did not want to lose, including sensitive and private tax, financial, and citizenship documents.

Consistent with his testimony, CZMI has not provided any evidence in support of its motion that Kurzke has used any of the files on the hard drive in his work for Topcon, that he has given any of the files or information in the files on the hard drive to Topcon, that Topcon has used any of the files or information on the hard drive, or that Topcon knew Kurzke possessed the hard drive. Indeed, CZMI fails to demonstrate that any of the files on the hard drive even related to any of Kurzke's work for Topcon or any other work the company currently is undertaking. Absent evidence of any trade secret misappropriation, CZMI has no entitlement to the preliminary injunction it seeks. "[M]ere possession of trade secrets is not enough." *S. Cal. Inst. of Law v. TCS Educ. Sys.*, No. CV 10–8026 PSG (AJWx), 2011 WL 1296602, at *7 (C.D. Cal. Apr. 5, 2011). The law requires CZMI to *clearly show* that Defendants have *improperly* taken or used its information. CZMI has not made such a showing.

Second, CZMI does not identify any specific trade secret information at issue. To obtain a preliminary injunction, CZMI must first identify its alleged trade secrets with "reasonable particularity." CAL. CODE. CIV. PROC. § 2019.210; *Action Learning Sys., Inc. v. Crowe*, 2014 WL 12564011, at *4 (C.D. Cal. Aug. 11, 2014). CZMI's "high burden" on a motion for preliminary injunction requires it to specify "exactly what it is trying to protect." *Action Learning Sys.*, 2014 WL 12564011, at *4. CZMI fails to identify any protectable trade secret information in its motion or, more generally, in its complaint. As set forth above, the evidence CZMI submits in support of its motion demonstrates merely that Kurzke was in possession of an external hard drive that had some CZMI documents on it after he left CZMI. In its motion, CZMI posits that the files on the hard drive contain trade secret information, however, it presents no evidence to support that proposition. It simply provides the Court a list of the documents on the hard drive and asks the Court to make the naked

7

assumption that the documents on the list contain trade secrets. Further, CZMI provides absolutely no evidence of any measures it takes to maintain the secrecy of any of those documents—it only points to the conclusory allegations to that effect in its complaint, which are not evidence. In fact, the evidence to date is that CZMI took no measures to maintain the secrecy of any of the documents on Kurzke's hard drive. CZMI knew about Kurzke's hard drive because he informed them about it when he joined the company. Despite that CZMI knew about the hard drive, *it never asked him to return it after he resigned*.

### B. CZMI Does Not Demonstrate Irreparable Harm

CZMI is not entitled to the preliminary injunction it seeks for the additional reason that it cannot demonstrate that it will suffer irreparable injury between now and trial if the Court does not grant the injunction. "[P]laintiffs seeking preliminary relief [must] demonstrate that irreparable injury is *likely* in the absence of an injunction." *Winter*, 555 U.S. at 22. To show irreparable injury, the party seeking the injunction must establish that the threatened injury is immediate, significant, and concrete or non-speculative. *See Friends of the Wild Swan v. Weber*, 767 F.3d 936, 946 (9th Cir. 2014) (immediate); *Caribbean Marine Servs. Co. v. Baldridge*, 844 F.2d 668, 674 (9th Cir. 1988) (non-speculative); *Dep't of Parks & Recreation v. Bazaar Del Mundo Inc.*, 448 F.3d 1118, 1123-24 (9th Cir. 2006) (significant). CZMI does not satisfy that burden here. The harm it claims it will suffer if the Court does not grant the proposed preliminary injunction is entirely speculative and certainly not imminent. Kurzke's testimony at his deposition directly contradicts these assertions. Geller Decl., Ex. A at 170:4-173:23.

### C. Neither Equity, Nor Public Interest Weighs In CZMI'S Favor

To be certain, this is not a case in which one party has unfairly profited, or will unfairly profit, from the efforts of another—it is a case in which *one party seeks legal authority to monopolize a market*. Based on nothing more than the fact that Kurzke possessed a hard drive for a period of time and wild speculation and conjecture, CZMI essentially asks the Court to completely prohibit Topcon from competing in the glaucoma diagnostic device market. Neither equity, nor the public interest, favors such an injunction. There has been no evidence presented that shows Topcon has developed its products based on anything other than its own knowledge, expertise, information, and industry

8

relationships. CZMI has brought this action and the instant motion not because Topcon has used any of CZMI's confidential or trade secret information to develop a product, but *because CZMI wants to be the only player in the ODx space*. Though true that the protection of trade secrets and intellectual property is generally in the public interest, the public also has a substantial interest in promoting fairness in market competition and the free exchange of ideas. *See, e.g., Yamashita v. Wilbur-Ellis Co.*, No. C 06-01690 (WHA), 2006 WL 1320470, at *8 (N.D. Cal. May 15, 2006); 15 U.S.C. § 1, *et seq.* (Sherman Antitrust Act). The Court can and should uphold the latter ideal by denying CZMI's motion in its entirety.

### D. CZMI's Motion Is Moot As It Relates To Kurzke

The Court has absolutely no reason to grant CZMI's Motion to the extent it relates to Kurzke. CZMI requests that the Court enjoin Kurzke from disclosing any CZMI trade secrets in his possession. Even if Kurzke had any intention of disclosing any of CZMI's trade secrets to Topcon, or any other third-party, both federal and California law would prohibit him from doing so. CZMI essentially asks the Court for an order that Kurzke follow the law, which is wholly unnecessary. CZMI also asks the Court to require Kurzke to produce his hard drive for inspection, but Kurzke has already done so. Indeed, CZMI's own forensics experts have already examined the contents of the hard drive. Miller Decl., ¶ 2.

## V. CONCLUSION

For the foregoing reasons, Kurzke respectfully requests that the Court deny CZMI's Renewed Motion for Preliminary Injunction in its entirety.

Dated: February 21, 2020    SHUSTAK REYNOLDS & PARTNERS, P.C.

/s/ George C. Miller
George C. Miller, Esq.
Katherine S. Bowles, Esq.
*Attorneys for Defendants Kurzke, Hoffmeyer, Fay, Spencer, Brock, Guibord, Ciccanesi, and Goeke*