UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| CARL ZEISS MEDITEC, INC.,<br><br>Plaintiff,<br><br>v.<br><br>TOPCON MEDICAL SYSTEMS, INC., et al.,<br><br>Defendants. | Case No. 19-cv-04162-SBA (LB)<br><br>**DISCOVERY ORDER**<br><br>Re: ECF No. 165 & 168 |

The parties submitted their joint letter discovery briefs disputing (generally) the scope of the defendants' discovery obligation.[1] The plaintiff is seeking information it contends is necessary to determine whether any of its confidential trade secrets were transferred onto the defendants' devices and evaluate whether Topcon independently developed its own ophthalmic diagnostic software.[2] Topcon opposes such wide-ranging discovery because the plaintiff is seeking discovery from Topcon employees who have not been accused of stealing trade secrets and does not want to disclose the "development, marketing, and sales documents for all the ophthalmic software

---

[1] Joint Letter Briefs – ECF Nos. 165 & 168. The second letter is an amended version of the parties' earlier letter. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at top of documents.

[2] Joint Letter Brief – ECF No. 168 at 1–2, 4.

ORDER – No. 19-cv-04162-SBA (LB)

products made by Topcon."[3] The court can decide this dispute without oral argument. N.D. Cal. Civ. L.R. 7-1(b).

At this juncture, and with two pending motions to dismiss that could dispose of this case entirely, the court declines to compel such wide-ranging discovery. The court does ask the parties to discuss possible accommodations to protect their trade secrets. For example, parties before this court have engaged reputable third-party vendors to perform segmented searches in stages. At stage one, the third-party vendor conducts a search limited to certain document repositories controlled by the alleged individual bad actor. At stage two, depending on the stage one findings, the third-party vendor could expand the search to additional document repositories. At stage three, assuming the documents show the trade secrets were shared or disseminated, the third-party vendor could expand its search to additional custodians. Any relevant documents containing trade secrets could then be designated and limited to "Attorneys' Eyes Only" to alleviate any concerns trade secrets being shared with competitors.

The parties may file a renewed joint discovery brief after the trial judge has decided the pending motions to dismiss and they have discussed the accommodations outlined above.

**IT IS SO ORDERED.**

Dated: March 16, 2020

LAUREL BEELER
United States Magistrate Judge

---

[3] *Id.* at 3, 5 (internal quotations omitted).