1   JASON A. GELLER (SBN 168149)
    E-Mail:  jgeller@fisherphillips.com
2   PAUL GRECO, *admitted pro hac vice*
    E-Mail:  pgreco@fisherphillips.com
3   ANTHONY M. ISOLA (SBN 274987)
    E-Mail:  aisola@fisherphillips.com
4   BRANDON K. KAHOUSH (SBN 311560)
    E-Mail:  bkahoush@fisherphillips.com
5   **FISHER & PHILLIPS LLP**
    One Embarcadero Center, Suite 2050
6   San Francisco, California 94111
    Telephone:  (415) 490-9000
7   Facsimile:   (415) 490-9001

8   STEVEN C. CARLSON (SBN 206451)
    E-Mail:  scarlson@robinskaplan.com
9   KEVIN M. PASQUINELLI (SBN 246985)
    E-Mail:  kpasquinelli@robinskaplan.com
10  **ROBINS KAPLAN LLP**
    2440 W. El Camino Real, Suite 100
11  Mountain View, California 94040
    Telephone:  (650) 784-4040
12  Facsimile:   (650) 784-4041

13  Attorneys for Defendants
    TOPCON MEDICAL SYSTEMS, INC. and
14  TOPCON HEALTHCARE SOLUTIONS, INC.

15                  UNITED STATES DISTRICT COURT

16      NORTHERN DISTRICT OF CALIFORNIA – OAKLAND COURTHOUSE

17  CARL ZEISS MEDITEC, INC.,              Case No. 4:19-cv-04162-SBA (LB)

18              Plaintiff,
                                           **DEFENDANT TOPCON MEDICAL**
19      vs.                                **SYSTEMS, INC. AND TOPCON**
                                           **HEALTHCARE SOLUTION INC.'S ANSWER**
20  TOPCON MEDICAL SYSTEMS, INC.,          **TO PLAINTIFF CARL ZEISS MEDITEC,**
    TOPCON HEALTHCARE SOLUTIONS,           **INC.'S THIRD AMENDED COMPLAINT**
21  INC., TOBIAS KURZKE, GREG              **FOR TRADE SECRET APPROPRIATION,**
    HOFFMEYER, GENEVIEVE FAY,              **AND BREACH OF CONTRACT**
22  KATALIN SPENCER, TERRY KEITH
    BROCK, CHARLES GUIBORD, JR.,
23  JOSEPH CICCANESI, AND MICHAEL
    CHEN,                                  TAC Filed:    April 3, 2020
24                                         SAC Filed:    January 6, 2020
                Defendants.                FAC Filed:    November 27, 2019
25                                         Compl. Filed: July 19, 2019
                                           Trial Date:   April 26, 2021
26

27

28
                                           CASE NO. 4:19-CV-04162-SBA (LB)
    ───────────────────────────────────────────────────────────────
    DEFENDANT TOPCON MEDICAL SYSTEMS, INC. AND TOPCON HEALTHCARE SOLUTION INC.'S
    ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

1    Defendants TOPCON MEDICAL SYSTEMS, INC. and TOPCON HEALTHCARE

2    SOLUTIONS, INC. (collectively referred to as "Defendants" or "Topcon"), by and through their

3    undersigned counsel, respectfully submits the following Answer and Affirmative Defenses to the

4    Third Amended Complaint ("TAC") of Plaintiff CARL ZEISS MEDITEC, INC. ("Plaintiff" or

5    "Zeiss" or "CZMI") in the above-captioned matter.

6                                    **PRELIMINARY STATEMENT**

7          Topcon's Answer and Affirmative Defenses are based upon its investigation to date,

8    which is ongoing, and Topcon reserves the right to supplement, clarify, or amend its Answer and

9    Affirmative Defenses during the course of litigation, as additional information becomes available

10   and as the investigation continues.  For the sake of clarity and avoidance of doubt, to the extent

11   an allegation in the TAC is not expressly admitted, Topcon denies each and every such allegation.

12   Relatedly, many of the TAC's allegations state legal conclusions that do not require a response

13   or purport to characterize or selectively quote from documents out of context. To the extent

14   responses are required to any such allegations, Topcon denies all such allegations. Topcon further

15   denies any allegations contained in, or references that may be drawn from, the captions contained

16   in the TAC, or any other portion of the TAC outside of its numbered paragraphs.  Additionally,

17   Topcon asserts that this action is without merit and that no relief is warranted.

18         Finally, much of the TAC has been filed under seal, and therefore Topcon has been unable

19   to evaluate those portions of the TAC to determine the truth or falsehood of any of those

20   statements alleged.  To the extent a response is required to those allegations of the TAC that were

21   filed under seal, Topcon denies those allegations because Topcon is without sufficient knowledge

22   or information to form a belief regarding the truth of those allegations.

23         In response to each of the numbered paragraphs of the TAC, Topcon respectfully responds

24   as follows:

25   **I.    INTRODUCTION**

26         1.    Paragraph 1 states legal conclusions to which no response is required.  To the

27   extent a response is required, Topcon lacks knowledge or information sufficient to form a belief

28   about why CZMI brings this action, and on that basis, denies those allegations.  Topcon lacks

DEFENDANT TOPCON MEDICAL SYSTEMS, INC. AND TOPCON HEALTHCARE SOLUTION INC.'S
ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

1    sufficient knowledge or information to form a belief about allegations against the other

2    Defendants, and on that basis, denies those allegations.

3         2.      Topcon admits that in early 2018, it started a software division to develop software

4    products, Topcon Healthcare Solutions.  Except as expressly admitted, Topcon lacks sufficient

5    knowledge or information to form a belief as to the rest of the allegations of Paragraph 2, and, on

6    that basis, denies the rest of the allegations.

7         3.      Topcon denies that Tobias Kurzke is the Director of Product Management for

8    Topcon Healthcare Solutions. Topcon lacks sufficient knowledge or information to form a belief

9    as to the rest of the allegations of Paragraph 3, and, on that basis, denies the rest of the allegations.

10        4.      Paragraph 4 states legal contentions to which no response is required.  To the

11   extent a response is required, Topcon lacks sufficient information to form a belief as to the

12   allegations asserted in Paragraph 4, and, on that basis, denies the allegations.

13        5.      Paragraph 5 states legal contentions to which no response is required.  To the

14   extent a response is required, Topcon denies each and every allegation contained in Paragraph 5.

15        6.      Paragraph 6 states legal contentions to which no response is required. Topcon

16   admits that the Third Amended Complaint superseded Topcon's Answer to the Second Amended

17   Complaint. Paragraph 6 contains allegations that were filed under seal and cites Exhibits 2 and 3

18   that were filed under seal by CZMI.  To the extent a response is required, Topcon lacks sufficient

19   information to form a belief as to the allegations asserted in Paragraph 6, and, on that basis, denies

20   the allegations.

21        7.      Paragraph 7 contains allegations that were filed under seal and cites Exhibit 2  that

22   was filed under seal by CZMI.  To the extent a response is required, Topcon lacks sufficient

23   information to form a belief as to the allegations asserted in Paragraph 7, and, on that basis, denies

24   the allegations.

25        8.      Paragraph 8 contains allegations that were filed under seal and cites Exhibit 3 that

26   was filed under seal by CZMI.  To the extent a response is required, Topcon lacks sufficient

27   information to form a belief as to the allegations asserted in Paragraph 8, and, on that basis, denies

28   the allegations.

DEFENDANT TOPCON MEDICAL SYSTEMS, INC. AND TOPCON HEALTHCARE SOLUTION INC.'S
ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

9.     Paragraph 9 contains allegations that were filed under seal and cites Exhibit 3 that was filed under seal by CZMI. To the extent a response is required, Topcon lacks sufficient information to form a belief as to the allegations asserted in Paragraph 9, and, on that basis, denies the allegations.

10.     Topcon admits that it develops products that compete with products produced by CZMI. Topcon denies using any CZMI trade secrets or confidential information in the development of its products. Unless admitted, Topcon denies the allegations of Paragraph 10.

11.     Paragraph 11 states legal contentions to which no response is required. Also, Paragraph 11 contains allegations relating to Exhibit 3 that was filed under seal by CZMI. To the extent a response is required, Topcon admits: that Glaucoma Module is a Topcon product that will compete with CZMI's Glaucoma Workplace; that Mr. Kurzke is the Topcon Product Manager for Glaucoma Module; Mr. Kurzke previously served as Product Manager for CZMI's Glaucoma Workplace, but was not the Product Manager for Glaucoma Workplace in the last two years of his employment at CZMI. Topcon denies that its development of Glaucoma Module or any Topcon product would not be possible but for the misappropriation and misuse of alleged CZMI trade secrets and confidential information. Except as expressly admitted, Topcon lacks sufficient information to form a belief as to the allegations asserted in Paragraph 11, and, on that basis, denies the allegations.

12.     Paragraph 12 states legal contentions to which no response is required. Also, Paragraph 12 contains allegations that were filed under seal and cite Exhibit 2 that was filed under seal by CZMI. To the extent a response is required, Topcon lacks sufficient information to form a belief as to the allegations asserted in Paragraph 12, and, on that basis, denies the allegations.

13.     Paragraph 13 states legal contentions to which no response is required. Also, Paragraph 13 contains allegations that were filed under seal by CZMI. To the extent a response is required, Topcon admits that Mr. Kurzke was an inventor on the '251 Patent. Except as expressly admitted, Topcon lacks sufficient information to form a belief as to the allegations asserted in Paragraph 13, and, on that basis, denies the allegations.

///

DEFENDANT TOPCON MEDICAL SYSTEMS, INC. AND TOPCON HEALTHCARE SOLUTION INC.'S
ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

14.     Topcon denies the allegations in Paragraph 14.

15.     Paragraph 15 states legal contentions to which no response is required.  Paragraph 15 also contains an allegation that was filed under seal by CZMI.  To the extent a response is required, Topcon admits that it plans to release a product named Glaucoma Module.  Except as expressly admitted, Topcon denies each and every remaining allegation contained in Paragraph 15 as to Topcon.

16.     Topcon admits that CZMI sent a cease and desist letter in March 2019.  Except as expressly admitted, Topcon denies each and every remaining allegation contained in Paragraph 16.

## II.     PARTIES

17.     Topcon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 17, and, on that basis, denies the allegations.

18.     As to Paragraph 18, CZMI and Topcon entered into a joint stipulation on March 25, 2020 that dismissed Topcon Corporation as a defendant.  (Dkt. No. 183.)  Accordingly, a response to Paragraph 18 is not required.  To the extent a response is required, Topcon admits that Topcon Corporation is incorporated under the laws of Japan and has its principal place of business in Tokyo, Japan.

19.     Topcon admits that Topcon Medical Systems is incorporated under the laws of the State of New York and has its principal place of business at 111 Bauer Drive, Oakland, New Jersey.  Topcon admits that Mr. Kurzke performs work in this District. Topcon denies that Mr. Hoffmeyer works within this District. Topcon denies that Ms. Fay performs work in this District as she is no longer an employee of Topcon. Topcon denies that Ms. Spencer performs work in this District.  Topcon admits that Mr. Brock performs work in this District. Topcon denies that Mr. Guibord performs work in this District. Topcon denies that Mr. Ciccanesi performs work in this District. Topcon admits that Dr. Chen performs work in this District. Except as expressly admitted, Topcon lacks sufficient knowledge or information to form a belief as to the truth of the rest of allegations in Paragraph 19, and, on that basis, denies the rest of the allegations.

///

DEFENDANT TOPCON MEDICAL SYSTEMS, INC. AND TOPCON HEALTHCARE SOLUTION INC.'S
ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

20.     Topcon admits that Topcon Healthcare Solutions is incorporated under the laws of the State of New York and has its principal place of business at 111 Bauer Drive, Oakland, New Jersey.  Topcon admits that Mr. Kurzke performs work in this District. Topcon denies that Mr. Hoffmeyer works within this District. Topcon denies that Ms. Fay performs work in this District as she is no longer an employee of Topcon. Topcon denies that Ms. Spencer performs work in this District.  Topcon admits that Mr. Brock performs work in this District. Topcon denies that Mr. Guibord performs work in this District. Topcon denies that Mr. Ciccanesi performs work in this District. Topcon admits that Dr. Chen performs work in this District. Except as expressly admitted, Topcon lacks sufficient knowledge or information to form a belief as to the truth of the rest of allegations in Paragraph 2-0, and, on that basis, denies the rest of the allegations.

21.     Topcon admits the allegations of Paragraph 21.

22.     Topcon admits that Tobias Kurzke is the Director of Product Management for Topcon Healthcare Solutions and resides in Pleasanton, California.

23.     Topcon admits that Greg Hoffmeyer works for Topcon Medical Solutions as the Director of OCT Clinical Sales and resides in Chapel Hill, North Carolina.

24.     Topcon denies that Genevieve Fay currently works for Topcon Medical Systems, Inc. as the Senior Director of Global Marketing.  Topcon denies that Ms. Fay lives in Dublin, California.

25.     Topcon denies that Katalin Spencer is a Trade Show Manager for Topcon Healthcare Solutions, Inc. . Topcon denies that Ms. Spencer resides in Reno, Nevada.

26.     Topcon admits that Terry Keith Brock works as a Senior Director of Product Management for Topcon Medical Systems, Inc. Topcon denies that Mr. Brock lives in Oakland, California.

27.     Topcon admits that Charles Guibord, Jr. works for Topcon Medical Systems as a clinical sales manager and resides in Newbury Park, California.

28.     Topcon admits that Joseph Ciccanesi works for Topcon Medical Systems, Inc. as a director of clinical sales, and resides in Stratham, New Hampshire.

///

29.    Topcon admits that Michael Chen works for Topcon Medical Systems, Inc. as a global upstream product manager. Topcon denies that Mr. Chen resides in Berkeley, California.

III.    **JURISDICTION AND VENUE**

30.    Paragraph 30 states legal contentions to which no response is required.  To the extent a response is required, Topcon lacks sufficient information or knowledge to form a belief as to the truth of the allegations asserted in Paragraph 30, and, on that basis, denies the allegations.

31.    Paragraph 31 states legal contentions to which no response is required.  To the extent a response is required, Topcon admits that three of the eight individual defendants work for Topcon within this District.  Topcon lacks sufficient information or knowledge to form a belief as to the truth of the rest of the allegations asserted in Paragraph 31, and, on that basis, denies the rest of the allegations.

32.    Paragraph 32 states legal contentions to which no response is required.  To the extent a response is required, Topcon lacks sufficient information or knowledge to form a belief as to the truth of the allegations asserted in Paragraph 32, and, on that basis, denies the allegations.

IV.    **FACTUAL ALLEGATIONS**

A.    **CZMI'S Leadership of the Ophthalmic Diagnostics Industry**

33.    Topcon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 33, and, on that basis, denies the allegations.

34.    Topcon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 34, and, on that basis, denies the allegations.

35.    Topcon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 35, and, on that basis, denies the allegations.

36.    Topcon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 36, and, on that basis, denies the allegations.

37.    Topcon admits that any organization which wishes to compete in the industry must significantly invest in ODx, given the significant costs. Topcon admits that it and CZMI are part of large, multinational corporations that specialize in the ophthalmic industry.  Topcon lacks sufficient knowledge to form a belief as to the truth of the allegations in Paragraph 39 pertaining

to the industry closely watching each other and the commercialization of various technologies. Topcon lacks sufficient information to form a belief as to the remaining allegations contained in Paragraph 37, and, on that basis, denies the allegations.

38.     Topcon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 38, and, on that basis, denies the allegations.

39.     Topcon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 39, and, on that basis, denies the allegations.

40.     Topcon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 40, and, on that basis, denies the allegations.

**B.     The CZMI ODx Products**

41.     Topcon admits that FORUM is one of CZMI's products.  Except as expressly admitted, Topcon lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 41, and, on that basis, denies the remaining allegations.

42.     Topcon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 42, and, on that basis, denies the allegations.

43.     Topcon admits that Glaucoma Workplace is one of CZMI's products. Except as expressly admitted, Topcon lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 43, and, on that basis, denies the remaining allegations.

44.     Topcon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 44, and, on that basis, denies the allegations.

45.     Topcon admits that commercializing a product requires significant software development, regulatory approval, testing, marketing and sales, and related documentation in support of those activities.  Except as expressly admitted, Topcon lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 45, and, on that basis, denies the remaining allegations.

46.     Paragraph 46 contains allegations that were filed under seal by CZMI, and allegations relating to Exhibit 11 that was filed under seal by CZMI.  To the extent a response is

DEFENDANT TOPCON MEDICAL SYSTEMS, INC. AND TOPCON HEALTHCARE SOLUTION INC.'S
ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

required, Topcon lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 46, and, on that basis, denies the allegations.

47.    Paragraph 47 contains allegations relating to Exhibit 11 that was filed under seal by CZMI.  To the extent a response is required, Topcon lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 47, and, on that basis, denies the allegations.

48.    Paragraph 48 contains allegations that were filed under seal by CZMI, and allegations relating to Exhibit 3 that was filed under seal by CZMI.  To the extent a response is required, Topcon lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 48, and, on that basis, denies the allegations.

49.    Paragraph 49 contains allegations that were filed under seal by CZMI, and allegations relating to Exhibits 2 and 3 that were filed under seal by CZMI.  To the extent a response is required, Topcon lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 49, and, on that basis, denies the allegations.

50.    Paragraph 50 contains allegations that were filed under seal by CZMI, and allegations relating to Exhibit 12 that was filed under seal by CZMI.  To the extent a response is required, Topcon lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 50, and, on that basis, denies the allegations.

51.    Paragraph 51 contains allegations that were filed under seal by CZMI, and allegations relating to Exhibits 11 through 19 that were filed under seal by CZMI.  To the extent a response is required, Topcon lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 51, and, on that basis, denies the allegations.

52.    Paragraph 52 contains allegations that were filed under seal by CZMI, and allegations relating to documents that were filed under seal by CZMI.  To the extent a response is required, Topcon lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 52, and, on that basis, denies the allegations.

///

///

///

DEFENDANT TOPCON MEDICAL SYSTEMS, INC. AND TOPCON HEALTHCARE SOLUTION INC.'S
ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

1    **C.    The Alleged CZMI TRADE SECRETS, the Alleged CZMI Confidential**

2    **Information, and the '251 Patent**

3    53.    Topcon lacks sufficient knowledge or information to form a belief as to the truth

4    of the allegations in Paragraph 53, and, on that basis, denies the allegations.

5    54.    Topcon lacks sufficient knowledge or information to form a belief as to the truth

6    of the allegations in Paragraph 54, and, on that basis, denies the allegations.

7    55.    Topcon lacks sufficient knowledge or information to form a belief as to the truth

8    of the allegations in Paragraph 55, and, on that basis, denies the allegations.

9    56.    Topcon lacks sufficient knowledge or information to form a belief as to the truth

10    of the allegations in Paragraph 56, and, on that basis, denies the allegations.

11    57.    Topcon lacks sufficient knowledge or information to form a belief as to the truth

12    of the allegations in Paragraph 57, and, on that basis, denies the allegations.

13    58.    Topcon admits that Mr. Kurzke was a CZMI Product Manager for Glaucoma

14    Workplace, but was not the Product Manager for Glaucoma Workplace, during the last two years

15    of his employment at CZMI. Unless expressly admitted, Topcon lacks sufficient knowledge or

16    information to form a belief as to the truth of the allegations in Paragraph 58, and, on that basis,

17    denies the allegations.

18    59.    Topcon admits Mr. Kurzke previously worked as a Software Program Manager

19    for three years and System Integration Manager for two years for CZMI Germany.  Topcon denies

20    the remaining allegations contained in Paragraph 59.

21    60.    Topcon denies Mr. Kurzke worked closely with sales or clinical research while

22    working as a Product Manager for CZMI.   Topcon denies Mr. Kurzke had sole global

23    responsibility for market introduction of Glaucoma Workplace and Retina Workplace.  Topcon

24    admits the remaining allegations contained in Paragraph 60.

25    61.    Topcon denies that "All of the Former Employees also had roles for the CZMI

26    ODx Products that included Glaucoma Workplace and Retina Workplace."   Topcon lacks

27    sufficient information or knowledge to form a belief as to the truth of the remaining allegations

28    in Paragraph 61, and, on that basis, denies the allegations.

1   62.    Topcon admits Mr. Hoffmeyer's role at CZMI related to OCT and that

2   Mr. Brock's and Mr. Chen's roles at CZMI related in part to fundus imaging. Topcon denies

3   Mr. Brock or Mr. Chen had sales or technical roles at CZMI. Topcon lacks sufficient knowledge

4   or information to form a belief as to the truth of the remaining allegations in Paragraph 62, and,

5   on that basis, denies the remaining allegations.

6   63.    Topcon denies Mr. Ciccanesi's role at CZMI between 2017 and the time he

7   resigned related to ODx Products.  Topcon admits Mr. Guibord was part of CZMI's sales team

8   and his role related to ODx Products.  Topcon denies Ms. Fay had "global responsibility for the

9   CZMI ODx Products."  Topcon admits Ms. Spencer worked as a Trade Show Coordinator at

10  CZMI. Topcon lacks sufficient knowledge or information to form a belief as to the truth of the

11  remaining allegations in Paragraph 63, and, on that basis, denies the remaining allegations.

12  64.    Topcon denies the allegations in Paragraph 64.

13  65.    Paragraph 65 contains allegations that were filed under seal by CZMI, and

14  allegations relating to Exhibit 1 that was filed under seal by CZMI.  To the extent a response is

15  required, Topcon lacks sufficient knowledge or information to form a belief as to the truth of the

16  allegations in Paragraph 65, and, on that basis, denies the allegations.

17  66.    Topcon lacks sufficient knowledge or information to form a belief as to the truth

18  of the allegations in Paragraph 66, and, on that basis, denies the allegations.

19  67.    Paragraph 67 contains allegations that were filed under seal by CZMI, and

20  allegations relating to Exhibit 1 that was filed under seal by CZMI.  To the extent a response is

21  required, Topcon lacks sufficient information to form a belief as to the truth of the allegations in

22  Paragraph 67, and, on that basis, denies the allegations.

23  68.    Paragraph 68 states legal contentions to which no response is required. Also,

24  Paragraph 68 contains allegations that were filed under seal by CZMI, and allegations relating to

25  Exhibit 1, Exhibit 3 and Exhibits 20 through 26 that were filed under seal by CZMI.  To the extent

26  a response is required, Topcon lacks sufficient information to form a belief as to the truth of the

27  allegations in Paragraph 68, and, on that basis, denies the allegations.

28  ///

DEFENDANT TOPCON MEDICAL SYSTEMS, INC. AND TOPCON HEALTHCARE SOLUTION INC.'S
ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

69.     Topcon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 69, and, on that basis, denies the allegations.

70.     Paragraph 70 states legal contentions to which no response is required. To the extent a response is required, Topcon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 70, and, on that basis, denies the allegations.

71.     Paragraph 71 states legal contentions to which no response is required. To the extent a response is required, Topcon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 71, and, on that basis, denies the allegations.

72.     Paragraph 72 states legal contentions to which no response is required. To the extent a response is required, Topcon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 72, and, on that basis, denies the allegations.

73.     Paragraph 73 states legal contentions to which no response is required. Also, Paragraph 73 contains allegations relating to Exhibit 1 that was filed under seal by CZMI. To the extent a response is required, Topcon lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 73, and, on that basis, denies the allegations.

74.     Paragraph 74 contains allegations relating to Exhibit 1 and Exhibits 20 through 26 that were filed under seal by CZMI. To the extent a response is required, Topcon lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 74, and, on that basis, denies the allegations.

75.     Paragraph 75 contains allegations relating to Exhibits 1 and 2 that were filed under seal by CZMI. To the extent a response is required, Topcon lacks sufficient information to form a belief as to the truth of the allegations in Paragraph 75, and, on that basis, denies the allegations.

76.     Paragraph 74 contains allegations relating to Exhibits 1, 3, and 20 through 26 that were filed under seal by CZMI. To the extent a response is required, Topcon lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 74, and, on that basis, denies the allegations.

///

///

77.     Topcon lacks sufficient knowledge or information to form a belief as to the truth of the allegations asserted in Paragraph 77 because the allegations relate to Exhibits 1, 20, 21, 22, 23, 24, 25, and 26 that were filed under seal, and, on that basis, denies the allegations.

78.     Paragraph 78 states legal contentions to which no response is required. Paragraph 78 was partially filed under seal, and contains allegations relating to Exhibits 2 and 3 that were filed under seal by CZMI. Therefore, Topcon lacks sufficient information to form a belief as to the allegations asserted in Paragraph 78, and, on that basis, denies the allegations.

79.     Topcon lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 79, and, on that basis, denies the allegations.

**D.    Defendants Did Not Misappropriate CZMI Trade Secrets or Confidential Information**

80.     Topcon lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 80, and, on that basis, denies the allegations.

81.     Topcon admits that the Former Employees signed agreements related to their employment with CZMI. Topcon lacks sufficient information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 81 because the allegations relate to Exhibits 12 through 19 that were filed under seal, and, on that basis, denies the allegations.

82.     Paragraph 82 states legal contentions to which no response is required. To the extent a response is required, Topcon lacks sufficient knowledge or information to form a belief as to the allegations asserted in Paragraph 82 because the allegations were filed under seal or relate to exhibits that were filed under seal, and, on that basis, denies the allegations.

83.     Topcon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 83, and, on that basis, denies the allegations.

84.     Topcon denies each and every allegation contained in Paragraph 84.

85.     Topcon admits that when Mr. Kurzke joined Topcon, he was assigned as Product Manager for Topcon's Glaucoma Module software; and Topcon co-presented a poster at the World Glaucoma Congress that had mock-ups for a product concept, which was eventually implemented in Glaucoma Module. Topcon lacks sufficient knowledge or information to form a

DEFENDANT TOPCON MEDICAL SYSTEMS, INC. AND TOPCON HEALTHCARE SOLUTION INC.'S
ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

belief as to the allegations asserted in Paragraph 85 because the allegations were filed under seal, relate to allegations that were filed under seal or relate to Exhibit 3 that was filed under seal, and, on that basis, denies the allegations.

86.    Topcon lacks sufficient knowledge or information to form a belief as to the allegations asserted in Paragraph 86 because the allegations were filed under seal and relate to Exhibit 3 that was filed under seal, and, on that basis, denies the allegations.

87.    Paragraph 87 states legal contentions to which no response is required.  To the extent a response is required, Topcon denies each and every allegation contained in Paragraph 87.

88.    Paragraph 88 states legal contentions to which no response is required.  To the extent a response is required, Topcon lacks sufficient knowledge or information to form a belief as to the allegations asserted in Paragraph 88 because the allegations were filed under seal, relate to allegations that were filed under seal, or relate to Exhibit 27 that was filed under seal, and, on that basis, denies the allegations.

89.    Paragraph 89 states legal contentions to which no response is required.  To the extent a response is required, Topcon lacks sufficient knowledge or information to form a belief as to the allegations asserted in Paragraph 89 because the allegations relate to Exhibits 1, 2, and 28 through 34 that were filed under seal, and, on that basis, denies the allegations.

90.    Paragraph 90 states legal contentions to which no response is required.  To the extent a response is required, Topcon lacks sufficient knowledge or information to form a belief as to the allegations asserted in Paragraph 90 because the allegations were filed under seal, relate to allegations that were filed under seal, or relate to Exhibits 2, 3, 12, and 27 that were filed under seal, and, on that basis, denies the allegations.

91.    Paragraph 91 states legal contentions to which no response is required.  To the extent a response is required, Topcon lacks sufficient knowledge or information to form a belief as to the allegations asserted in Paragraph 91 because the allegations were filed under seal or relate to allegations that were filed under seal, and, on that basis, denies the allegations.

92.    Topcon lacks sufficient knowledge or information to form a belief as to the allegations asserted in Paragraph 92 because the allegations were filed under seal, and, on that

DEFENDANT TOPCON MEDICAL SYSTEMS, INC. AND TOPCON HEALTHCARE SOLUTION INC.'S
ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

basis, denies the allegations.

93.    Topcon lacks sufficient knowledge or information to form a belief as to the allegations asserted in Paragraph 93 because the allegations were filed under seal, and, on that basis, denies the allegations.

94.    Paragraph 94 contains allegations that were filed under seal by CZMI.  To the extent a response is required, Topcon admits that a poster referred to as an "Abstract" was submitted but specifically denies that Mr. Kurzke submitted the poster himself or was the sole author of the poster and abstract.  Except as expressly admitted, Topcon denies the remaining allegations contained in Paragraph 94.

95.    Paragraph 95 states legal contentions to which no response is required.  To the extent a response is required, Topcon denies that any Topcon documents filed with the Third Amended Complaint evidence any misappropriation of CZMI trade secrets. As for the remaining allegations, Topcon lacks sufficient knowledge or information to form a belief as to the allegations asserted in Paragraph 95 because the allegations were filed under seal, relate to allegations that were filed under seal, or relate to Exhibits 1, and 29 through 34 that were filed under seal, and, on that basis, denies the allegations.

96.    Topcon admits that the Abstract shown in Exhibit 29 disclosed screenshots of aa product Topcon now calls "Glaucoma Module."  Topcon admits the allegation of Paragraph 96 that Tobias Kurzke was a co-author of the Abstract, which claims to present "a strategy for clinical testing information management specifically designed for the [glaucoma suspects]." Except as expressly admitted, Topcon denies the remaining allegations contained in Paragraph 96.

97.    Topcon admits that the Abstract shown in Exhibit 29 makes the statements alleged in Paragraph 97.  Except as expressly admitted, Topcon denies the remaining allegations contained in Paragraph 97.

98.    Topcon admits that the Abstract shown in Exhibit 29 makes the statements alleged in Paragraph 98.  Except as expressly admitted, Topcon denies the remaining allegations contained in Paragraph 98.

99.    Paragraph 99 states legal contentions to which no response is required.  To the

extent a response is required, Topcon denies that the Abstract evidences any misappropriation of CZMI trade secrets. Further, Paragraph 99 contains allegations relating to Exhibit 1 that was filed under seal by CZMI.  As for the remaining allegations in this paragraph, Topcon lacks sufficient information to form a belief as to the allegations asserted in Paragraph 99, and, on that basis, denies the allegations.

100.    Paragraph 100 states legal contentions to which no response is required. To the extent a response is required, Topcon denies that the Abstract evidences any misappropriation of CZMI trade secrets. Further, Paragraph 100 contains allegations relating to Exhibit 1 that was filed under seal by CZMI.  As for the remaining allegations in this paragraph,, Topcon lacks sufficient information to form a belief as to the allegations asserted in Paragraph 100, and, on that basis, denies the allegations.

101.    Paragraph 101 states legal contentions to which no response is required.  To the extent a response is required, Topcon admits that Mr. Kurzke was a CZMI employee; was the Product Manager for Glaucoma Workplace, but was not Product Manager for Glaucoma Workplace in the last two years of his CZMI employment; and is listed an inventor on the '251 patent. Further, Paragraph 101 contains allegations relating to Exhibits 1 and 2 that were filed under seal by CZMI.  As for the remaining allegations in this paragraph,, Topcon lacks sufficient information to form a belief as to the allegations asserted in Paragraph 101, and, on that basis, denies the allegations.

102.    Paragraph 102 states legal contentions to which no response is required.  To the extent a response is required, Topcon denies that any Topcon documents filed with the Third Amended Complaint evidence any misappropriation of CZMI trade secrets. As for the remaining allegations, Paragraph 102 was partially filed under seal, and contains allegations relating to Exhibits 1 and 30 that were filed under seal by CZMI.  Therefore, Topcon lacks sufficient information to form a belief as to the allegations asserted in Paragraph 102, and, on that basis, denies the allegations.

103.    Paragraph 103 states legal contentions to which no response is required.  To the extent a response is required, Topcon denies that any Topcon documents filed with the Third

Amended Complaint evidence any misappropriation of CZMI trade secrets. As for the remaining allegations, Paragraph 103 was partially filed under seal, and contains allegations relating to Exhibits 2 and 31 that were filed under seal by CZMI.  Therefore, Topcon lacks sufficient information to form a belief as to the allegations asserted in Paragraph 103, and, on that basis, denies the allegations.

104.     Paragraph 104 states legal contentions to which no response is required.  To the extent a response is required, Topcon denies that any Topcon documents filed with the Third Amended Complaint evidence any misappropriation of CZMI trade secrets. As for the remaining allegations, Paragraph 104 was partially filed under seal by CZMI, and contains direct references to Exhibits 1, 31, and 32 that were also filed under seal.  Therefore, Topcon lacks sufficient information to form a belief as to the allegations asserted in Paragraph 104, and, on that basis, denies the allegations.

105.     Topcon denies that any Topcon documents filed with the Third Amended Complaint evidence any misappropriation of CZMI trade secrets. As for the remaining allegations, Topcon lacks sufficient information to form a belief as to the allegations asserted in Paragraph 105 because the allegations were filed under seal, and, on that basis, denies the allegations.

106.     Topcon denies that any Topcon documents filed with the Third Amended Complaint evidence any misappropriation of CZMI trade secrets. As for the remaining allegations, Topcon lacks sufficient information to form a belief as to the allegations asserted in Paragraph 106 because the allegations were filed under seal, and, on that basis, denies the allegations.

107.     Topcon denies that any Topcon documents filed with the Third Amended Complaint evidence any misappropriation of CZMI trade secrets. As for the remaining allegations, Topcon lacks sufficient information to form a belief as to the allegations asserted in Paragraph 107 because the allegations were filed under seal, and, on that basis, denies the allegations.

108.     Topcon denies that any Topcon documents filed with the Third Amended

Complaint evidence any misappropriation of CZMI trade secrets. As for the remaining allegations, Topcon lacks sufficient information to form a belief as to the allegations asserted in Paragraph 108 because the allegations were filed under seal, and, on that basis, denies the allegations.

109.    Topcon denies that any Topcon documents filed with the Third Amended Complaint evidence any misappropriation of CZMI trade secrets. As for the remaining allegations, Paragraph 109 contains allegations relating to Exhibit 33 that was filed under seal by CZMI.  To the extent a response is required, Topcon lacks sufficient information to form a belief as to the truth of the allegations asserted in Paragraph 109, and, on that basis, denies the allegations.

110.    Paragraph 110 states legal contentions to which no response is required.  To the extent a response is required, Topcon denies that any Topcon documents filed with the Third Amended Complaint evidence any misappropriation of CZMI trade secrets. As for the remaining allegations, Paragraph 110 contains allegations relating to Exhibit 1 that was filed under seal by CZMI.  Therefore, Topcon lacks sufficient information to form a belief as to the allegations asserted in Paragraph 110, and, on that basis, denies the allegations.

111.    Paragraph 111 states legal contentions to which no response is required.  To the extent a response is required, Topcon admits that it plans to release a product called "Glaucoma Module" in the next few months pending final regulatory approval from the Food and Drug Administration.   Moreover, to the extent a response is required, Paragraph 111 contains allegations relating to Exhibit 1 that was filed under seal by CZMI.  Therefore, Topcon lacks sufficient information to form a belief as to the truth of the allegations asserted in Paragraph 111, and, on that basis, denies the allegations.

112.    Topcon denies each and every allegation contained in Paragraph 112.

113.    Topcon lacks sufficient information to form a belief as to the allegations asserted in Paragraph 113 because the allegations were filed under seal, and, on that basis, denies the allegations.

114.    Topcon lacks sufficient information to form a belief as to the allegations asserted

CASE NO. 4:19-CV-04162-SBA (LB)
DEFENDANT TOPCON MEDICAL SYSTEMS, INC. AND TOPCON HEALTHCARE SOLUTION INC.'S
ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

in Paragraph 114 because the allegations were filed under seal, and, on that basis, denies the allegations.

115.   Paragraph 115 states legal contentions to which no response is required.  To the extent a response is required, Topcon denies each and every allegation contained in Paragraph 115.

116.   Paragraph 116 states legal contentions to which no response is required.  To the extent a response is required, Topcon admits that in 2012, the District of Massachusetts issued an injunction and eventual consent judgment against Topcon and one of its employees.  Except as expressly admitted, Topcon denies each and every remaining allegation contained in Paragraph 116.

117.   Paragraph 117 states legal contentions to which no response is required.  To the extent a response is required, Topcon denies each and every allegation contained in Paragraph 117.

118.   Paragraph 118 states legal contentions to which no response is required.  To the extent a response is required, Topcon denies each and every allegation contained in Paragraph 118.

## E.   Defendants Did Not Misappropriate Any CZMI TRADE SECRETS and CZMI Confidential Information

119.   Topcon denies each and every allegation contained in Paragraph 119.

120.   Topcon lacks sufficient knowledge or information to form a belief as to the allegations asserted in Paragraph 120, and, on that basis, denies the allegations.

121.   Topcon admits that it started around February 2018, and Topcon admits that Topcon Healthcare Solutions has approximately 86 employees in the United States and approximately 34 employees in Finland.  Topcon admits that the Abstract submitted by Topcon shown in Exhibit 29 and directly referenced in Paragraph 121 states, "[t]his poster demonstrates a strategy for clinical testing information management specifically designed for the GS.  The proposed analysis and presentation guide the clinician in identifying the earliest evidence of change and the confirmatory presence of a structure function correlation."  Unless expressly

admitted, Topcon denies the remaining allegations in Paragraph 121.

122.    Paragraph 122 states legal contentions to which no response is required.  To the extent a response is required, Topcon denies each and every allegation contained in Paragraph 122.

123.    Paragraph 123 states legal contentions to which no response is required.  To the extent a response is required, Topcon lacks sufficient knowledge or information to form a belief as to the allegations asserted in Paragraph 123 because the allegations were filed under seal or relate to allegations that were filed under seal, and, on that basis, denies the allegations.  Topcon denies each and every remaining allegation in Paragraph 123.

124.    Topcon lacks sufficient knowledge or information to form a belief as to the allegations asserted in Paragraph 124 because the allegations relate to Exhibit 1 that was filed under seal, and, on that basis, denies the allegations.  Topcon denies each and every remaining allegation contained in Paragraph 124.

125.    Topcon lacks sufficient knowledge or information to form a belief as to the allegations asserted in Paragraph 125 because the allegations were filed under seal or relate to allegations that were filed under seal, and, on that basis, denies the allegations.  Topcon denies each and every remaining allegation contained in Paragraph 125.

126.    Paragraph 126 states legal contentions to which no response is required.  To the extent a response is required, Topcon denies each and every allegation contained in Paragraph 126.

F.    **Defendants' Glaucoma Module Does Not Infringe the '251 Patent**

127.    Topcon admits that on May 15, 2018, U.S. Patent No. 9,968,251, titled Combined Structure-Function Guided Progression Analysis, was issued. Topcon admits that a copy of the '251 Patent is attached to the Third Amended Complaint as Exhibit 3. Topcon lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 127, and, on that basis, denies the allegations.

128.    Paragraph 128 states legal contentions to which no response is required.  To the extent a response is required, Topcon lacks sufficient knowledge or information to form a belief

DEFENDANT TOPCON MEDICAL SYSTEMS, INC. AND TOPCON HEALTHCARE SOLUTION INC.'S
ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

as to the truth of the allegations in Paragraph 128, and, on that basis, denies the allegations.

129.    Topcon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 129, and, on that basis, denies the allegations.

130.    Topcon admits that CZMI contacted Topcon by letter on December 20, 2019. Topcon admits that a copy of the letter communication is attached as Exhibit 36.  Except as expressly admitted, Topcon lacks information or knowledge to form a belief as to the truth of the remaining allegations in Paragraph 130.

131.    Topcon denies that it makes, uses, sells, offers for sale, and/or imports into the United States and this District its Glaucoma Module products.

132.    Topcon denies each and every allegation contained in Paragraph 132.

133.    Paragraph 133 states legal contentions to which no response is required.  Also, the Court granted Topcon's partial 12(b)(6) Motion to Dismiss the patent infringement cause of action from CZMI's TAC without leave to amend.  (Dkt. No. 260.)  Accordingly, a response to Paragraph 133 is not required.  To the extent a response is required, Topcon denies each and every allegation contained in Paragraph 133.

134.    Topcon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 134, and, on that basis, denies the allegations.

135.    Topcon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 135, and, on that basis, denies the allegations.

136.    Topcon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 136, and, on that basis, denies the allegations.

137.    Topcon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 137, and, on that basis, denies the allegations.

138.    Paragraph 138 states legal contentions to which no response is required.  To the extent a response is required, Topcon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 138, and, on that basis, denies the allegations.

///

///

DEFENDANT TOPCON MEDICAL SYSTEMS, INC. AND TOPCON HEALTHCARE SOLUTION INC.'S
ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

**G.    Defendants' Did Not Tortuously Interfere with CZMI' Alleged Prospective Economic Advantage**

139.    Topcon admits that Mr. Hoffmeyer was a former employee of CZMI.   Topcon denies that it is misappropriating OCT-related products from CZMI.  Topcon lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 139, and on that basis, denies the allegations.

140.    Topcon admits that Ms. Fay was a former employee of CZMI.  Topcon lacks sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 140, and, on that basis, denies the allegations.

141.    Topcon lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 141, and, on that basis, denies the allegations.

142.    Paragraph 142 states legal contentions to which no response is required.  To the extent a response is required, Topcon denies each and every allegation in Paragraph 142.

143.    Topcon lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 143, and, on that basis, denies the allegations.

144.    Paragraph 144 states legal contentions to which no response is required. Topcon lacks sufficient information to form a belief as to the allegations asserted in Paragraph 144 because the allegations were filed under seal or relate to allegations that were filed under seal and Exhibit 37 that was filed under seal, and, on that basis, denies the allegations.

145.    Paragraph 145 states legal contentions to which no response is required. Topcon lacks sufficient information to form a belief as to the allegations asserted in Paragraph 145 because the allegations were filed under seal or relate to allegations that were filed under seal and Exhibit 38 that was filed under seal, and, on that basis, denies the allegations.

146.    Paragraph 146 states legal contentions to which no response is required. Topcon lacks sufficient information to form a belief as to the allegations asserted in Paragraph 146 because the allegations were filed under seal or relate to allegations that were filed under seal, and, on that basis, denies the allegations.

///

147.    Paragraph 147 states legal contentions to which no response is required.  To the extent a response is required, Topcon admits that it appeared at the November 2019 AAO Conference in California and the International Meeting on OCT Angiography and Advances in Imaging.  Except as expressly admitted, Topcon lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 147, and, on that basis, denies the allegations.

148.    Paragraph 148 states legal contentions to which no response is required.  To the extent a response is required, Topcon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 148, and, on that basis, denies the allegations.

149.    Topcon admits that Mr. Hoffmeyer accidentally sent an email to CZMI on or about February 22, 2019. Topcon denies that any Topcon documents filed with the Third Amended Complaint evidence any misappropriation of CZMI trade secrets. As for the remaining allegations, Topcon lacks sufficient information or knowledge to form a belief as to the remaining allegations asserted in Paragraph 149 because the allegations relate to Exhibit 39 that was filed under seal, and, on that basis, denies the allegations.

150.    Topcon denies that it regularly discusses CZMI's ODx Products for purposes of interfering with CZMI's contractual relationships.  Topcon lacks sufficient knowledge or information to form a belief as to the remaining allegations asserted in Paragraph 150 because the allegations were filed under seal or relate to allegations that were filed under seal, and, on that basis, denies the allegations.

151.    Topcon denies that any Topcon documents filed with the Third Amended Complaint evidence any misappropriation of CZMI trade secrets. As for the remaining allegations, Topcon lacks sufficient information to form a belief as to the allegations asserted in Paragraph 151 because the allegations were filed under seal or relate to allegations that were filed under seal, and, on that basis, denies the allegations.

152.    Topcon admits that TMS or THS employ Messrs. Brock, Chen, Guibord and Ciccanesi. Unless expressly admitted, Topcon denies each and every allegation contained in Paragraph 152.

CASE NO. 4:19-CV-04162-SBA (LB)

DEFENDANT TOPCON MEDICAL SYSTEMS, INC. AND TOPCON HEALTHCARE SOLUTION INC.'S
ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

**H.**    **The Former Employees' Agreements**

153.    Topcon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 153 because the allegations relate to Exhibits 11 through 18 there were filed under seal, and, on that basis, denies the allegations.

154.    Topcon admits that the Former Employees signed agreements related to their employment with CZMI.  Topcon lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 154 because the allegations relate to Exhibits 11 through 18 there were filed under seal, and, on that basis, denies the remaining allegations.

155.    Paragraph 155 states legal contentions to which no response is required.  To the extent a response is required, Topcon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 155, and, on that basis, denies the allegations.

156.    Paragraph 156 states legal contentions to which no response is required.  To the extent a response is required, Topcon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 156, and, on that basis, denies the allegations.

157.    Paragraph 157 states legal contentions to which no response is required.  Topcon lacks sufficient information to form a belief as to the allegations asserted in Paragraph 157 because the allegations were filed under seal or relate to allegations that were filed under seal, and, on that basis, denies the allegations.

158.    Paragraph 158 states legal contentions to which no response is required.  To the extent a response is required, Topcon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 158, and, on that basis, denies the allegations.

159.    Paragraph 159 states legal contentions to which no response is required.  To the extent a response is required, Topcon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 159, and, on that basis, denies the allegations.

160.    Paragraph 160 states legal contentions to which no response is required.  To the extent a response is required, Topcon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 160, and, on that basis, denies the allegations.

///

DEFENDANT TOPCON MEDICAL SYSTEMS, INC. AND TOPCON HEALTHCARE SOLUTION INC.'S
ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

1    161.    Topcon denies that Mr. Hoffmeyer has interfered with CZMI.    The other

2    allegations of Paragraph 161 state legal contentions to which no response is required.    To the

3    extent a response is required, Topcon lacks sufficient knowledge or information to form a belief

4    as to the truth of the remaining allegations in Paragraph 161, and, on that basis, denies the

5    remaining allegations.

6    162.    Paragraph 162 states legal contentions to which no response is required.    To the

7    extent a response is required, Topcon denies each and every allegation contained in Paragraph

8    162.

9    163.    Paragraph 163 states legal contentions to which no response is required.    To the

10    extent a response is required, Topcon lacks sufficient knowledge or information to form a belief

11    as to the truth of the allegations in Paragraph 163 because the allegations are based in part on

12    Exhibit 17 that was filed under seal, and, on that basis, denies the allegations.

13    164.    Paragraph 164 states legal contentions to which no response is required.    To the

14    extent a response is required, Topcon lacks sufficient knowledge or information to form a belief

15    as to the truth of the allegations in Paragraph 164 because the allegations are based in part on

16    Exhibit 17 that was filed under seal, and, on that basis, denies the allegations.

17    165.    Paragraph 165 states legal contentions to which no response is required.    To the

18    extent a response is required, Topcon lacks sufficient knowledge or information to form a belief

19    as to the truth of the allegations in Paragraph 165 because the allegations are based in part on

20    Exhibit 17 that was filed under seal, and, on that basis, denies the allegations.

21    166.    Paragraph 166 states legal contentions to which no response is required.    To the

22    extent a response is required, Topcon lacks sufficient knowledge or information to form a belief

23    as to the truth of the allegations in Paragraph 166 because the allegations are based in part on

24    Exhibit 17 that was filed under seal, and, on that basis, denies the allegations.

25    167.    Paragraph 167 states legal contentions to which no response is required.    To the

26    extent a response is required, Topcon lacks sufficient knowledge or information to form a belief

27    as to the truth of the allegations in Paragraph 167 because the allegations are based in part on

28    Exhibit 17 that was filed under seal, and, on that basis, denies the allegations.

DEFENDANT TOPCON MEDICAL SYSTEMS, INC. AND TOPCON HEALTHCARE SOLUTION INC.'S
ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

1      I.      **CZMI's Efforts to Thwart the Scheme**

2          168.    Topcon admits that CZMI contacted Topcon and all of the Former Employees in

3  February and March 2019 to remind them of the alleged signed employment and/or

4  confidentiality agreements with CZMI and alleged ongoing confidentiality obligations.  Except

5  as expressly admitted, Topcon denies each and every remaining allegation contained in Paragraph

6  168.

7          169.    Topcon admits that on March 11, 2019, CZMI's outside counsel contacted the

8  President of Topcon Medical Systems to inform him of CZMI's concerns. Except as expressly

9  admitted, Topcon denies each and every remaining allegation contained in Paragraph 169.

10         170.    Paragraph 170 states legal contentions to which no response is required.  To the

11  extent a response is required, Topcon denies each and every remaining allegation contained in

12  Paragraph 170.

13         171.    Topcon admits that CZMI contacted the Former Employees (except for Dr. Chen,

14  who left CZMI later) about their alleged contractual obligations and Mr. Hoffmeyer responded in

15  a letter.  Topcon lacks sufficient knowledge or information to form a belief as to the truth of the

16  remaining allegations in Paragraph 171, and, on that basis, denies the allegations.

17         172.    Topcon lacks sufficient knowledge or information to form a belief as to the truth

18  of the allegations in Paragraph 172, and, on that basis, denies the allegations.

19      J.      **CZMI Will Not Be Harmed If Topcon Commercializes a Competing Product**

20         173.    Paragraph 173 states legal contentions to which no response is required.  To the

21  extent that a response is required, Topcon admits that CZMI is a well-known product

22  manufacturer in the ophthalmology industry and other industries.  Topcon lacks sufficient

23  information or knowledge to form a belief as to the truth of the allegations in Paragraph 173

24  pertaining to whether CZMI has spent decades developing the technology in ODx.  Topcon denies

25  each and every remaining allegation contained in Paragraph 173.

26         174.    Topcon admits that the Former Employees signed agreements related to their

27  employment with CZMI.  Topcon lacks sufficient information or knowledge to form a belief as

28  to the truth of the remaining allegations in Paragraph 174 because the allegations relate to Exhibits

DEFENDANT TOPCON MEDICAL SYSTEMS, INC. AND TOPCON HEALTHCARE SOLUTION INC.'S
ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

1    12 through 19 that were filed under seal, and, on that basis, denies the allegations.

2        175.    Paragraph 175 states legal contentions to which no response is required.  To the

3    extent a response is required, Topcon lacks sufficient knowledge or information to form a belief

4    as to the truth of the allegations in Paragraph 175 pertaining to whether CZMI goes to great

5    lengths to protect its trade secrets and confidential information.  Topcon denies each and every

6    remaining allegation contained in Paragraph 175.

7        176.    Paragraph 176 states legal contentions to which no response is required.  To the

8    extent a response is required, Topcon denies each and every allegation contained in Paragraph

9    176.

10                        **FIRST CAUSE OF ACTION**

11    **Trade Secret Misappropriation Under the Federal Defend Trade Secrets Act (DTSA),**

12                        **18 U.S.C. §§ 1836-1839 et seq.**

13                            **(All Defendants)**

14        177.    Topcon repeats and incorporates herein its responses to Paragraphs 1 through 174

15    of this Answer.

16        178.    Paragraph 178 states legal contentions to which no response is required.  To the

17    extent a response is required, Topcon lacks sufficient knowledge or information to form a belief

18    as to the truth of the allegations in Paragraph 178, and, on that basis, denies the allegations.

19        179.    Paragraph 179 states legal contentions to which no response is required.  To the

20    extent a response is required, Topcon lacks sufficient knowledge or information to form a belief

21    as to the truth of the allegations in Paragraph 179, and, on that basis, denies the allegations.

22        180.    Paragraph 180 states legal contentions to which no response is required.  To the

23    extent a response is required, Topcon lacks sufficient knowledge or information to form a belief

24    as to the truth of the allegations in Paragraph 180, and, on that basis, denies the allegations.

25        181.    Paragraph 181 states legal contentions to which no response is required.  To the

26    extent a response is required, Topcon denies each and every allegation contained in Paragraph

27    181.

28    ///

1   182.   Paragraph 182 states legal contentions to which no response is required.  To the

2   extent a response is required, Topcon denies each and every allegation contained in Paragraph

3   182.

4   183.   Paragraph 183 states legal contentions to which no response is required.  To the

5   extent a response is required, Topcon denies each and every allegation contained in Paragraph

6   183.

7   184.   Paragraph 184 states legal contentions to which no response is required.  To the

8   extent a response is required, Topcon denies each and every allegation contained in Paragraph

9   184.

10                              **SECOND CAUSE OF ACTION**

11   **Aiding and Abetting Trade Secret Misappropriation Under the Federal Defend Trade**

12                      **Secrets Act (DTSA), 18 U.S.C. §§ 1836-1839 et seq.**

13                                  **(All Defendants)**

14   185.   Topcon repeats and incorporates herein its responses to Paragraphs 1 through 184

15   of this Answer.

16   186.   Paragraph 186 states legal contentions to which no response is required.  To the

17   extent a response is required, Topcon lacks sufficient knowledge or information to form a belief

18   as to the truth of the allegations in Paragraph 186, and, on that basis, denies the allegations.

19   187.   Paragraph 187 states legal contentions to which no response is required.  To the

20   extent a response is required, Topcon lacks sufficient knowledge or information to form a belief

21   as to the truth of the allegations in Paragraph 187, and, on that basis, denies the allegations.

22   188.   Paragraph 188 states legal contentions to which no response is required.  To the

23   extent a response is required, Topcon lacks sufficient knowledge or information to form a belief

24   as to the truth of the allegations in Paragraph 188, and, on that basis, denies the allegations.

25   189.   Paragraph 189 states legal contentions to which no response is required.  To the

26   extent a response is required, Topcon denies each and every allegation contained in Paragraph

27   189.

28   ///

190.    Paragraph 190 states legal contentions to which no response is required.  To the extent a response is required, Topcon denies each and every allegation contained in Paragraph 190.

191.    Paragraph 191 states legal contentions to which no response is required.  To the extent a response is required, Topcon denies each and every allegation contained in Paragraph 191.

192.    Paragraph 192 states legal contentions to which no response is required.  To the extent a response is required, Topcon denies each and every allegation contained in Paragraph 192.

193.    Paragraph 193 states legal contentions to which no response is required.  To the extent a response is required, Topcon denies each and every allegation contained in Paragraph 193.

### THIRD CAUSE OF ACTION

**Trade Secret Misappropriation Under the California Uniform**

**Trade Secrets Act (CUTSA), Cal. Civ. Code § 3426, *et seq*.**

**(All Defendants)**

194.    Topcon repeats and incorporates herein its responses to Paragraphs 1 through 193 of this Answer.

195.    Paragraph 195 states legal contentions to which no response is required.  To the extent a response is required, Topcon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 195, and, on that basis, denies the allegations.

196.    Paragraph 196 states legal contentions to which no response is required.  To the extent a response is required, Topcon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 196, and, on that basis, denies the allegations.

197.    Paragraph 197 states legal contentions to which no response is required.  To the extent a response is required, Topcon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 197, and, on that basis, denies the allegations.

///

198.    Paragraph 198 states legal contentions to which no response is required.  To the extent a response is required, Topcon denies each and every allegation contained in Paragraph 198.

199.    Paragraph 199 states legal contentions to which no response is required.  To the extent a response is required, Topcon denies each and every allegation contained in Paragraph 199.

200.    Paragraph 200 states legal contentions to which no response is required.  To the extent a response is required, Topcon denies each and every allegation contained in Paragraph 200.

201.    Paragraph 201 states legal contentions to which no response is required.  To the extent a response is required, Topcon denies each and every allegation contained in Paragraph 201.

202.    Paragraph 202 states legal contentions to which no response is required.  To the extent a response is required, Topcon denies each and every allegation contained in Paragraph 202.

203.    Paragraph 203 states legal contentions to which no response is required.  To the extent a response is required, Topcon denies each and every allegation contained in Paragraph 203.

### FOURTH CAUSE OF ACTION

### Breach of Contract

### (Against Tobias Kurzke, Greg Hoffmeyer, Genevieve Fay, Katalin Spencer, Terry Keith Brock, Charles Guibord, Jr., Joseph Ciccanesi, and Michael Chen)

204.    Topcon repeats and incorporates herein its responses to Paragraphs 1 through 203 of this Answer.

205.    Paragraph 205 states legal contentions to which no response is required.  To the extent a response is required, Topcon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 205, and, on that basis, denies the allegations.

///

206.    Paragraph 206 states legal contentions to which no response is required.  To the extent a response is required, Topcon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 206, and, on that basis, denies the allegations.

207.    Paragraph 207 states legal contentions to which no response is required.  To the extent a response is required, Topcon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 207, and, on that basis, denies the allegations.

208.    Paragraph 208 states legal contentions to which no response is required.  To the extent a response is required, Topcon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 208, and, on that basis, denies the allegations.

209.    Paragraph 209 states legal contentions to which no response is required.  To the extent a response is required, Topcon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 209, and, on that basis, denies the allegations.

210.    Paragraph 210 states legal contentions to which no response is required.  To the extent a response is required, Topcon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 210, and, on that basis, denies the allegations.

211.    Paragraph 211 states legal contentions to which no response is required.  To the extent a response is required, Topcon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 211, and, on that basis, denies the allegations.

212.    Paragraph 212 states legal contentions to which no response is required.  To the extent a response is required, Topcon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 212, and, on that basis, denies the allegations.

213.    Paragraph 213 states legal contentions to which no response is required.  To the extent a response is required, Topcon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 213, and, on that basis, denies the allegations.

214.    Paragraph 214 states legal contentions to which no response is required.  To the extent a response is required, Topcon lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 214, and, on that basis, denies the allegations.

1

**FIFTH CAUSE OF ACTION**

2

**Patent Infringement**

3

**(Topcon)**

4        215.    The Court granted Topcon's partial 12(b)(6) Motion to Dismiss the patent

5    infringement cause of action from CZMI's TAC without leave to amend.  (Dkt. No. 260.)

6    Accordingly, a response to Paragraph 215 is not required.  To the extent a response is required,

7    Topcon incorporates by reference each response and denial to the allegations raised in the

8    foregoing paragraphs.

9        216.    The Court granted Topcon's partial 12(b)(6) Motion to Dismiss the patent

10    infringement cause of action from CZMI's TAC without leave to amend.  (Dkt. No. 260.)

11    Accordingly, a response to Paragraph 216 is not required.  Also, Paragraph 216 states legal

12    contentions to which no response is required.  To the extent a response is required, Topcon lacks

13    sufficient knowledge or information to form a belief about as to the truth of the allegations

14    asserted in Paragraph 216, and, on that basis, denies the allegations.

15        217.    The Court granted Topcon's partial 12(b)(6) Motion to Dismiss the patent

16    infringement cause of action from CZMI's TAC without leave to amend.  (Dkt. No. 260.)

17    Accordingly, a response to Paragraph 217 is not required.  Also, Paragraph 217 states legal

18    contentions to which no response is required.  To the extent a response is required, Topcon lacks

19    sufficient knowledge or information to form a belief about as to the truth of the allegations

20    asserted in Paragraph 217, and, on that basis, denies the allegations.

21        218.    The Court granted Topcon's partial 12(b)(6) Motion to Dismiss the patent

22    infringement cause of action from CZMI's TAC without leave to amend.  (Dkt. No. 260.)

23    Accordingly, a response to Paragraph 218 is not required.  Also, Paragraph 218 states legal

24    contentions to which no response is required.  To the extent a response is required, Topcon lacks

25    sufficient knowledge or information to form a belief about as to the truth of the allegations

26    asserted in Paragraph 218, and, on that basis, denies the allegations.

27    ///

28    ///

1

## SIXTH CAUSE OF ACTION

**Tortious Interference with Prospective Economic Advantage**

**(Topcon, Tobias Kurkze, Greg Hoffmeyer, Genevieve Fay, Terry Keith Brock, Charles**

**Guibord, Jr., Joseph Ciccanesi and Michael Chen)**

219.    The Court granted Topcon's partial 12(b)(6) Motion to Dismiss the tortious interference with prospective economic advantage cause of action from CZMI's TAC without leave to amend.  (Dkt. No. 260.)  Accordingly, a response to Paragraph 219 is not required.  To the extent a response is required, Topcon incorporates by reference each response and denial to the allegations raised in the foregoing paragraphs.

220.    The Court granted Topcon's partial 12(b)(6) Motion to Dismiss the tortious interference with prospective economic advantage cause of action from CZMI's TAC without leave to amend.  (Dkt. No. 260.)  Accordingly, a response to Paragraph 220 is not required.  Also, Paragraph 220 states legal contentions to which no response is required.  To the extent a response is required, Topcon lacks sufficient knowledge or information to form a belief about as to the truth of the allegations asserted in Paragraph 220, and, on that basis, denies the allegations.

221.    The Court granted Topcon's partial 12(b)(6) Motion to Dismiss the tortious interference with prospective economic advantage cause of action from CZMI's TAC without leave to amend.  (Dkt. No. 260.)  Accordingly, a response to Paragraph 221 is not required.  To the extent a response is required, Topcon lacks sufficient knowledge or information to form a belief about as to the truth of the allegations asserted in Paragraph 221, and, on that basis, denies the allegations.

222.    The Court granted Topcon's partial 12(b)(6) Motion to Dismiss the tortious interference with prospective economic advantage cause of action from CZMI's TAC without leave to amend.  (Dkt. No. 260.)  Accordingly, a response to Paragraph 222 is not required.  To the extent a response is required, Topcon lacks sufficient knowledge or information to form a belief about as to the truth of the allegations asserted in Paragraph 222, and, on that basis, denies the allegations.

///

223.   The Court granted Topcon's partial 12(b)(6) Motion to Dismiss the tortious interference with prospective economic advantage cause of action from CZMI's TAC without leave to amend. (Dkt. No. 260.) Accordingly, a response to Paragraph 223 is not required. To the extent a response is required, Topcon lacks sufficient knowledge or information to form a belief about as to the truth of the allegations asserted in Paragraph 223, and, on that basis, denies the allegations.

224.   The Court granted Topcon's partial 12(b)(6) Motion to Dismiss the tortious interference with prospective economic advantage cause of action from CZMI's TAC without leave to amend. (Dkt. No. 260.) Accordingly, a response to Paragraph 224 is not required. Also, Paragraph 224 states legal contentions to which no response is required. To the extent a response is required, Topcon lacks sufficient knowledge or information to form a belief about as to the truth of the allegations asserted in Paragraph 224, and, on that basis, denies the allegations.

225.   The Court granted Topcon's partial 12(b)(6) Motion to Dismiss the tortious interference with prospective economic advantage cause of action from CZMI's TAC without leave to amend. (Dkt. No. 260.) Accordingly, a response to Paragraph 225 is not required. Also, Paragraph 225 states legal contentions to which no response is required. To the extent a response is required, Topcon lacks sufficient knowledge or information to form a belief about as to the truth of the allegations asserted in Paragraph 225, and, on that basis, denies the allegations.

226.   The Court granted Topcon's partial 12(b)(6) Motion to Dismiss the tortious interference with prospective economic advantage cause of action from CZMI's TAC without leave to amend. (Dkt. No. 260.) Accordingly, a response to Paragraph 226 is not required. Also, Paragraph 226 states legal contentions to which no response is required. To the extent a response is required, Topcon lacks sufficient knowledge or information to form a belief about as to the truth of the allegations asserted in Paragraph 226, and, on that basis, denies the allegations.

227.   The Court granted Topcon's partial 12(b)(6) Motion to Dismiss the tortious interference with prospective economic advantage cause of action from CZMI's TAC without leave to amend. (Dkt. No. 260.) Accordingly, a response to Paragraph 227 is not required. Also, Paragraph 227 states legal contentions to which no response is required. To the extent a response

1   is required, Topcon lacks sufficient knowledge or information to form a belief about as to the
2   truth of the allegations asserted in Paragraph 227, and, on that basis, denies the allegations.

3       228.    The Court granted Topcon's partial 12(b)(6) Motion to Dismiss the tortious
4   interference with prospective economic advantage cause of action from CZMI's TAC without
5   leave to amend. (Dkt. No. 260.) Accordingly, a response to Paragraph 228 is not required. Also,
6   Paragraph 228 states legal contentions to which no response is required. To the extent a response
7   is required, Topcon lacks sufficient knowledge or information to form a belief about as to the
8   truth of the allegations asserted in Paragraph 228, and, on that basis, denies the allegations.

9                           **PRAYER FOR RELIEF**

10      With respect to the Prayer for Relief and Paragraphs 229 to 237 of the TAC, Topcon
11  denies that CZMI is entitled to any of the requested relief, or any other relief whatsoever in this
12  action, including the relief set forth in the Prayer for Relief and its Paragraphs thereunder. As
13  noted above, unless expressly admitted herein, each of the TAC's allegations as to Topcon is
14  expressly denied. Topcon prays that the Court enter judgment in Topcon's favor and award it
15  such other and further relief to which it may be entitled.

16      229.    Answering Paragraph 229 of the TAC, Topcon denies that CZMI is entitled to
17  judgment against Topcon on any and all causes of actions asserted against Topcon.

18      230.    Answering Paragraph 230 of the TAC, Topcon denies that CZMI is entitled to any
19  award of damages against Topcon, whether asserted in or based on any claim against Topcon or
20  otherwise.

21      231.    Answering Paragraph 231 of the TAC, Topcon denies that CZMI is entitled to a
22  preliminary injunction or a final, permanent injunction or any other similar relief against Topcon
23  for any period of time.

24      232.    Answering Paragraph 232 of the TAC, Topcon denies that CZMI is entitled to a
25  grant of punitive damages against Topcon, whether asserted in or based on any claim against
26  Topcon or otherwise.

27      233.    Answering Paragraph 233 of the TAC, Topcon denies that CZMI is entitled to a
28  grant of restitution against Topcon, whether asserted in or based on any claim against Topcon or

DEFENDANT TOPCON MEDICAL SYSTEMS, INC. AND TOPCON HEALTHCARE SOLUTION INC.'S
ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

1    otherwise.

2        234.    Answering Paragraph 234 of the TAC, Topcon denies that CZMI is entitled to an

3    award of costs of suit against Topcon, whether asserted in or based on any claim against Topcon

4    or otherwise.

5        235.    Answering Paragraph 235 of the TAC, Topcon denies that CZMI is entitled to an

6    award of pre-judgment interest against Topcon, whether asserted in or based on any claim against

7    Topcon or otherwise.

8        236.    Answering Paragraph 236 of the TAC, Topcon denies that CZMI is entitled to an

9    award of attorneys' fees and costs of suit against Topcon, whether asserted in or based on any

10    claim against Topcon or otherwise.

11        237.    Answering Paragraph 237 of the TAC, Topcon denies that CZMI is entitled to any

12    other relief against Topcon, whether asserted in or based on any claim against Topcon or

13    otherwise.

14                    **AFFIRMATIVE DEFENSES**

15                    **FIRST AFFIRMATIVE DEFENSE**

16                    **(Failure to State a Claim)**

17        1.    CZMI's claims fail because the TAC fails to state a claim upon which relief may

18    be granted.

19                    **SECOND AFFIRMATIVE DEFENSE**

20    **(No Trade Secrets / No Confidential or Proprietary Information / No Misappropriation)**

21        2.    CZMI cannot demonstrate that any of CZMI's allegedly trade secret and/or

22    confidential and proprietary information noted in the TAC is a trade secret that derives economic

23    value from not being generally known, nor is a legitimate business interest, nor that all reasonably

24    necessary steps were taken to ensure that the secrecy of this supposedly confidential information

25    was maintained.  In any event, Topcon did not misappropriate anything or aid and abet in the

26    misappropriation of anything.

27    ///

28    ///

DEFENDANT TOPCON MEDICAL SYSTEMS, INC. AND TOPCON HEALTHCARE SOLUTION INC.'S
ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

**THIRD AFFIRMATIVE DEFENSE**

**(Fair Competition)**

3.     Topcon's actions of which CZMI now complains were, in fact, exercises of fair competition by Topcon. For that reason, among others, Topcon has no liability to CZMI, and this Court should abstain from granting any relief to CZMI.

**FOURTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

4.     As to the causes of action allegedly set forth in the TAC, CZMI is barred from any recovery against Topcon by reason of CZMI's failure to make reasonable efforts to mitigate CZMI's damages, if any, as required by law. Alternatively, Topcon alleges that the damages otherwise recoverable by CZMI, if any, must be reduced by the amount of damages attributable to the failure of CZMI to make reasonable efforts to mitigate.

**FIFTH AFFIRMATIVE DEFENSE**

**(Punitive Damages Unconstitutional or Not Permitted by Statute)**

5.     Under the circumstances of this case, any award of punitive damages would violate the United States Constitution and/or the California Constitution. In any event, CZMI cannot demonstrate by clear and convincing evidence that Topcon acted with oppression, fraud, or malice.

**SIXTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

6.     As to the causes of action allegedly set forth in the TAC, CZMI is estopped from asserting such causes of action against Topcon by reason of the actions and conduct of CZMI and/or CZMI's agents.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

7.     As to the causes of action allegedly set forth in the TAC, CZMI is barred from asserting such causes of action against Topcon by the equitable doctrine of unclean hands on the part of CZMI and/or CZMI's agents.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Laches)**

8.     As to the causes of action allegedly set forth in the TAC, CZMI is barred from asserting such causes of action against Topcon by the doctrine of laches.

**NINTH AFFIRMATIVE DEFENSE**

**(Waiver)**

9.     As to the causes of action allegedly set forth in the TAC, CZMI has waived its right, if any, to assert such causes of action against Topcon.

**TENTH AFFIRMATIVE DEFENSE**

**(Unjust Enrichment)**

10.     To the extent CZMI seeks to recover more than CZMI is entitled to recover in this case, if anything is due to CZMI at all, an award of the judgment sought by CZMI would unjustly enrich CZMI.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(No Equitable Relief)**

11.     CZMI's equitable claims for injunctive relief are bared because CZMI has not been irreparably harmed, money damages are adequate, and/or the damages sought by CZMI is inconsistent with an exercise of equitable relief.

**TWELFTH AFFIRMATIVE DEFENSE**

**(License/Consent/Acquiescence)**

12.     CZMI cannot recover, in whole or in part, by license, consent, and/or acquiescence.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(No Attorneys' Fees)**

13.     CZMI fails to state facts and/or allege a claim on which attorneys' fees may be awarded.

DEFENDANT TOPCON MEDICAL SYSTEMS, INC. AND TOPCON HEALTHCARE SOLUTION INC.'S
ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

1

**FOURTEENTH AFFIRMATIVE DEFENSE**

2

**(Lack of Intent)**

3      14.      CZMI's TAC, and all causes of action attempted to be set forth therein, fails to

4    state a claim for relief against Topcon because Topcon lacked the requisite intent to cause the

5    alleged harm.

6

**FIFTEENTH AFFIRMATIVE DEFENSE**

7

**(Superseding Cause)**

8      15.      The injuries and damages, if any, sustained by CZMI is the direct and proximate

9    result of the acts, omissions, negligence, or other actionable conduct of CZMI, or persons or

10    entities other than CZMI, which Topcon cannot and does not control, and such conduct is a

11    contributing, intervening, and superseding cause of the damages and losses alleged.

12

**SIXTEENTH AFFIRMATIVE DEFENSE**

13

**(Damages Not Caused by Topcon)**

14      16.      Topcon was not responsible for and did not cause or contribute to any alleged

15    injury, damages, loss and/or detriment, if any, which was not the result of any act or other conduct

16    of Topcon.

17

**SEVENTEENTH AFFIRMATIVE DEFENSE**

18

**(No Damage to CZMI)**

19      17.      The TAC and the causes of action alleged stated therein are barred because CZMI

20    has not suffered any actual damages whatsoever, nor any actual damages as a direct and proximate

21    result of some conduct by Topcon.

22

**EIGHTEENTH AFFIRMATIVE DEFENSE**

23

**(Reservation of Additional Affirmative Defenses)**

24      18.      Topcon has not knowingly or voluntarily waived any applicable affirmative

25    defenses and reserves the right to assert any rely on such other applicable affirmative defenses as

26    may become available or apparent during discovery proceedings.  Topcon further reserves the

27    right to amend its Answer and/or Affirmative Defenses accordingly and/or to delete Affirmative

28    Defenses that Topcon determines are not applicable during the course of subsequent discovery.

CASE NO. 4:19-CV-04162-SBA (LB)
DEFENDANT TOPCON MEDICAL SYSTEMS, INC. AND TOPCON HEALTHCARE SOLUTION INC.'S
ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT

**PRAYER**

WHEREFORE, Topcon prays for judgment against CZMI as follows:

1.    That CZMI take nothing by the TAC;

2.    That the Court deny CZMI's demand for a preliminary and permanent injunction with prejudice;

3.    That the Court dismiss CZMI's TAC against Topcon with prejudice;

4.    That judgment be entered in favor of Topcon and against CZMI on all causes of action;

5.    That Topcon be awarded reasonable attorneys' fees according to proof;

6.    That Topcon be awarded the cost of suit herein incurred; and

7.    That Topcon be awarded such other and further relief as the Court may deem appropriate.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Topcon hereby demands trial by jury of all causes of action that were not dismissed without leave to amend, claims or issues properly triable thereby.


Dated:  September 4, 2020                    Respectfully submitted,

                                             FISHER & PHILLIPS LLP

                                    By:      */s/ Anthony M. Isola*

                                             JASON A. GELLER
                                             PAUL GRECO
                                             ANTHONY M. ISOLA
                                             BRANDON K. KAHOUSH
                                             Attorneys for Defendants
                                             TOPCON MEDICAL SYSTEMS, INC. and
                                             TOPCON HEALTHCARE SOLUTIONS, INC.

CASE NO. 4:19-CV-04162-SBA (LB)
DEFENDANT TOPCON MEDICAL SYSTEMS, INC. AND TOPCON HEALTHCARE SOLUTION INC.'S
ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT