1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

CARL ZEISS MEDITEC, INC.,

Plaintiff,

v.

TOPCON MEDICAL SYSTEMS, INC., et al.,

Defendants.

Case No. 19-cv-04162-SBA (LB)

**DISCOVERY ORDER**

Re: ECF Nos. 310 & 317

The parties dispute the procedures for review and production of the ESI discovery that has been the subject of earlier orders.[1] The court can decide the dispute without oral argument. N.D. Cal. Civ. L.R. 7-1(b).

As the court ruled previously, the protective order applies to the production.[2] Zeiss must bear the cost of its own vendor.[3] Regarding the disputed provisions of the ESI protocol, the parties must use Topcon's proposal.[4] Zeiss has not articulated a reason to retain an archive copy through the trial

---

[1] Discovery Letter Briefs – ECF Nos. 310, 317; Orders – ECF No. 299, 302. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Discovery Order – ECF No. 299 at 2.

[3] *Id.*

[4] Discovery Letter Brief – ECF No. 310 at 4–5; Discovery Letter Brief – ECF No. 317 at 4–5 & Ex. 4.

date.[5] Topcon's review of the data for privilege is reasonable and is consistent with the court's earlier orders. Because Zeiss wanted its vendor to review the raw data, Topcon may review the data first and must maintain a privilege log of items for any withheld materials. The parties must meet and confer about the Target Files, search strings, and Topcon's proposed search strings (as Topcon proposes).[6] The pending forensic analysis must take place (as the court ordered previously).

The court reminds the parties that they must file their letter briefs under the Civil Events category of "Motions and Related Filings > Motions – General > Discovery Letter Brief." (This dispute was filed as a "Letter Brief," which is a different category. It matters administratively.)

**IT IS SO ORDERED.**

Dated: March 25, 2021

_____
LAUREL BEELER
United States Magistrate Judge

---

[5] Discovery Letter Brief – ECF No. 310 at 2 (Zeiss said that it "believes that the vendors should be able to keep an archive copy of the data" but offered no explanation.).

[6] Discovery Letter Brief – ECF No. 317 at 5.