UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| CARL ZEISS MEDITEC, INC., <br><br>    Plaintiff, <br><br>    v. <br><br> TOPCON MEDICAL SYSTEMS, INC., et al., <br><br>    Defendants. | Case No. 19-cv-04162-SBA (LB) <br><br> **DISCOVERY ORDER** <br> Re: ECF No. 342 |

The parties dispute the procedures for production of the ESI discovery that has been the subject of earlier orders.[1] The court can decide the dispute without oral argument.[2] N.D. Cal. Civ. L.R. 7-1(b).

The court issued criteria for the contents of the search strings in its previous order: they should be comprised of "obscure terms in the text of the Target File and Boolean operators 'and' and

---

[1] Discovery Letter Brief – ECF No. 342; Orders – ECF Nos. 299, 302, & 322. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] The court originally set the matter for a hearing on July 29, 2021. Docket Entry – ECF No. 345. Topcon filed an administrative motion to reschedule the hearing date due to its counsel's conflict. Mot. – ECF No. 346. Because the court finds this dispute appropriate for decision without oral argument, that motion is denied as moot. N.D. Cal. Civ. L.R. 7-1(b).

ORDER – No. 19-cv-04162-SBA (LB)

'w/.'"[3] Zeiss must correct its proposed search strings that are facially noncompliant with the court's order, i.e., search strings that do not use obscure terms or Boolean operators.

The court also ruled that the parties must work together to craft the search strings.[4] The court's order did not allow for using the search strings proposed by only one of the parties; it required the parties to work together to use search strings that were the result of collaboration. That said, the purpose of the search strings was to efficiently identify and produce the target files. Search strings that result in hundreds of thousands of results are not sufficient.[5] Accordingly, the court denies Topcon's request to use only its search strings in conducting the ESI, but orders Zeiss to fix its search strings so that they result in fewer hits. It appears that Topcon has developed strings that accomplish this.[6] The court therefore orders Topcon to work with Zeiss to create search strings that meet the court's requirements and that Zeiss agrees with.

The court does not address the issue with the 836 Target Files because the parties represent that they have not fully met and conferred on this issue.[7]

In sum, Zeiss must correct the search strings as identified in this order, and the parties must work together to develop and choose search strings that satisfy the court's requirements and do not create overly burdensome search results. If the parties cannot reach an agreement on which search strings to use in the next 21 days, they may submit an updated joint letter brief and the court will hold a discovery hearing on the issue.

**IT IS SO ORDERED.**

Dated: July 21, 2021

LAUREL BEELER
United States Magistrate Judge

---

[3] Order – ECF No. 299 at 1–2.

[4] *Id.* at 2.

[5] Discovery Letter Brief – ECF No. 342 at 4–5.

[6] *Id.*

[7] *Id.* at 1, 5.