UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL ZEISS MEDITEC, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>TOPCON MEDICAL SYSTEMS, INC., et al.,<br><br>    Defendants. | Case No. 19-cv-04162-SBA<br><br>**ORDER DENYING MOTION FOR AN ORDER TO SHOW CAUSE** |

    Plaintiff Carl Zeiss Meditech, Inc. ("CZMI") brings the instant action against Defendants Topcon Medical Systems, Inc. ("TMS") and Topcon Healthcare Solutions, Inc. ("THS") (collectively, "Topcon"), Tobias Kurzke ("Kurzke"), and seven other former CZMI employees for misappropriation of trade secrets. The operative Third Amended Complaint alleges claims for violation of the Federal Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836, et seq., and violation of the California Uniform Trade Secrets Act ("CUTSA"), Cal. Civ. Code § 3416, et seq., as well as other related claims.

    On March 1, 2021, an Order Granting Plaintiff's Renewed Motion for Preliminary Injunction ("Preliminary Injunction") issued. Dkt. 319. It provides as follows:

    1. THS and TMS are enjoined from releasing and selling Glaucoma Module to the public, pending further order of the Court.

    2. THS, TMS and Kurzke are enjoined from, directly or indirectly, obtaining, retaining, using, transmitting, disseminating, or disclosing, or attempting to obtain, retain, use, transmit, disseminate, or disclose, any CZMI confidential, proprietary, or trade secret information, including any files obtained from the Hard Drive or during the course of Former Defendants' employment with CZMI.

Id. at 23.

    On March 30, 2021, THS, TMS, and Kurzke appealed the Preliminary Injunction. Dkt. 323. While the appeal was pending, CZMI filed the instant motion for an order to

show cause why Topcon should not be held in civil contempt for violating the Preliminary Injunction through the continued use of its DICOM decoder. Dkt. 355.

On May 16, 2022, the Federal Circuit issued an order on Topcon and Kurzke's interlocutory appeal. Dkt. 372. It held that paragraph 2 of the Preliminary Injunction fails to satisfy Federal Rule of Civil Procedure 65(d) because it does not provide sufficient specificity as to what it prohibits.[1] In particular, paragraph 2 is ambiguous as to whether and to what extent it enjoins the continued use of Topcon's Harmony platform and DICOM decoder. Accordingly, the Federal Circuit vacated paragraph 2 of the Preliminary Injunction and remanded for this Court to clarify the scope of the injunction. Id. at 7.

Because paragraph 2 of the Preliminary Injunction has been vacated for ambiguity as to whether and to what extent it enjoins continued use of the DICOM decoder, "it is not enforceable by contempt." Reno Air Racing Ass'n v. McCord, 452 F.3d 1126, 1132 (9th Cir. 2006) ("If an injunction does not clearly describe prohibited or required conduct, it is not enforceable by contempt.") (quotation marks and citation omitted); see also Schmidt v. Lessard, 414 U.S. 473, 476 (1974) (Rule 65(d) is designed "to avoid the possible founding of a contempt citation on a decree too vague to be understood") (citing Int'l Longshoremen's Ass'n v. Philadelphia Marine Trade Ass'n, 389 U.S. 64, 74-76 (1967)).

Accordingly, CZMI's motion for an order to show cause is DENIED. A separate order will issue to clarify the scope of the Preliminary Injunction.

**IT IS SO ORDERED.**

Dated: 6/30/2022

_Saundra B. Armstrong_ RS
Richard Seeborg for Saundra B. Armstrong
United States District Judge

---

[1] As is pertinent here, Rule 65(d)(1)(C) provides that an order granting an injunction must "describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required."