UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| CARL ZEISS MEDITEC, INC., | Case No. 19-cv-04162-SBA(LB) |
| Plaintiff, | |
| v. | **DISCOVERY ORDER** |
| | Re: ECF No. 381 |
| TOPCON MEDICAL SYSTEMS, INC., et al., | |
| Defendants. | |

INTRODUCTION

The parties have three discovery disputes: (1) whether Topcon must produce custodians and repositories now (as opposed to identifying them in thirty days when it produces an audit report about the searches); (2) whether Zeiss must pay for Topcon's review of attachments to emails; and (3) whether Topcon must produce information about the DICOM decoder, which is a software component in Topcon's Harmony product, and then produce engineer Artur Kowalski for a deposition.[1] The court held a hearing on June 30, 2022, and ordered that (1) Topcon must produce the audit report in thirty days and has ninety days to complete any additional investigation, (2) the record does not support shifting fees, and (3) Zeiss may depose Mr. Kowalski.

---

[1] Joint Disc. Letter – EC No. 381. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 19-cv-04162-SBA (LB)

# ANALYSIS

## 1. Audit Report

The parties dispute whether Zeiss can discover information now about the scope of the audit that Topcon's third-party forensic investigator, Kroll, is conducting of Topcon's computer systems to identify any Zeiss confidential files that the named defendants (who previously worked for Zeiss) may have transferred to Topcon. For context, both parties have software products that diagnose eye disease, and Zeiss contends that Topcon developed its products with misappropriated Zeiss trade secrets that it obtained from departing Zeiss employees.[2] Zeiss wants a collaborative process to make sure that the Kroll audit accomplishes the audit's goals. To that end, (1) it wants disclosure of the custodians being searched and the search parameters and protocols, and (2) it defines the appropriate custodians (in sum) as Topcon employees who acquired, sent, received, or accessed Zeiss files or who worked on products that competed with Zeiss products (specifically the Harmony product, including its "decoder" feature and its plug-ins, and including the Glaucoma Module and the now-discontinued Retina Module). It challenges Topcon's search on the ground that it is inappropriately confined to the enjoined "Glaucoma Module," when in fact, the scope of trade-secrets misappropriation is broader.[3]

Boiled down, the parties dispute whether Topcon must produce Kroll's search protocols now. The report is nearly finished. Topcon said that it would produce the report in thirty days. The court orders that production. Topcon suggests that after the report is disclosed, it will consider Zeiss's input about any further investigation.[4] That compromise is reasonable and sufficient. Also, Topcon asks for an additional ninety days to complete any additional investigation and to supplement its written discovery responses and document productions.[5] That request is reasonable, and the court grants it with the proviso that Topcon must supplement its discovery responses and productions on a rolling basis if possible.

---

[2] Order – ECF No. 242 at 1 (synopsizing the claims).

[3] Joint Disc. Letter – ECF No. 381 at 1–2.

[4] *Id.* at 4.

[5] *Id.* at 5.

ORDER – No. 19-cv-04162-SBA (LB)  2

**2. Attorney's Fees for Topcon's Production of Attachments to Emails**

This dispute also is about the identification of Zeiss's proprietary confidential information in Topcon's systems. The employee defendants produced documents in their possession to Zeiss, which reviewed the documents and selected target files. Topcon then ran the files on its system with a hash-value comparison and unique search strings, and Zeiss was allowed to verify the searches at its own expense with its own vendor.[6]

Zeiss hired a vendor, Epiq, which ran search strings and hash-value searches on Topcon's data to create a set of source files.[7] Epiq then gave those source files and metadata to Topcon's counsel, who reviewed the documents for privilege, and then produced non-privileged responsive documents, including the files and metadata, to Zeiss. Zeiss has since identified over two thousand source files that are attachments to emails. Topcon contends that "Zeiss's vendor separated the source files (i.e. email attachments) from the parent emails when creating the production set of source files. "The production of the parent emails could have been done earlier and cost-effectively, if [the] Zeiss vendor did not split up the family files."[8] Topcon resists Zeiss's demand that Topcon "redo part of the forensic production related to parent emails that Zeiss's vendor separated from the source files (i.e., review the source files and parent emails and produce them" unless Zeiss pays for the additional discovery costs (about $40,000) incurred by performing a privilege review of the 6,500 parent emails and their attachments.[9] Topcon relies on *Sullivan v. Chen*, No. 1:12-cv-01662-AWI-EPG (PC), 2018 U.S. Dist. LEXIS 20268, *5 (E.D. Cal. Feb. 6, 2018) (courts have discretion to shift cost of production to requesting party when burden is "undue"). Topcon argues that "the need to redo the production was caused by Zeiss," and therefore Zeiss should pay the additional costs.[10]

---

[6] Order – ECF No. 299 at 1–2.

[7] Order – ECF No. 322 (ordering production under the ESI Protocol at ECF No. 317-4).

[8] Joint Disc. Letter – ECF No. 381 at 4.

[9] *Id.*

[10] *Id.*

ORDER – No. 19-cv-04162-SBA (LB)   3

Topcon was required, under the ESI Protocol, to produce all metadata, including family files.[11] There is no dispute that Zeiss is entitled to the source files, but on this record, it is not clear how Zeiss could have avoided the costs or whether the costs are duplicative. The court denies the request for fees without prejudice and orders Topcon to review and produce the files.

### 3. The Harmony DICOM Decoder

Zeiss also asked Topcon to produce information about the DICOM decoder.[12] The DICOM decoder is a software component in Topcon's Harmony product that reads OCT data (which is eyecare patient information that is not owned or created by Zeiss). Digital Imaging and Communications in Medicine (DICOM) is an open public standard for digital-data communication, which was designed to allow diverse manufacturers and providers to share patient information in a standard format.[13]

Topcon argues that the decoder is unrelated to the Glaucoma Module, which does not use OCT data read by the decoder, and therefore is outside of the scope of discovery because discovery was generally limited to the "Glaucoma Module and any interplay with Harmony."[14] Zeiss counters that Topcon employees developed the decoder by improperly obtaining a software license from Zeiss. It argued that it "specifically accused Topcon of misappropriating Zeiss's Cirrus OCT data and is entitled to relevant discovery of products uncovered during discovery."[15]

At the hearing, Zeiss clarified that Topcon had produced substantial discovery on the issue and that it wanted to complete discovery on the issue and depose engineer Artur Kowalski. Topcon explained how Zeiss's theory was wrong, how it independently developed the DICOM decoder, and how the discovery was tethered to "structure/function products," not structural data like that

---

[11] ESI Protocol – ECF No. 317-4 at Ex. B.

[12] Joint Disc. Letter – ECF No. 381 at 3.

[13] *Id.* at 5.

[14] *Id.* at 5 (citing Disc. Order – ECF 242 at 3).

[15] *Id.* at 3.

ORDER – No. 19-cv-04162-SBA (LB)                4

read by the DICOM decoder.[16] The court then suggested that given the already-produced discovery on the issue, the next best step seemed to be a deposition of Mr. Kowalski, which would allow an illumination akin to the illumination provided by early Rule 30(b)(6) depositions. Zeiss agreed. The court orders that deposition.

## CONCLUSION

Topcon must produce the Kroll report in thirty days, has ninety days to complete its investigation and supplement its discovery productions, and must supplement its written discovery responses and document productions on a rolling basis if possible. The court denies without prejudice Topcon's request for fees for the remaining ESI production and orders Topcon to review and produce the files. The court orders the deposition of Mr. Kowalski.

**IT IS SO ORDERED.**

Dated: June 30, 2022

LAUREL BEELER
United States Magistrate Judge

---

[16] *Id.* at 5 (making this point).