UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL ZEISS MEDITEC, INC., <br><br> Plaintiff, <br><br> v. <br><br> TOPCON MEDICAL SYSTEMS, INC., et al., <br><br> Defendants. | Case No. 19-cv-04162-SBA <br><br> **ORDER CLARIFYING SCOPE OF PRELIMINARY INJUNCTION** |

Plaintiff Carl Zeiss Meditech, Inc. ("CZMI") brings the instant action against Defendants Topcon Medical Systems, Inc. ("TMS") and Topcon Healthcare Solutions, Inc. ("THS") (together, "Topcon"), Tobias Kurzke ("Kurzke"), and seven additional former CZMI employees for misappropriation of trade secrets. The operative Third Amended Complaint alleges claims for violation of the Federal Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836, et seq., and violation of the California Uniform Trade Secrets Act ("CUTSA"), Cal. Civ. Code § 3416, et seq., as well as other related claims.

I.  **BACKGROUND**[1]

A.  THE PARTIES' PRODUCTS

CZMI is a market leader in the ophthalmic diagnostics ("ODx") industry. Among CZMI's ODx software products are FORUM, a data management system designed for ophthalmology practices, and Glaucoma Workplace, which operates on the FORUM platform. Glaucoma Workplace is designed to diagnose and manage eye diseases, such as glaucoma; it works with other ophthalmic devices, such as CZMI's Humphry Field Analyzer ("HFA") and Cirrus OCT.

---

[1] The factual and procedural background is set forth in greater detail in the Order Granting Plaintiff's Renewed Motion for Preliminary Injunction. Dkt. 319. Only those matters pertinent to the instant order are recited herein.

In 2019, Topcon launched a software platform, Harmony, which competes with CZMI's FORUM. Topcon also developed Glaucoma Module (as an add-on to Harmony) to compete directly with CZMI's Glaucoma Workplace. According to CZMI, Topcon was able to develop Glaucoma Module on a shortened timeframe by exploiting trade secret information provided by Kurzke and other former CZMI employees.[2] The centerpiece of this claim is an external hard drive containing over 35,000 files with confidential, proprietary, and trade secret information belonging to CZMI (the "Hard Drive"), which Kurzke retained after concluding his employment with CZMI.

### B. THE PRELIMINARY INJUNCTION

After filing its operative Third Amended Complaint, CZMI filed a renewed motion for preliminary injunction against Topcon and Kurzke. Dkt. 131. As relief, CZMI sought, inter alia, an order enjoining Topcon from releasing Glaucoma Module and any other ODx software product using CZMI trade secret information. Dkt. 131. In its revised reply, however, CZMI narrowed that request to an order enjoining Topcon from releasing Glaucoma Module in the United States. Dkt. 270.

On March 1, 2021, an Order Granting Plaintiff's Renewed Motion for Preliminary Injunction ("Preliminary Injunction") issued. Dkt. 319. It provides as follows:

1. THS and TMS are enjoined from releasing and selling Glaucoma Module to the public, pending further order of the Court.

2. THS, TMS and Kurzke are enjoined from, directly or indirectly, obtaining, retaining, using, transmitting, disseminating, or disclosing, or attempting to obtain, retain, use, transmit, disseminate, or disclose, any CZMI confidential, proprietary, or trade secret information, including any files obtained from the Hard Drive or during the course of Former Defendants' employment with CZMI.

Id. at 23.

On March 30, 2021, THS, TMS, and Kurzke appealed the Preliminary Injunction. Dkt. 323. While the appeal was pending, CZMI filed a motion for an order to show cause

---

[2] Kurzke worked at CZMI (and its parent company) for approximately 13 years, overseeing Glaucoma Workplace. He left CZMI to work at THS in April 2018.

2

why Topcon should not be held in civil contempt for violating the Preliminary Injunction through the continued use of its DICOM decoder. Dkt. 355. The DICOM decoder allows Topcon's Harmony software to decode OCT data from CZMI's instruments; that data is stored in a proprietary format that can be viewed on CZMI's FORUM platform. CZMI's motion for an order to show cause largely relies on discovery uncovered after the issuance of the Preliminary Injunction to demonstrate that the DICOM decoder uses CZMI's confidential, proprietary, or trade secret information.

On May 16, 2022, the Federal Circuit issued an order on Topcon and Kurzke's interlocutory appeal. Dkt. 372. It held that paragraph 2 of the Preliminary Injunction fails to satisfy Federal Rule of Civil Procedure 65(d) because it does not provide sufficient specificity as to what it prohibits.[3] In particular, paragraph 2 is ambiguous as to whether and to what extent it enjoins the continued use of Topcon's Harmony platform and DICOM decoder. Accordingly, the Federal Circuit vacated paragraph 2 and remanded for this Court to clarify "the scope of the injunction as to whether and to what extent it enjoins the continued use of Topcon's Harmony platform and DICOM decoder." Id. at 7.

In light of the Ninth Circuit's order, CZMI's motion for an order to show cause why Topcon should not be held in civil contempt for violating the Preliminary Injunction through continued used of the DICOM decoder was denied. Dkt. 387. In the order denying that motion, the Court advised that a separate order would issue to clarify the scope of the Preliminary Injunction. Id. Thereafter, Topcon and Kurzke filed an administrative motion to request that additional briefing regarding the proper scope of the Preliminary Injunction be permitted. Dkt. 389. They request that any additional briefing be limited to the evidence of record and not include the submission of new evidence. CZMI opposes the administrative motion, asserting that the Court can clarify the scope of the Preliminary Injunction based on the evidence already in the record. Dkt. 390. CZMI

---

[3] As is pertinent here, Rule 65(d)(1)(C) provides that an order granting an injunction must "describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required."

1  argues, however, that the Court should consider evidence developed after the issuance of
2  the Preliminary Injunction, i.e., that set forth in its motion for an order to show cause.  If
3  additional briefing is permitted, CZMI notes that ongoing discovery may provide
4  additional evidence bearing on this matter.

## II.  DISCUSSION

The question presented is whether the Preliminary Injunction enjoins the continued use of Topcon's Harmony platform and DICOM decoder.  The answer is no.  As noted in the Preliminary Injunction, CZMI's revised reply in support of its motion "limit[ed] the proposed injunction to Glaucoma Module specifically."  Dkt. 319 at 7 n.6.  Although CZMI initially requested an order enjoining Topcon from releasing Glaucoma Module and any other ODx software product using CZMI trade secret information, it later narrowed the request to enjoin only the release of Glaucoma Module.  Dkt. 270 at 14.  Indeed, in responding to Topcon's argument that an injunction would stymie fair competition without specifically determining which products potentially use CZMI trade secret information, CZMI stated: "This argument is baseless—this motion is about Glaucoma Module (until Defendants disclose that Mr. Kurzke is working on other software ODx products, which it has not done)."  Id. at 13.  Finally, paragraph 1 of the Preliminary Injunction enjoins Topcon from releasing and selling Glaucoma Module *only*, it does not name the Harmony platform or DICOM decoder.  The scope of paragraph 1 is clear.

Paragraph 2 of the Preliminary Injunction does not—and was not intended to—enjoin Topcon from using the Harmony platform or DICOM decoder.  Such an order would require a preliminary showing that the Harmony platform and DICOM decoder potentially use CMZI's confidential, proprietary, or trade secret information.  As the above quoted language from the revised reply appears to acknowledge, CZMI did not attempt to make such a showing in support of its motion for preliminary injunction.  Although some evidence was presented that Topcon was exploring ways for Glaucoma Module to be "device agnostic," i.e., to be able to decode data from CZMI's devices, the argument

focused on Glaucoma Module and was insufficient to support separate findings as to the Harmony platform or DICOM decoder.  That gap cannot be filled through information later uncovered in discovery *without a motion by CZMI to modify the Preliminary Injunction*.  See A&M Recs., Inc. v. Napster, Inc., 284 F.3d 1091, 1098 (9th Cir. 2002) ("A district court has inherent authority to modify a preliminary injunction in consideration of new facts."); e.g., WeRide Corp. v. Kun Huang, No. 5:18-CV-07233-EJD, 2019 WL 5722620, at *1 (N.D. Cal. Nov. 5, 2019) (considering motion to modify preliminary injunction "based on new information obtained during discovery").  The relief CZMI now seeks cannot be obtained through clarification of the Preliminary Injunction originally issued, nor through a motion for an order to show cause.[4]

### III.   CONCLUSION

In view of the foregoing, IT IS HEREBY ORDERED THAT:

1. The Preliminary Injunction does not enjoin the continued use of Topcon's Harmony platform and DICOM decoder.

2. Topcon and Kurzke's administrative motion regarding additional briefing on the issue of the proper scope of the Preliminary Injunction is denied on the ground that such briefing is unnecessary.

3. To the extent CZMI seeks to present new evidence obtained during discovery, it may file a motion to modify the Preliminary Injunction.

**IT IS SO ORDERED.**

Dated: September 16, 2022

*[signature]* RS

Richard Seeborg for Saundra B. Armstrong
United States District Judge

---

[4] Notably, aside from an order enjoining the release of Glaucoma Module, CZMI initially requested an order enjoining the use of trade secret or confidential information "that is uncovered through an ongoing forensic examination."  Dkt. 270 at 14.  For the reasons discussed above, such relief is improper.