UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| CARL ZEISS MEDITEC, INC., <br><br> Plaintiff, <br><br> v. <br><br> TOPCON MEDICAL SYSTEMS, INC., et al., <br><br> Defendants. | Case No. 19-cv-04162-YGR (LB) <br><br> **DISCOVERY ORDER** <br><br> Re: ECF No. 589 |

The parties dispute whether Topcon has produced all relevant financial and technical information for its "Harmony" software.[1] Although the case is in its late stages and fact discovery closed in October 2020,[2] the parties have raised several discovery disputes on this topic, and the court held previously that the issue was preserved.[3] The issue now is whether Topcon has complied with the earlier orders. The court can decide the dispute without oral argument. N.D. Cal. Civ. L.R. 7-1(b). The court denies the requested supplemental discovery, except to the extent of Topcon's proposed compromise.

---

[1] Joint Disc. Letter Br. – ECF No. 589. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Joint Disc. Letter Br. – ECF No. 419-3 at 3.

[3] Order – ECF No. 422 at 1–2.

ORDER – No. 19-cv-04162-YGR (LB)

The parties are competitors in the area of ophthalmic diagnostic products.[4] Zeiss alleges an "unlawful scheme" by Topcon and some of its employees to steal Zeiss's trade secrets and confidential information.[5] "Specifically, Topcon was able to crack [Zeiss]'s encryption methods and techniques to offer knockoff products that claim to analyze data from [Zeiss] devices in the same manner as [Zeiss]." Put another way, Topcon's Harmony software allegedly is capable of "analyz[ing] and display[ing] data from [Zeiss]'s devices," even though that data was encrypted to prevent competitors from being able to do so.[6] Harmony "contains a feature called 'Cirrus CSI,' which allows Topcon customers to analyze and display encrypted data output by [Zeiss]'s Cirrus product."[7]

In July 2022, the court allowed Zeiss to depose Topcon engineer Artur Kowalski as discovery relevant to Harmony's "DICOM decoder," which reads data from Zeiss's Cirrus device.[8] In November 2022, the court ordered Topcon to produce financial and technical documents for Harmony. The financial documents were relevant to Zeiss's alleged damages, and the technical documents were relevant to Topcon's allegedly reverse engineering the Cirrus CSI product. As for the technical documents, the court "order[ed] production of the files disclosed by Mr. Kowalski at his deposition (as described in the letter brief [ECF No. 419-3] by citation to the deposition testimony)."[9]

The parties dispute whether Topcon has complied with the November 2022 order. Topcon now asserts that it has had two distinct "Harmony" products: "Harmony US," which is what this case is about (because it is capable of decrypting data from Zeiss's Cirrus product), and "Harmony RS," which replaced Harmony US in 2021 and has never had the Cirrus decryption feature. Zeiss

---

[4] Fourth Am. Compl. – ECF No. 484 at 2 (¶ 2).

[5] *Id.* (¶¶ 1, 3).

[6] *Id.* at 2–3 (¶ 4).

[7] *Id.* at 5 (¶ 14).

[8] Order – ECF No. 388 at 4–5; Joint Disc. Letter Br. – ECF No. 381 at 5 (further explaining the decoder); Fourth Am. Compl. – ECF No. 484 at 33–35 (¶¶ 126–31) (citing Mr. Kowalski's deposition transcript and describing how he developed Topcon's Cirrus CSI product).

[9] Order – ECF No. 422 at 1–3.

contends that Topcon's productions of both financial and technical information are incomplete; Topcon counters that it has produced all information for Harmony US, which is the only information relevant to this case. Zeiss disputes Topcon's claim that Harmony RS never had the accused features, in part because Topcon's 30(b)(6) witness Grant Schmid testified that the Cirrus CSI component is "still in the Harmony RS software." Topcon responds that, as reflected in its verified interrogatory response, "while Topcon attempted to develop a decoder for the integration software that works with Harmony RS, Harmony RS was never offered for sale or sold with a decoder compatible with the encrypted output from the Cirrus." And even though Harmony RS can read some Cirrus data, it can't decrypt the encrypted Cirrus data, meaning that it doesn't have any accused features.[10]

The court adopts Topcon's proposed compromise and otherwise denies the requested supplemental discovery. Specifically, "Topcon [will] produce additional details in a supplemental interrogatory response, and documents, related to its attempt to develop a decoder for the integration software for Harmony RS. Topcon [will] also produce documents, if any exist, substantiating that no decoder for Cirrus data was ever sold with Harmony RS."[11] The court has no reason to doubt Topcon's representations that Harmony RS has never been capable of decrypting the Cirrus product's output, even if Harmony RS is capable of reading that portion of the output that is standard and requires no decryption. As relevant here, this case is about Harmony's ability to decrypt Cirrus data (and the resulting revenue from that ability), and Topcon's proposed compromise is to establish that Harmony RS had no such ability. (The court adds that although Topcon did not raise the point, the summary-judgment and in-limine motions are already pending in this case, and there are limits to Zeiss's ability to follow up on previous fact-discovery disputes.)

---

[10] Joint Disc. Letter Br. – ECF No. 589.

[11] *Id.* at 5.

This disposes of ECF No. 589.

**IT IS SO ORDERED.**

Dated: July 20, 2023

_____
LAUREL BEELER
United States Magistrate Judge